1

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

----------------------------------------------------

| | | |
|---|---|---|
| ARCHIE KOWALIK and | § | |
| MARTHA KOWALIK | § | |
|     PLAINTIFFS | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| AC&S, INC.; | § | |
| ALCOA INC.; | § | **B-01-180** |
| A.P. GREEN INDUSTRIES INC; | § | |
| ARMSTRONG WORLD | § | C. A. _____ |
| INDUSTRIES, INC.; | § | |
| ASBESTOS CLAIMS MANAGEMENT | § | |
| CORP. F/K/A NATIONAL GYPSUM; | § | |
| BROWN & ROOT, INC.; | § | |
| COMBUSTION ENGINEERGING, INC.; | § | |
| CROWN CORK & SEAL; | § | |
| FIBREBOARD CORPORATION; | § | |
| FLINTOKE COMPANY; | § | |
| FOSTER WHEELER ENERGY CORP.; | § | |
| GAF CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING INC; | § | |
| GENERAL REFRACTORIES COMPANY; | § | |
| GEORGIA-PACIFIC CORPORATION; | § | |
| GUARDLINE, INC.; | § | |
| HARBISON-WALKER REFRACTORIES; | § | |
| INDRESCO INC; | § | |
| KAISER ALUMINUN & | § | |
| CHEMICAL CORP; | § | |
| KELLY MOORE PAINT COMPANY; | § | |
| METROPOLITAN LIFE INSURANCE CO.; | § | |
| MINNESOTA MINING & | § | |
| MANUFACTURING; | § | |
| NORTH AMERICAN REFRACTORIES | § | |
| COMPANY; | § | |

OWENS-CORNING                          §
FIBERGLAS CORP.;                       §
OWENS-ILLINOIS, INC.;                  §
PPG INDUSTRIES, INC.;                  §
PROKO INDUSTRIES;                      §
QUIGLEY COMPANY;                       §
RAPID-AMERICAN CORPORATION;            §
RILEY STOKER CORP.;                    §
THE SYNKOLOID COMPANY;                 §
J.T. THORPE COMPANY;                   §
UNIROYAL HOLDING, INC. ;               §
U.S. GYPSUM COMPANY;                   §
U.S. MINERAL PRODUCTS                  §
COMPANY;                              §
W.R. GRACE & CO.—CONN.;               §
          DEFENDANTS

CVisPDF - www.texisx.com

## APPLICATION AND NOTICE OF REMOVAL
## FILED BY DEFENDANT GARLOCK INC

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes GARLOCK INC one of the Defendants in the case being removed (herein "GARLOCK"), and files this Application and Notice of Removal of the currently pending case: Cause No. 2000-05-2030-D; Archie Kowalik, et al vs. Able Supply Co., et al; In the 357th Judicial District Court of Cameron County, Texas (herein the "Removed Case").

### I.
### PRELIMINARY STATEMENT

1.      Defendant GARLOCK INC is an Ohio Corporation with its principal place of business in Charlotte, North Carolina, and is a named Defendant in the above styled Removed Case.   GARLOCK asserts a Cross-Claim or Third Party Action against the Debtor and others in the Removed Case for contribution or indemnification arising out of Plaintiff(s)' personal injury claims.

2.      As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362.  *See Pope vs. Manville Forest Product Corporation*, 778 F.2d 239 (5th Cir. 1985).

3.      Additionally, this removal is subject to the mandatory transfer provisions of 28 U.S.C. § 157(b)(5) providing for the transfer to the United States District Court for the "district in which the case is pending"[1] as a result of the prior filing by Plaintiffs of this Removed Case in State Court against the Debtor, alleging personal injury claims and causes of action.

### II.
### JURISDICTION

4.      This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(a) and (b).

---

[1]      *See*, Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) filed  by the Defendant Garlock along with this Removal action.

Application and Notice of Removal

5.     The Removed Case is removable to this court pursuant to 28 U.S.C. § 1452(a) and such other applicable provisions of 28 U.S.C. as the facts and claims warrant.

6.     This removal is timely filed pursuant to Rule 9027(a)(2) Bankruptcy Rules of Procedure.

### III.
### REMOVAL JURISDICTION

7.     In the Removed Case, Plaintiffs seeks to recover damages for claims against Debtor in the nature of personal injuries alleged to have occurred in part in Cameron, County, Texas.  As a result of the personal injury allegations the Southern District of Texas' standing order of automatic reference of removed cases to the Bankruptcy Court does not apply to a Removed Case dealing with personal injury or wrongful death.   Removal is thus proper to this Honorable Federal District Court instead of the Bankruptcy Court as otherwise is provided by the Standing Order of Reference.

8.     This entire case would be a "core" proceeding in the Debtor's Delaware bankruptcy case pursuant to 28  U.S.C. § 157(b)(2)(B) for all purposes except for the specific exclusion in that section of "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of *distribution* in a case under title 11."  [Emphasis added.]

9.     Consent of the other named Defendants is not necessary for a removal pursuant to 28 U.S.C. § 1452 inasmuch as this Court has jurisdiction under 28 U.S.C. § 1334. *See, e.g.* *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).

10.     Pursuant to Rule 9027, Rules of Bankruptcy Procedure, this Application and Notice of Removal is filed within ninety (90) days after the order for relief in the Debtor's bankruptcy case.

11.     A cost bond is not required to accomplish this removal.

Application and Notice of Removal

Page 2

12.     Pursuant to Bankruptcy Rule 9027(a), Defendant would show the Court the following information which is detailed on Exhibit "1":

      A.    <u>The Parties</u>:
          (i)    The original Plaintiffs in the Removed Case
          (ii)   The original Defendants in the Removed Case

      B.    <u>Status of Service of Process</u>

      C.    <u>Counsel names, addresses and phone and fax numbers</u>:
          (i)    The counsel for all Plaintiffs is:
               Peter A. Kraus
               Waters & Kraus, LLP
               3219 McKinney Ave.
               Dallas, TX 75204
               Phone & Fax: (214) 357-6244; (214) 357-7252

          (ii)   Counsel information for all Defendants is detailed on Exhibit "1"

13.     Under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027(a)(1), removal of this action is proper to this Court as the Federal District Court for the district and division where the Removed Case was pending, subject to the mandatory provisions of 28 U.S.C. § 157(b)(5).

14.     Under 28 U.S.C. § 157(b)(5), jurisdiction to determine venue for the pre-trial and trial of this civil action lies exclusively in the United States District Court for the District of Delaware, where the bankruptcy case is pending.  A Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) ("Transfer Motion) is filed simultaneously with this Court by Defendant GARLOCK along with this Removed Case, and an expedited hearing will be requested on the Transfer Motion. The mandatory venue determinations of a removed personal injury case in the District Court in Delaware provided in of title 28 U.S.C. § 157(b)(5):

"The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose, *as determined by the district*

*court in which the bankruptcy case is pending*. (Emphasis added)." 28 U.S.C. §

157(b)(5).

Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the

debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court

action against the debtor irrespective of the district in which the controversy is pending or was

removed (the "Home" court being the United States District Court for the "district in which the

case is pending" - in this case Delaware). Filed with this Removed Case is Defendant

GARLOCK's Motion to Transfer Case Pursuant to the Mandatory Provisions of 28 U.S.C. §

157(b)(5). It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy

case be conducted in the district in which the bankruptcy petition was filed (the "home court").[2]

This policy, along with the policy considerations of 28 U.S.C. § 157(B)(5) dictates in these

special circumstances, transfer to the "Home" District Court for the legal and practical reasons

set out in the Transfer Motion.

15.     The Federal District Courts of Texas have in the past followed this procedure of

transfer to the Home Federal District Court.  *See*, Orders attached hereto as Exhibit "2" and "3."

16.     GARLOCK INC, as removing Defendant, will give notice of the filing of this

Application And Notice of Removal to all parties by and through their attorneys of record, and

will file a copy of this Application And Notice of Removal with the clerk of the court of

Cameron, County, Texas.

17.     Pursuant to Bankruptcy Rule 9027(a)(1), a copy of Plaintiff(s) current complaint,

process and the current answer pleadings in the Removed Case, and relevant Court orders are

---

[2]     *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill. 1986) (a strong presumption exists favoring transfer to the home court); *see also* 1 *Collier on Bankruptcy* ¶ 3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the proper venue for civil proceedings.").

submitted herewith as Exhibit "4[3]" along with a current docket sheet of all matters in the case, as may be available

18.    Removing Defendant shall promptly, and from time to time, supplement this removal with all such pleadings or other matters which may not have been reasonably available at the time of removal.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays that the Removed Case be docketed and assigned a civil action number in this Court pursuant to 28 U.S.C. §§ 157(b)(5), 1441, 1452(a), and Rule 9027, Rules of Bankruptcy Procedure and the Local Rules and that this Court assume jurisdiction of this case for the purposes of 28 U.S.C. § 157(B)(5), and that Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

_____
Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

---

[3]    Because the papers in the case are voluminous, the papers attached for filing with the Court are omitted from the copies of this Application and Notice of Removal that are being served on the other parties' counsel.

Application and Notice of Removal

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

## CERTIFICATE OF SERVICE

I, Mitchell C. Chaney, hereby certify that a true and correct copy of the Application and Notice of Removal, without exhibits, was served by First Class Mail, on all counsel of record as listed on the attached Exhibit "1,", this 22nd day of October, 2001:

CutePDF - www.fastio.com

Cause No. 2000-05-2030-D; *Archie Kowalik, and Martha Kowalik  Vs. Able Supply Co., Et Al.*  In the 357th District Court of Cameron County, Texas.

| | |
|---|---|
| Status of Service of Process: | Accomplished Upon All Served |
| Original Plaintiff's in Removed Case: | Archie Kowalik, and Martha Kowalik |
| Counsel for Plaintiff: | Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue, Suite 3000Dallas, Texas 75204<br>Phone:    (214) 357-6244<br>Fax:       (214-357-7252 |
| Counsel for Defendant, Garlock Inc: | Mitchell C. Chaney<br>Rodriguez, Colvin & Chaney, L. L. P.<br>1201 East Van Buren Street<br>Brownsville, Texas  78522<br>Phone:   (956) 542-7441<br>Fax:       (956) 541-2170 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P.<br>1100 Louisiana, Suite 4200<br>Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Kenneth Morris | ALCOA INC. | Forman Perry Watkins Krutz & Tardy, PLLC<br>400 Woodview Tower<br>1349 Empire Central<br>Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES INC | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | ASBESTOS CLAIMS MANAGEMENT CORP. F/K/A NATIONAL GYPSUM | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| Phillip S. Brown | BROWN & ROOT, INC. | Wilson, Elser, Moskowitz, Edelman & Dicker 5000 Renaissance Tower 1201 Elm Street Dallas, Texas 75270 | 214-698-8000 | 214-698-1101 |
|---|---|---|---|---|
| Mary Lou Mauro | COMBUSTION ENGINEERGING, INC. | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| James H Powers | FIBREBOARD CORPORATION | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler 550 Fannin Street, Suite 650 P.O. Box 830 Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORP. | Coats, Rose, Yale, Ryman & Lee, PC 800 First City Tower 1001 Fannin Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez Mitchell C. Chaney Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P 1201 E. Van Buren P.O. Box 2155 Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold 1717 Main Street, Suite 5400 Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston NationsBank Plaza 901 Mann Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC | Dogan & Wilkinson 726 Delmas Avenue P.O. Box 1618 Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 | 817-820-0343 | 817-820-0373 |

| | | Fort Worth, TX 76102 | | |
|---|---|---|---|---|
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORP | Hicks, Thomas & Lilienstern 700 Louisiana, Suite 1700 Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY | Brown McCarroll & Oaks Hartline 2727 Allen Parkway, Ste. 1300 Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE CO. | Locke, Liddell 600 Travis St., Suite 3400 Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| Anthony Pletcher | MINNESOTA MINING & MANUFACTURING | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 361-883-0210 |
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS-ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Robert Adams | PPG INDUSTRIES, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Thomas Dougall | PROKO INDUSTRIES | Bowers, Orr & Dougall, L.L.P. 8910 Two Notch Rd., Suite 400 Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Gary Elliston | QUIGLEY COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER CORP. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| David Walsh | THE SYNKOLOID COMPANY | Brin & Brin, P.C. 1202 Third Street Corpus Christi, TX 78404 | 361-881-9643 | 361-883-9970 |

| W. Miller Thomas | J.T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham 413 Shelbyville Street Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
|---|---|---|---|---|
| Hubert A. Crouch | UNIROYAL HOLDING, INC. | Crouch & Inabnett 2300 Fountain Place 1445 Ross Avenue Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. | Adams & Graham, L.L.P. 222 East Van Buren, West Tower P. O Drawer 1429 Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |

CVISPDF – www.fastio.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**JUL 3 1 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| THE PARENTS INDIVIDUALLY AND AS, | § | |
| PARENTS OF JOHN DOES, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-77 |
| | § | |
| MARINE MILITARY ACADEMY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF TRANSFER

BE IT REMEMBERED that on July 31, 2000, the Court GRANTED Defendant - Debtor Marine Military Academy's motion to transfer pursuant to the mandatory provisions of 28 U.S.C. §157(b)(5) (Dkt. No. 3). This case is ORDERED transferred to the United States District Court for the District of Arizona.

DONE at Brownsville, Texas, this ____31____ day of July 2000.

_____

Hilda G. Tagle

United States District Judge

EXHIBIT 2

CVISPDF – www.fastio.com

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**ENTERED**

**JUN. 0 5 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Debbie Wayne, et al, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § CIVIL ACTION NO. B-00-075 |
| | § |
| Marine Military Academy, Inc., | § |
| | § |
| Defendant. | § |

## ORDER

BE IT REMEMBERED, that on June 2, 2000, the Court considered the Defendants'

Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5)

[Docket No. 2].  It is ordered that pursuant to 28 U.S.C. § 157(b)(5) this case is transferred

to the United States District Court for the District of Arizona for such action as that Court

may deem appropriate pursuant to 28 U.S.C. § 157(b)(5).

DONE at Brownsville, Texas, this 2nd day of June 2000.

John Wm. Black
United States Magistrate Judge

EXHIBIT 3

CVisPDF – www.fastio.com

RUN DATE 10/02/01
RUN TIME 3:55 PM

\* \* \* C L E R K ' S   E N T R I E S \* \* \*

PAGE: 01

2000-05-002030-E

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE. 3000
DALLAS, TEXAS    75204    0000

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS    39568   1518

(10)    DAMAGES    WATERS & KRAUS

05   11   00     30.00

| Date | Entry |
|------|-------|
| 01/04/00 | (VARIOUS DEFT'S) |
| 07/10/00 | PENDING MOTIONS SET ON 8/31/00 AT 9:00 A.M. MMURRAYJR/R.SOTELO |
| 08/02/00 | ORDER FOR NON-SUIT        MMURRAYJR/CW |
| 08/02/00 | (AS TO MINNESOTA MINING & MANUFACTURING) |
| 08/14/00 | ORDER ON PLTF'S NOTICE OF NON-SUIT |
| 08/14/00 | (AS TO PPG INDUSTRIES, INC.)          MMURRAYJR/CW |
| 09/08/00 | MTN TO TRANSFER VENUE SET FOR 10/26/00 AT 9 A.M. MMURRAYJR/CW |
| 09/25/00 | HON. DONALD E. GODWIN TO SUBSTITUTE IN PLACE OF HON. WILSON |
| 09/25/00 | FOR BROWN & ROOT, INC. AS PER ORDER SIGNED FOR ENTRY.MMJR/CW |
| 10/03/00 | DEFT'S MTN TO TRANSFER VENUE SET FOR 10/26/00 AT 9 AM. MMJR/CW |
| 10/26/00 | DEFT'S MTN TO TRANSFER VENUE PASS FOR LATER DATE AS PER |
| 10/26/00 | MR. MARK LEWIS...LS |
| 12/20/00 | HEARING ON MOTION FOR TRIAL SETTING SET FOR 01/24/01 @ 9:00 AM |
| 12/20/00 | AS PER ORDER SIGNED...MMURRAYJR/LROD |
| 01/04/01 | ORDER ON PLTF'S NOTICE OF NON-SUIT      MMURRAYJR/CW |
| 01/04/01 | ORDER FOR NON-SUIT        MMURRAYJR/CW |
| 01/08/01 | (AGAINST DEFT MINNESOTA MINING & MANUFACTURING) |
| 01/08/01 | DEFT BROWN & ROOT'S MTN FOR LEAVE TO FILE ITS MTN SET FOR |
| 01/25/01 | AT 9 AM...MMURRAYJR/CWARFORD |
| 01/09/01 | HON. LEWIS C. MILTENBERGER TO WITHDRAW AND HON. H.DANIEL SPAIN |
| 01/09/01 | TO SUBSTITUTE FOR A.P.GREEN INDUSTRIES,INC.'S AS PER ORDER |
| 01/09/01 | SIGNED FOR ENTRY...MMURRAYJR/CWARFORD |
| 01/09/01 | HON. LEWIS C. MILTENBERGER TO WITHDRAW AND HON. H.DANIEL SPAIN |
| 01/09/01 | TO SUBSTITUTE FOR HARBISON-WALKER REFRACTORIES CO. AS PER |
| 01/17/01 | ORDER SIGNED FOR ENTRY...MMURRAYJR/CWARFORD |
| 01/17/01 | ORDER ON PLTF'S NOTICE OF NON-SUIT      MMURRAYJR/CW |
| 04/24/01 | (AS TO DEFT GAF CORPORATION,ONLY)    WITHOUT PREJUDICE |
| 04/24/01 | ORDER ON NOTICE OF NON-SUIT        MMURRAYJR/CW |
| 04/24/01 | (AS TO DEFT W.R.GRACE & CO.-CONN) |

| Date | Entry |
|------|-------|
| 05/11/00 | ORIGINAL PETITION FILED |
| 05/11/00 | JURY FEE:  Pd. by DARRELL DEXTER DAVILA |
| 05/11/00 | CITATION: FIBREBOARD CORPORATION FILED |
| 05/11/00 | SERVED:  06/14/00 |
| 05/11/00 | CITATION: FOSTER WHEELER ENERGY CORP. |
| 05/11/00 | SERVED:  06/14/00      FILED: 07/18/00 |
| 05/11/00 | CITATION: GARLOCK INC. |
| 05/11/00 | SERVED:             FILED: 07/18/00 |
| 05/11/00 | CITATION: GASKET HOLDING, INC. |
| 05/11/00 | SERVED:  06/07/00     FILED: 07/18/00 |
| 05/11/00 | CITATION: GEORGIA-PACIFIC CORPORATION |
| 05/11/00 | SERVED:  06/06/00     FILED: 07/18/00 |
| 05/11/00 | CITATION: GUARDLINE, INC. |
| 05/11/00 | SERVED:             FILED: 07/18/00 |
| 05/11/00 | CITATION: INDRESCO,INC. |
| 05/11/00 | SERVED:  06/09/00     FILED: 07/18/00 |
| 05/11/00 | CITATION: HARBISON-WALKER REFRACTORIES |
| 05/11/00 | SERVED:  06/08/00     FILED: 07/18/00 |
| 05/11/00 | CITATION: KAISER ALUMINUM & CHEMICAL |
| 05/11/00 | CORP |
| 05/11/00 | SERVED: |
| 05/11/00 | CITATION: KELLY MOORE PAINT COMPANY |
| 05/11/00 | SERVED:  06/08/00     FILED: 07/18/00 |
| 05/11/00 | CITATION: METROPOLITAN LIFE INSURANCE |
| 05/11/00 | CO. |
| 05/11/00 | SERVED:  06/06/00     FILED: 07/18/00 |
| 05/11/00 | CITATION: MINNESOTA MINING & |
| 05/11/00 | MANUFACTURING |
| 05/11/00 | SERVED:  06/06/00     FILED: 07/18/00 |

```
RUN DATE  10/02/01                                                                          PAGE: 02
RUN TIME  3:55 PM                                                                           2000-05-002030-E


ARCHIE KOWALIK AND MARTHA KOWALIK          *   *   *   C L E R K ' S   E N T R I E S   *   *   *

                               VS

ABEL SUPPLY COMPANY, ET AL                 00529302                                         05      11      00
                                           DARRELL DEXTER DAVILA
                                           3219 MCKINLEY AVENUE, STE. 3000
                                           DALLAS TEXAS          75204 0000

                                           (10)      DAMAGES                                              30.00

                                           00364101
                                           HON. ROBERT W. WILKINSON
                                           P.O. BOX 1618
                                           PASCAGOULA, MS          39568 1518                WATERS & KRAUS
```

```
05/10/01  HON. LEWIS C. MITLENBERGER TO SUBSTITUTE AND HON. H.DANIEL     05/11/00  CITATION: NORTH AMERICAN REFRACTORIES
05/10/01  SPAIN TO WITHDRAW FOR DEFT A.P. GREEN INDUSTRIES, INC. AS PER            CO.   SERVED:          FILED: 07/18/00
05/10/01  ORDER SIGNED FOR ENTRY...MMURRAYJR/CWARFORD                    05/11/00  CITATION: OWENS-CORNING FIBERGLAS CORP.
05/10/01  HON. LEWIS C. MILTENBERGER TO SUBSTITUTE AND HON. H.DANIEL               SERVED: 06/06/00          FILED: 07/18/00
05/10/01  SPAIN TO WITHDRAW FOR DEFT HARBISON-WALKER REFRACTORIES CO.    05/11/00  CITATION: PPG INDUSTRIES, INC.
05/10/01  AS PER ORDER SIGNED FOR ENTRY...MMURRAYJR/CWARFORD                       SERVED: 06/06/00          FILED: 07/18/00
08/20/01  DCC set for 08/29/01 at 10:00 a.m.  Rolvera/jr                 05/11/00  CITATION: PROKO INDUSTRIES
08/23/01  NOTICE OF DOCKET CONTROL CONFERENCE SIGNED; HEARING SET FOR              SERVED: 06/14/00          FILED: 07/18/00
08/23/01  AUGUST 29, 2001 AT 10:00 A.M. ROLVERA/ECORTEZ                  05/11/00  CITATION: QUIGLEY COMPANY
9/11/01   Trial set 8/5/02 @ 9:00 a.m. w/Ann 8/2/02 @ 10:00 a.m. Rolvera           SERVED: 06/12/00          FILED: 07/18/00
09/27/01  Motion for Summary Judgment set 11/1/01 at 10:00 a.m. Rolvera   05/11/00  CITATION: RAPID-AMERICAN CORPORATION
                                                                                   SERVED: 06/05/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: RILEY STOKER CORP.
                                                                                   SERVED: 06/15/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: J.T. THORPE COMPANY
                                                                                   SERVED: 06/08/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: U.S. GYPSUM COMPANY
                                                                                   SERVED: 06/09/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: W.R. GRACE & CO.--CONN.
                                                                                   SERVED: 06/06/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: ABEL SUPPLY COMPANY
                                                                                   SERVED: 06/08/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: ACANDS INC.
                                                                                   SERVED: 06/06/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: ALCOA, INC.
                                                                                   SERVED: 06/06/00          FILED: 07/18/00
                                                                        05/11/00  CITATION: ARMSTRONG WORLD
                                                                                   INDUSTRIES, INC.
```

```
RUN DATE 10/02/01                                                                                    PAGE: 03
RUN TIME  3:55 PM          *   *   *   *   C L E R K ' S   E N T R I E S   *   *   *        2000-05-002030-E


ARCHIE KOWALIK AND MARTHA KOWALIK              00529302                                      05      11      00
                                               DARRELL DEXTER DAVILA
                          .                    3219 MCKINLEY AVENUE, STE. 3000
                                               DALLAS TEXAS         75204 0000
                                                                        DAMAGES                   30.00
                         VS

                                               00364101                                     WATERS & KRAUS
                                               HON. ROBERT W. WILKINSON
ABEL SUPPLY COMPANY, ET AL                     P.O. BOX 1618
                                               PASCAGOULA, MS        39568 1518


                                            05/17/00    (10)
                                            05/17/00    CITATION: ASBESTOS CLAIMS MANAGEMENT
                                                        CORP.
                                            05/17/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/17/00    CITATION: COMBUSTION ENGINEERING,INC.
                                            05/18/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/18/00    CITATION: CROWN CROK & SEAL
                                            05/18/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/19/00    PLTFS' MTN FOR PROTECTION TO LIMIT THE
                                                        DEPO OF ARCHIE KOWALIK
                                            05/22/00    CITATION SEC. OF STATE: FLINTKOTE
                                                        COMPANY
                                            05/22/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/22/00    CITATION SEC. OF STATE: GAF CORPORATION
                                            05/22/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/22/00    CITATION SEC. OF STATE: GENERAL
                                                        REFRACTORIES COMPANY
                                            05/22/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/22/00    CITATION SEC. OF STATE: UNIROYAL
                                                        HOLDING, INC.
                                            05/22/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/22/00    CITATION SEC. OF STATE: U.S. MINERAL
                                                        PRODUCTS COMPANY
                                            05/23/00         SERVED: 06/06/00      FILED: 07/18/00
                                            05/23/00    CITATION: A.P. GREEN INDUSTRIES,INC.
                                            05/23/00         SERVED: 06/09/00      FILED: 07/18/00
                                            05/23/00    CITATION: BROWN & ROOT,INC.
                                            05/23/00         SERVED: 06/08/00      FILED: 07/18/00
                                            05/23/00    CITATION: INDRESCO,INC.
```

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

* * * * C L E R K ' S   E N T R I E S * * * *

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE.3000
DALLAS TEXAS            75204 0000

(10)                                    05      11      00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS         39568 1518

DAMAGES                                 WATERS & KRAUS

                                        30.00

05/23/00    SERVED: 06/09/00   FILED: 07/18/00
05/23/00    CITATION: KAISER ALUMINUM & CHEMICAL
            CORP.
05/23/00    SERVED: 06/06/00   FILED: 07/18/00
05/23/00    CITATION SEC. OF STATE:
            OWENS-ILLINOS, INC.
05/23/00    SERVED: 06/06/00   FILED: 07/18/00
06/20/00    ORIGINAL ANSWER: GUARDLINE, INC.
06/23/00    ORIGINAL ANSWER: KAISER ALUMINUM &
            CHEMICAL CORP
06/23/00    ORIGINAL ANSWER OF DEFT KAISER
            ALUMINUM & CHEMICAL CORP.
06/23/00    SUBJECT TO ITS MTN TO TRANSFER
            VENUE /CWARFORD
06/23/00    KAISER ALUMINUM & CHEMICAL CORP.'S MTN
            TO TRANSFER VENUE/CW
06/26/00    ORIGINAL ANSWER: GEORGIA-PACIFIC
            CORPORATION
06/26/00    ORIGINAL ANSWER: NORTH AMERICAN
            REFRACTORIES CO.
06/26/00    NORTH AMERICAN REFRACTORIES COMPANY'S
            MOTION TO TRANSFER VENUE
06/26/00    AND ORIGINAL ANSWER SUBJECT THERETO
            (LROD)
06/27/00    DEFT KELLY-MOORE PAINT CO, INC.'S MTN
            TO TRANSFER VENUE AND
06/27/00    SUBJECT THERETO ORIGINAL ANSWER AND
            SPECIAL EXCEPTIONS/CW
06/27/00    DEFT KELLY-MOORE PAINT CO'S REQUEST

Case 1:01-cv-00180   Document 1   Filed in TXSD on 10/19/2001   Page 22 of 115

RUN DATE 10/02/01
RUN TIME 3:55 PM

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

PAGE: 05

2000-05-002030-E

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE. 3000
DALLAS TEXAS  75204 0000

(10)    DAMAGES              05      11      00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS      39568 1518

WATERS & KRAUS              30.00

06/27/00  FOR DISCLOSURE/CW
06/27/00  ORIGINAL ANSWER: ABEL SUPPLY COMPANY
06/27/00  ORIGINAL ANSWER: ALCOA, INC.
06/27/00  ORIGINAL ANSWER: W.R. GRACE & CO. --CONN
06/27/00  ORIGINAL ANSWER: OWENS-CORNING FIBERGLAS CORP.
06/27/00  CROSS ACTION: OWENS-CORNING FIBERGLAS CORP.
06/27/00  ORIGINAL ANSWER: ACANDS INC.
06/27/00  ANSWER OF DEFTS TO PLTFS' ORIGINAL PETITION /CWARFORD
06/27/00  CERTIFICATE OF WRITTEN DISCOVERY /CWARFORD
06/27/00  ALCOA INC.'S MTN TO TRANSFER VENUE /CWARFORD
06/27/00  DEFT ACANDS, INC.'S MTN TO TRANSFER VENUE /CWARFORD
06/27/00  DEFT ACANDS, INC.'S ORIGINAL ANSWER
          SUBJECT TO ITS MTN TO
          TRANSFER VENUE AND DEFT'S ANSWER TO
          ANY AND ALL CROSS-
          ACTIONS /CWARFORD
06/27/00  DEMAND FOR JURY TRIAL /CWARFORD
06/27/00  OWENS CORNING'S MTN TO TRANSFER VENUE
          AND ORIGINAL ANSWER,
          CROSS-ACTION AND JURY DEMAND MADE
          SUBJECT TO ITS MTN TO
          OWENS CORNING'S MTN TO TRANSFER VENUE

RUN DATE 10/02/01
RUN TIME 3:55 PM

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

PAGE: 06

2000-05-002030-E

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE.3000
DALLAS TEXAS   75204 0000

(10)           DAMAGES                    05    11    00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS          39568 1518

WATERS & KRAUS                 30.00

| Date | Entry |
|---|---|
| 06/27/00 | AND ORIGINAL ANSWER, CROSS-ACTION AND JURY DEMAND MADE SUBJECT TO ITS MTN TO TRANSFER VENUE /CWARFORD |
| 06/27/00 | OWENS CORNING'S MTN FOR ASSIGNMENT TO RULE 190 LEVEL 3 |
| 06/27/00 | DISCOVERY CONTROL PLAN /CWARFORD |
| 06/27/00 | ORIGINAL ANSWER OF ABLE SUPPLY COMPANY TO PLTFS' ORIGINAL PETITION AND ALL CROSS-ACTIONS AND THIRD-PARTY ACTIONS/CW |
| 06/27/00 | DEFT ABLE SUPPLY COMPANY'S MTN TO TRANSFER VENUE /CWARFORD |
| 06/27/00 | DEFT W.R.GRACE & CO.-CONN.'S MTN TO TRANSFER VENUE AND SUBJECT |
| 06/27/00 | VENUE AND SUBJECT THERETO ITS SPECIAL EXCEPTION, ANSWER AND ANSWER TO ALL CROSS ACTIONS /CWARFORD |
| 06/27/00 | DEFT W.R.GRACE & CO.-CONN'S JURY DEMAND SUBJECT TO MTN TO TRANSFER VENUE /CWARFORD |
| 06/28/00 | ORIGINAL ANSWER- OWENS-ILLINOS,INC. |
| 06/29/00 | CITATION: GARLOCK INC. |
| 06/29/00 | SERVED: 07/24/00      FILED: 09/22/00 |
| 06/29/00 | ORIGINAL ANSWER: CROWN CORK & SEAL |
| 06/29/00 | CROSS ACTION: CROWN CORK & SEAL |
| 06/29/00 | DEFT, CROWN CORK & SEAL CO., INC.'S MTN TO TRANSFER VENUE |

CutePDF - www.texto.com

```
RUN DATE 10/02/01                                                                              PAGE: 07
RUN TIME 3:55 PM                                                                               2000-05-002030-E

                              *  *  *   C L E R K ' S   E N T R I E S   *  *  *

ARCHIE KOWALIK AND MARTHA KOWALIK              00529302                             (10)              05    11    00
                                               DARRELL DEXTER DAVILA
                                               3219 MCKINLEY AVENUE, STE.3000
                 VS                            DALLAS TEXAS        75204 0000      DAMAGES

ABEL SUPPLY COMPANY, ET AL                     00364101                                        WATERS & KRAUS
                                               HON. ROBERT W. WILKINSON
                                               P.O. BOX 1618
                                               PASCAGOULA, MS          39568 1518                            30.00
```

06/29/00   MTN TO DISMISS, ORIGINAL ANSWER TO
           PLTFS' ORIGINAL PETITION
06/29/00   CROSS-ACTION AND ANSWER TO ALL
           CROSS ACTIONS /CWARFORD
06/30/00   ORIGINAL ANSWER: METROPOLITAN LIFE
           INSURANCE CO.
06/30/00   CROSS ACTION: METROPOLITAN LIFE
           INSURANCE CO.
06/30/00   ALCOA INC'S ANSWER AND AFFIRMATIVE
           DEFENSES TO PLTFS' ORIGINAL
           PETITION, MTN TO DISMISS AND
           SPECIAL EXCEPTIONS SUBJECT TO
           ALCOA'S MTN TO TRANSFER VENUE
           /CWARFORD
06/30/00   METROPOLITAN LIFE'S ORIGINAL ANSWER,
           CROSS ACTION, AND ANSWER
           TO CROSS ACTIONS TO PLTFS' ORIGINAL
           PETITION AND JURY DEMAND
07/03/00   CROSS ACTION: FIBREBOARD CORPORATION
07/03/00   ORIGINAL ANSWER: FIBREBOARD CORPORATION
07/03/00   FIBREBOARD CORP.'S MTN TO TRANSFER
           VENUE AND ORIGINAL ANSWER,
           CROSS-ACTION AND JURY DEMAND MADE
           SUBJECT TO ITS MTN TO
           TRANSFER VENUE /CWARFORD
07/03/00   FIBREBOARD CORP'S MTN FOR ASSIGNMENT
           TO RULE 190 LEVEL 3
07/05/00   DISCOVERY CONTROL PLAN /CWARFORD
07/05/00   MINNESOTA MINING AND MANUFACTURING

RUN DATE 10/02/01
RUN TIME 3:55 PM

PAGE: 08

2000-05-002030-E

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

* * *   C L E R K ' S   E N T R I E S   * * *

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE 3000
DALLAS TEXAS     75204 0000

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS        39568 1518

(10)                                    05      11      00
DAMAGES                                        30.00

WATERS & KRAUS

| Date | Entry |
|---|---|
| 07/05/00 | CO.'S MTN TO TRANSFER VENUE |
| | AND ORIGINAL ANSWER TO PLTFS' |
| 07/05/00 | ORIGINAL PETITION AND ANSWER |
| 07/05/00 | TO ALL CROSS ACTIONS /CWARFORD |
| 07/06/00 | ORIGINAL ANSWER: PROKO INDUSTRIES |
| 07/06/00 | ORIGINAL ANSWER: BROWN & ROOT, INC. |
| 07/06/00 | CROSS-CLAIM: BROWN & ROOT, INC. |
| 07/06/00 | DEFT BROWN & ROOT, INC. N/K/A |
| 07/06/00 | KELLOGG-BROWN & ROOT, INC. MTN |
| 07/06/00 | TO TRANSFER VENUE AND ORIGINAL |
| | ANSWER TO PLTFS' ORIGINAL |
| 07/06/00 | PETITION AND CROSS-CLAIM /CWARFORD |
| 07/07/00 | DEFT, COMBUSTION ENGINEERING, INC.'S |
| 07/07/00 | MTN TO TRANSFER VENUE, |
| 07/07/00 | MTN TO DISMISS FOR FORUM NON |
| | CONVENIENS AND SUBJECT THERETO, |
| 07/07/00 | ORIGINAL ANSWER /CWARFORD |
| 07/10/00 | SPECIAL APPEARANCE AND ANSWER OF DEFT, |
| | UNIROLAY HOLDING,INC/CW |
| 07/11/00 | ORIGINAL ANSWER: U.S. GYPSUM COMPANY |
| 07/11/00 | ORIGINAL ANSWER: GENERAL REFRACTORIES |
| | COMPANY |
| 07/11/00 | CROSS ACTION: GENERAL REFRACTORIES |
| | COMPANY |
| 07/11/00 | DEFT GENERAL REF. CO'S SPECIAL |
| 07/11/00 | APPEARANCE TO PRESENT MTN TO THE |
| 07/11/00 | JURISDICTION, AND SUBJECT THERETO, |
| 07/11/00 | ITS MTN TO TRANSFER VENUE |
| | AND SUBJECT THERETO, ITS ORIGINAL |

RUN DATE 10/02/01
RUN TIME 3:55 PM

PAGE: 09

2000-05-002030-E

* * * C L E R K ' S   E N T R I E S * * *

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

WATERS & KRAUS

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE.3000
DALLAS TEXAS   75204 0000

(10)                               05        11        00

DAMAGES                                      30.00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS          39568 1518

| Date | Entry |
|---|---|
| 07/11/00 | ANSWER TO PLTFS' ORIGINAL |
| | PETITION, CROSS-ACTION AND ANSWER |
| | TO ALL CROSS ACTIONS(IRENE |
| 07/12/00 | ORIGINAL ANSWER: GAF CORPORATION |
| 07/12/00 | GAF CORPORATION'S MOTION TO TRANSFER |
| | VENUE, AND SUBJECT THERETO |
| 07/12/00 | ORIGINAL ANSWER (RSOTELO) |
| 07/18/00 | ORIGINAL ANSWER: FLINTKOTE COMPANY |
| 07/18/00 | CERTIFICATE OF WRITTEN DISCOVERY (LROD) |
| 07/18/00 | SPECIAL APPEARANCE OF THE FLINTKOTE |
| | COMPANY AND MOTION TO |
| | TRANSFER AND ORIGINAL ANSWER SUBJECT |
| | THERETO  (LROD) |
| 07/18/00 | CERTIFICATE OF WRITTEN DISCOVERY |
| | /CWARFORD |
| 07/20/00 | ORIGINAL ANSWER:  RAPID-AMERICA |
| | CORPORATION |
| 07/25/00 | CITATION SEC. OF STATE:  THE SYNKOLOID |
| | COMPANY      SERVED: 08/03/00    FILED: 10/24/00 |
| 07/28/00 | CERTIFICATE OF WRITTEN DISCOVERY |
| | /CWARFORD |
| 07/31/00 | CERTIFICATE OF WRITTEN DISCOVERY |
| | /CWARFORD |
| 08/03/00 | ORIGINAL ANSWER: GARLOCK INC. |
| 08/03/00 | DEFT GARLOCK INC'S MTN TO TRANSFER |
| | VENUE, AND SUBJECT THERETO, |
| | ORIGINAL ANSWER AND JURY DEMAND |
| | /CWARFORD |

```
RUN DATE 10/02/01                                                                    PAGE: 10
RUN TIME 3:55 PM

                                                                              2000-05-0020030-E

ARCHIE KOWALIK AND MARTHA KOWALIK

            VS                    * * * C L E R K ' S   E N T R I E S * * * *

ABEL SUPPLY COMPANY, ET AL

                          00529302           (10)                 WATERS & KRAUS      05  11  00
                          DARRELL DEXTER DAVILA
                          3219 MCKINLEY AVENUE, STE. 3000
                          DALLAS TEXAS            75204 0000
                                                     DAMAGES                            30.00

                          00364101
                          HON. ROBERT W. WILKINSON
                          P.O. BOX 1618              39568 1518
                          PASCAGOULA, MS
```

08/04/00  ORIGINAL ANSWER: FOSTER WHEELER ENERGY CORP. FOSTER WHEELER ENERGY CORP'S MTN

08/04/00  DEFT FOSTER VENUE/CW TO TRANSFER VENUE/CW

08/10/00  CERTIFICATE OF WRITTEN DISCOVERY /CWARFORD

08/15/00  GAF CORP'S MTN FOR APPOINTMENT OF PRETRIAL JUDGE (FIFTH ADMINISTRATIVE JUDICIAL REGION)

08/15/00  SUBJECT TO SPECIAL APPEARANCES /CWARFORD

08/18/00  CROSS ACTION: J.T. THORPE COMPANY J.T. THORPE COMPANY'S MTN TO TRANSFER VENUE /CWARFORD

08/18/00  J T THORPE COMPANY'S SPECIAL EXCEPTIONS, ANSWER, CROSS-ACTION AND ANSWER TO OTHER ACTIONS

08/18/00  /CWARFORD

08/21/00  ORIGINAL ANSWER: HARBISON-WALKER REFRACTORIES

08/21/00  HARBISON-WALKER REFRACTORIES COMPANY'S, SUED IMPROPERLY HEREIN AS HARBISON-WALKER REFRACTORIES, FORMERLY A DIVISION OF INDRESCO INC., AND INDRESCO INC.,

08/21/00  MTN TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

08/21/00  AND ANSWER TO CROSS-ACTIONS /CWARFORD

Case 1:01-cv-00180   Document 1   Filed in TXSD on 10/19/2001   Page 29 of 115

```
RUN DATE  10/02/01
RUN TIME   3:55 PM
```

```
                                                          *  *  *  C L E R K ' S   E N T R I E S  *  *  *

ARCHIE KOWALIK AND MARTHA KOWALIK                 00529302                                          2000-05-002030-E
                                                  DARRELL DEXTER DAVILA
                                                  3219 MCKINLEY AVENUE, STE.3000                    05      11      00
                          VS                      DALLAS TEXAS        75204 0000
                                                                   (10)  DAMAGES
ABEL SUPPLY COMPANY, ET AL                        00364101                              WATERS & KRAUS
                                                  HON. ROBERT W. WILKINSON
                                                  P.O. BOX 1618                                          30.00
                                                  PASCAGOULA, MS          39568 1518
```

```
09/11/00  CERTIFICATE OF WRITTEN DISCOVERY
          /CWARFORD
09/14/00  CERTIFICATE OF WRITTEN DISCOVERY
          /CWARFORD
09/18/00  MTN TO SUBSTITUTE COUNSEL OF RECORD
          /CWARFORD
09/25/00  ATTORNEY WITHDRAWN: HON PHILLIP S.
          BROWN
          SUBSTITUTED WITH: HON DONALD E.
          GODWIN
09/26/00  ORIGINAL ANSWER: THE SYNKOLOID COMPANY
09/26/00  CROSS ACTION: THE SYNKOLOID COMPANY
09/26/00  DEFT'S JURY DEMAND /CWARFORD
09/27/00  ORIGINAL ANSWER: GASKET HOLDING, INC.
10/11/00  AMENDED NOTICE OF HEARING /CWARFORD
11/02/00  PLTF'S RESPONSE TO DEFT' MTNS TO
          TRANSFER VENUE /CWARFORD
11/14/00  ORIGINAL ANSWER : ASBESTOS CLAIMS
          MANAGEMENT CORPORATION F/K/A
12/04/00  PLTFS' MTN TO SET ON JURY DOCKET
          /CWARFORD
12/07/00  DEFT ACANDS INC'S DESIGNATION OF LEAD
          COUNSEL (LROD)
12/27/00  MTN TO WITHDRAW APPEARANCE AS COUNSEL
          FOR DEFT ASBESTOS CLAIMS
12/27/00  MANAGEMENT CORPORATION /CWARFORD
01/02/01  DEFT BROWN & ROOT, USA INC. K/N/A
          KELLOGG-BROWN & ROOT, INC'S
01/02/01  MOTION IN LIMINE AND PROPOSED ORDER
```

CShPDF - www.fineho.com

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

\* \* \* C L E R K ' S   E N T R I E S \* \* \*

2000-05-002030-E

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE. 3000
DALLAS TEXAS 75204 0000

(10)     DAMAGES     05     11     00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS     39568 1518

WATERS & KRAUS     30.00

(LROD)

01/02/01 BROWN & ROOT INC'S OBJECTIONS TO PLTFS' EXHIBITS (LROD)

01/02/01 BROWN & ROOT INC'S DESIGNATION OF FACT WITNESSES (LROD)

01/02/01 DESIGNATION OF EXHIBITS OF BROWN & ROOT, INC. (LROD)

01/02/01 DEFT BROWN & ROOT INC'S MOTION TO ADOPT CO-DEFTS' PRE-TRIAL MOTIONS (LROD)

01/02/01 DEFT BROWN & ROOT INC'S MOTION FOR LEAVE TO FILE ITS MOTION TO ADOPT CO-DEFTS' PRE-TRIAL MOTIONS, MOTION IN LIMINE, DESIGNATION OF FACT WITNESSES, DESIGNATION OF EXPERT WITNESS

01/02/01 DESIGNATION OF EXPERT WITNESSES AND OBJECTIONS TO PLTFS' EXHIBITS (LR)

01/02/01 DEFT BROWN & ROOT, INC.'S MTN TO ADOPT CO-DEFTS' PRE-TRIAL MTNS /CWARFORD

01/02/01 BROWN & ROOT INC'S DESIGNATION OF EXPERT WITNESSES /CW

01/03/01 THE FLINTKOTE CO.'S DISCLOSURE OF EXPERT AND FACT WITNESSES/CW

01/03/01 THE FLINTKOTE CO.'S EXHIBIT LIST /CWARFORD

01/03/01 CONTESTED ISSUES OF LAW OF DEFT, THE FLINTKOTE CO. /CWARFORD

Case 1:01-cv-00180   Document 1   Filed in TXSD on 10/19/2001   Page 31 of 115

RUN DATE 10/02/01
RUN TIME 3:55 PM

PAGE: 13

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

* * * * C L E R K ' S   E N T R I E S * * * *

2000-05-002030-E

00529302
DARRELL DEXTER DAVILA
/CWARFORD
3219 MCKINLEY AVENUE, STE.3000
DALLAS TEXAS 75204 0000

(10)                                    05    11    00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS        39568 1518

DAMAGES                        WATERS & KRAUS        30.00

01/03/01  CONTENTIONS OF DEFT THE FLINTKOTE CO. /CWARFORD
01/03/01  MTN IN LIMINE WITH BRIEF IN SUPPORT /CWARFORD
01/08/01  A.P.GREEN INDUSTRIES, INC.'S MTN FOR SUBSTITUTION OF COUNSEL. /CW
01/08/01  HARBISON-WALKER REFRACTORIES CO. SUED IMPROPERLY AS INDRESCO INC.'S MTN FOR SUBSTITUTION OF COUNSEL. /CWARFORD
01/08/01  INDRESCO'S MTN FOR SUBSTITUTION OF COUNSEL. /CWARFORD
01/09/01  DEFT A.P.GREEN INDUSTRIES, INC.'S EXPERT WITNESS LIST /CW
01/09/01  LIST OF EXHIBITS OF DEFT A.P.GREEN INDUSTRIES, INC. /CWARFORD
01/09/01  JURY DEMAND /CWARFORD
01/09/01  LIST OF EXHIBITS OF HARBISON-WALKER REFRACTORIES (FORMERLY) A DIVISION OF INDRESCO, INC.
01/09/01  DEFT HARBISON-WALKER REFRACTORIES (FORMERLY) A DIVISION OF INDRESCO, INC.'S EXPERT WITNESS LIST /CWARFORD
01/09/01  DEFT A.P.GREEN INDUSTRIES, INC.'S FIRST AMENDED ORIGINAL ANSWER, ANSWER TO CROSS-ACTIONS AND/OR THIRD-PARTY ACTIONS

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

* * * * C L E R K ' S   E N T R I E S * * * *

PAGE: 14

2000-05-002030-E

```
00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE. 3000
DALLAS TEXAS          75204 0000

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS          39568 1518
```

DAMAGES                    (10)          05    11    00

WATERS & KRAUS                                 30.00

```
01/09/01   DEFT HARBISON-WALKER REFRACTORIES
           (FORMERLY) A DIVISION OF
           INDRESCO, INC.'S FIRST AMENDED
01/09/01   ORIGINAL ANSWER, ANSWER TO
           CROSS-ACTIONS AND/OR THIRD-PARTY
           ACTIONS /CWARFORD
01/09/01   JURY DEMAND /CWARFORD
01/09/01   DEFT INDRESCO, INC.'S FIRST AMENDED
           ORIGINAL ANSWER, ANSWER TO
           CROSS-ACTIONS AND/OR THIRD-PARTY
           ACTIONS /CWARFORD
01/09/01   DEFT INDRESCO, INC.'S EXPERT WITNESS
           LIST /CWARFORD
01/09/01   LIST OF EXHIBITS OF INDRESCO, INC.
           /CWARFORD
01/09/01   JURY DEMAND /CWARFORD
01/09/01   ATTORNEY WITHDRAWN: LEWIS C.
           MILTENBERGER
01/09/01   ATTORNEY WITHDRAWN: LEWIS C.
           MILTENBERGER
01/09/01   SUBSTITUTED WITH: H. DANIEL SPAIN
01/22/01   DEFT, ACANDS,INC.'S OBJECTIONS TO THE
01/22/01   DISMISSAL OF ITS CROSS
           ACTION AGAINST ARMSTRONG WORLD
           INDUSTRIES, INC. /CWARFORD
02/13/01   NOTICE OF CHANGE OF ADDRESS /CWARFORD
03/01/01   NOTICE OF DESIGNATION OF LEAD COUNSEL
           /CWARFORD
```

Case 1:01-cv-00180   Document 1   Filed in TXSD on 10/19/2001   Page 32 of 115

RUN DATE 10/02/01
RUN TIME 3:55 PM

PAGE: 15

2000-05-002030-E

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

* * * C L E R K ' S   E N T R I E S * * * *

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE. 3000
DALLAS TEXAS                 75204 0000

(10)          DAMAGES

05    11    00

30.00

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS          39568 1518

WATERS & KRAUS

03/09/01  CERTIFICATE OF DESIGNATION AS LEADING
          ATTORNEY IN CHARGE/CW
04/17/01  DEFT, BROWN & ROOT, INC.'S MTN TO
          QUASH PLTFS NOTICE OF INTENT
          TO TAKE THE DEPO OF STEVEN SELLERS
04/17/01  /CWARFORD
04/20/01  CROSS ACTION: GARLOCK INC.'S FIRST AMENDED
04/20/01  DEFT GARLOCK INC.'S ANSWER, AND
          ANSWER, JURY DEMAND, SUBJECT TO
          ORIGINAL CROSS-ACTION/CW
04/20/01  MTN TO TRANSFER VENUE/CW
05/03/01  A.P.GREEN INDUSTRIES, INC.'S MTN FOR
          SUBSTITUTION OF COUNSEL/CW
05/03/01  HARBISON-WALKER REFRACTORIES CO. SUED
          IMPROPERLY AS INDRESCO
          INC.'S MTN FOR SUBSTITUTION OF
05/03/01  COUNSEL /CWARFORD
05/10/01  ATTORNEY WITHDRAWN: H. DANIEL SPAIN
          SUBSTITUTED WITH: LEWIS C
05/10/01  MILTENBERGER
05/10/01  ATTORNEY WITHDRAWN: H. DANIEL SPAIN
          SUBSTITUTED WITH: LEWIS C
05/10/01  MILTENBERGER
05/31/01  TRANSFERRED FROM THE 103rd COURT
          /CWARFORD
06/04/01  NOTICE OF APPEARANCE /CWARFORD
06/04/01  ALCOA INC.'S DESIGNATION OF EXPERT AND
          FACT WITNESSES /CW
06/08/01  DESIGNATION OF LEAD COUNSEL FOR PROKO
          INDUSTRIES, INC. /CW

Case 1:01-cv-00180    Document 1    Filed in TXSD on 10/19/2001    Page 34 of 115

```
RUN DATE 10/02/01
RUN TIME  3:55 PM                                      *  *  *   C L E R K ' S   E N T R I E S   *  *  *              PAGE: 16
```

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

```
                              00529302                                                        2000-05-002030-E
                              DARRELL DEXTER DAVILA                                      05    11    00
                              3219 MCKINLEY AVENUE, STE. 3000
                              DALLAS TEXAS          75204 0000

                              00364101
                              HON. ROBERT W. WILKINSON                            WATERS & KRAUS
                              P.O. BOX 1618
                              PASCAGOULA, MS          39568 1518

                                            (10)   DAMAGES                                 30.00
```

| Date | Entry |
|---|---|
| 06/08/01 | DESIGNATION OF LEAD COUNSEL FOR PROKO INDUSTRIES, INC./ECORTEZ |
| 07/30/01 | BROWN & ROOT, INC.'S FIRST AMENDED DESIGNATION OF EXPERT WITNESSES AND PERSONS WITH KNOWLEDGE OF RELEVANT FACTS/CW |
| 07/30/01 | BROWN & ROOT, INC.'S FIRST AMENDED DESIGNATION OF EXHIBITS/CW |
| 08/02/01 | DF'S MTN IN LIMINE AND BRIEF/ECORTEZ |
| 08/02/01 | DF GEORGIA-PACIFIC CORPORATION'S FACT WITNESS LIST/ECORTEZ |
| 08/02/01 | DF GEORGIA PACIFIC CORPORATION'S EXPERT WINTESS LIST/ECORTEZ |
| 08/02/01 | DF GEORGIA PACIFIC CORPORATION'S EXHIBIT LIST/ECORTEZ |
| 08/02/01 | DFS' MTN FOR BIFURCATION/ECORTEZ |
| 08/02/01 | DF GEORGIA PACIFIC CORPORATION'S MTN TO ADOPTDF'S PRETRIAL MOTIONS AND BRIEF IN SUPPORT THEREOF/ECORTEZ |
| 08/03/01 | DEFT'S TRIAL TESTIMONY AND DEPO PAGE AND LINE DESIGNATION SUBJECT TO DEFT'S MTN TO TRANSFER VENUE /CWARFORD |
| 08/07/01 | DEFT'S EXHIBIT LIST /CWARFORD |
| 08/07/01 | DEFT QUIGLEY COMPANY, INC.'S GENERAL LIST OF MEDICAL, STATE-OF THE-ART, ECONOMIC, LIABILITY AND DAMAGE EXPERTS /CWARFORD |

Case 1:01-cv-00180   Document 1   Filed in TXSD on 10/19/2001   Page 35 of 115

```
RUN DATE 10/02/01                                                                    PAGE: 17
RUN TIME  3:55 PM                                                                    2000-05-002030-E

ARCHIE KOWALIK AND MARTHA KOWALIK    *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                    VS

ABEL SUPPLY COMPANY, ET AL

                                     00529302                                    DAMAGES              05    11    00
                                     DARRELL DEXTER DAVILA
                                     3219 MCKINLEY AVENUE, STE.3000
                                     DALLAS TEXAS  75204 0000

                                     00364101              (10)                  WATERS & KRAUS
                                     HON. ROBERT W. WILKINSON
                                     P.O. BOX 1618                                                    30.00
                                     PASCAGOULA, MS        39568 1518
```

08/07/01   DEFT QUIGLEY COMPANY, INC.'S LIST OF
           POTENTIAL DEPO AND TRIAL
08/07/01   TESTIMONY /CWARFORD
08/07/01   DEFT QUIGLEY COMPANY, INC.'S MTN IN
           LIMINE AND BRIEF /CWARFORD
08/07/01   DEFT QUIGLEY COMPANY, INC.'S MTN TO
           BIFURCATE /CWARFORD
08/07/01   DEFT QUIGLEY COMPANY, INC.'S LIST OF
           POTENTIAL FACT/EXPERT
08/07/01   WITNESSES AND DEPO TESTIMONY
           /CWARFORD
08/15/01   DEFT BROWN & ROOT, INC.K/N/A
           KELLOGG-BROWN & ROOT, INC.'S MTN
           TO SHUFFLE THE JURY PANEL /CWARFORD
08/15/01   DEFT BROWN & ROOT, INC.N/K/A
08/15/01   KELLOGG-BROWN & ROOT, INC.'S
           SECTION 33.012 ELECTION OF
08/15/01   CREDIT /CWARFORD
           DOLLOR-FOR-DOLLAR SETTLEMENT
08/15/01   DEFT BROWN & ROOT,INC.'S  K/N/A
08/15/01   KELLOGG-BROWN & ROOT, INC.'S
           SECTION 41.009 ELECTION FOR
08/15/01   BIFURCATED TRIAL./CWARFORD
           BROWN & ROOT, INC. N/K/A KELLOGG-BROWN
           & ROOT INC.'S TRIAL
08/15/01   BRIEF ON JUROR DISQUALIFICATION FOR
08/15/01   BIAS OR PREJUDICE /CW
           DF GARLOCK INC.'S REQUEST FOR DOCKET
08/20/01   CONTROL CONF./ECORTEZ

CutePDF - www.texto.com

Case 1:01-cv-00180   Document 1   Filed in TXSD on 10/19/2001   Page 36 of 115

RUN DATE 10/02/01
RUN TIME 3:55 PM

ARCHIE KOWALIK AND MARTHA KOWALIK

VS

ABEL SUPPLY COMPANY, ET AL

*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *

2000-05-002030-E

00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE. 3000
DALLAS TEXAS 75204 0000

00364101
HON. ROBERT W. WILKINSON
P. O. BOX 1618
PASCAGOULA, MS                        39568 1518

(10)                                              05      11      00

DAMAGES                                        WATERS & KRAUS

                                                        30.00

08/20/01   DF COMBUSTION ENGINEERINC, INC.'S MTN
           FOR SUBSTITUTION OF
           COUNSEL/ECORTEZ
08/20/01   NORTH AMERICAN REFRACTORIES COMPANY'S
09/04/01   EXHIBIT LIST/ECORTEZ
09/04/01   NORTH AMERICAN REFRACTORIES COMPANY'S
           MTN TO BIFURCATE/ECORTEZ
09/04/01   DF NORTH AMERICAN REFRACTORIES
           COMPANY'S MTN TO EXCLUDE
09/04/01   AND/OR LIMIT EXPERT TESTIMONY OF
           DAVID STEVENS EGILMAN, M.D/
           ECORTEZ
09/04/01   NORTH AMERICAN REFRACTORIES COMPANY'S
09/04/01   SUPPLEMENTAL RESPONSE
09/07/01   TO REQUESTS FOR DISCLOSURE/ECORTEZ
09/07/01   OBJECTIONS TO PRIOR TRIAL OR
           DEPOSITION TESTIMONY SUBJECT TO DF
09/07/01   MTN TO TRANSFER VENUE/ECORTEZ
09/07/01   MTN FOR BIFURCATED TRIAL SUBJECT TO
           DF'S MTN TO TRANSFER VENUE/
           ECORTEZ
09/07/01   MTN AND BRIEF IN SUPPORT THEREOF TO
09/07/01   EXCLUDE THE TESTIMONY OF
           BARRY CASTLEMAN SUBJECT TO DF'S
09/07/01   (S) MTN TO TRANSFER VENUE/
09/07/01   MTN AND BRIEF IN SUPPORT THEREOF TO
           EXCLUDE THE TESTIMONY OF
09/07/01   BARRY CASTLEMAN SUBJECT TO DF'S
           (S') MTN TO TRANSFER

```
RUN DATE 10/02/01
RUN TIME  3:55 PM
```

ARCHIE KONALIK AND MARTHA KONALIK

VS

ABEL SUPPLY COMPANY, ET AL

* * *  C L E R K ' S   E N T R I E S  * * *

PAGE: 19

```
00529302
DARRELL DEXTER DAVILA
3219 MCKINLEY AVENUE, STE.3000
DALLAS TEXAS   75204 0000

00364101
HON. ROBERT W. WILKINSON
P.O. BOX 1618
PASCAGOULA, MS   39568 1518
```

(10)   DAMAGES

WATERS & KRAUS   2000-05-002030-E   05   11   00   30.00

```
09/07/01   VENUE/ECORTEZ
09/07/01   MTN IN LIMINE AND BRIEF TO LIMIT THE
           TESTIMONY OF JOSEPH WAGONER SUBJECT TO DF'S (S')
09/07/01   MTN TO TRANSFER VENUE/ECORTEZ
09/07/01   MTN TO PRESERVE CROSS-ACTIONS SUBJECT
           TO DF'S (S') MTN TO
           TRANSFER VENUE/ECORTEZ
09/07/01   MTN TO COMPEL IDENTIFICATION AND
           PRODUCTION OF PRODUCT
           IDENTIFICATION WITNESSES WITH
           SUPPORTING AUTHORITIES
           SUBJECT TO DF'S (S') TO DF'S (S')
09/07/01   MTN TO TRANSFER VENUE/ECJ
09/07/01   DF'S MTN IN LIMINE SUBJECT TO DF'S (S')
09/07/01   MTN TO TRANSFER VENUE/ECORTE
09/07/01   LIST OF EXHIBITS SUBJECT TO DF'S MTN
           TO TRANSFER VENUE/ECORTEZ
09/07/01   DF'S EXPERT/FACT WITNESS LIST AND
           DEPOSITION PAGE/LINE
           DESIGNATION/ECORTEZ
09/07/01   DF'S EXPERT/FACT WITNESS LIST AND
           DEPOSITION PAGE/LINE
           DESIGNATION/ECORTEZ
09/07/01   DF'S EXPERT/FACT WITNESS LIST AND
           DESIGNATION PAGE/LINE
09/07/01   CARE/ECORTEZ
           BRIEF REGARDING STANDARD
09/07/01   J T THORPE COMPANY'S MTN FOR THE COURT
           TO ADVICE THE JURY IF
           OF SETTLEMENTS/ECORTEZ
```

RUN DATE 10/02/01                                                                          PAGE: 20
RUN TIME 3:55 PM                                                                           2000-05-002030-E

ARCHIE KOWALIK AND MARTHA KOWALIK        *   *   *   C L E R K ' S   E N T R I E S   *   *   *

                                             00529302                                          05   11   00
                                             DARRELL DEXTER DAVILA
                VS                           3219 MCKINLEY AVENUE, STE. 3000
                                             DALLAS TEXAS    75204 0000

                                                                 (10) DAMAGES

ABEL SUPPLY COMPANY, ET AL                   00364101                                  WATERS & KRAUS
                                             HON. ROBERT W. WILKINSON
                                             P.O. BOX 1618
                                             PASCAGOULA, MS          39568 1518                 30.00

                                    09/07/01   J T THORPE COMPANY'S MTN TO REQUIRE
                                               DISCLOSURE OF AGREEMENT
                                               AND UNDERSTANDING/ECORTEZ
                                    09/07/01   J T THORPE COMPANY'S REQUEST FOR
                                    09/07/01   J T THORPE COMPANY'S REQUEST FOR
                                               JUDICIAL NOTICE OF SETTLEMENT/
                                               ECORTEZ
                                    09/07/01   NOTICE OF SUGGESTION OF OF PENDENCY
                                    09/17/01   AND BANKRUPTCY AND
                                    09/17/01   AUTOMATIC STAY OF
                                               PROCEEDINGS/ECORTEZ
                                    09/28/01   PLS' NOTICE OF NON-SUIT WITHOUT
                                               PREJUDICE/ECORTEZ
                                    10/01/01   J.T. THORPE COMPANY'S FIRST
                                               SUPPLEMENTAL SPECIAL EXCEPTIONS,
                                    10/01/01   ANSWER, CROSS-ACTION AND ANSWER TO
                                    10/01/01   OTHER ACTIONS, SUBJECT
                                               TO ITS MTN TO TRANSFER
                                               VENUE/ECORTEZ

*/67*



# CT System

**Service of Process Transmittal Form**

**Dallas, Texas**

**07/24/2000**

Courier    **Via Federal Express (2nd Day)**

TO:  Timothy P O'Reilly President
Garrison Litigation Management Group Ltd.
One HSBC Plaza
Suite 1830
Rochester, NY  14604-2415

Phone: (716) 325-3500 ex:
FAX: (716) 325-7356

RE:    **PROCESS SERVED IN TEXAS**

FOR       Garlock Inc. Domestic State: Oh

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Archie Kowalik and Martha Kowalik vs Abel Supply Company et al incl. Garlock Inc. |
| **2. DOCUMENT(S) SERVED:** | Citation, Petition, Jury Demand, Request for Disclosure |
| **3. COURT:** | 103RD Judicial District Court Cameron County Texas Case Number 200005002030D |
| **4. NATURE OF ACTION:** | Asbestos |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Dallas, Texas |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 07/24/2000 at 13:30 |
| **7. APPEARANCE OR ANSWER DUE:** | 10:00 a.m. Monday next after the expiration of 20 days (Citation)   50 days (Request for Disclosure) |
| **8. ATTORNEY(S):** | Darrell Dexter Davila 4807 W Lovers Lane Dallass, TX 75209 |
| **9. REMARKS:** | |

| | |
|---|---|
| **SIGNED** | CT Corporation System |
| **PER** | Kasey L. McGee |
| **ADDRESS** | 350 North St. Paul Street Dallas, TX 75201 SOP WS 0003089288 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Citation for Personal Service - <u>NON-RESIDENT NOTICE</u>    Lit. Seq. # 5.016.01

No. <u>2000-05-002030-D</u>

T H E   S T A T E   O F   T E X A S

     NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney. you or your attorney do not file a written answer with the clerk who issued citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment ma· taken against you.

TO: <u>GARLOCK INC.</u>
    <u>C.T.CORPORATION SYSTEMS</u>
    <u>350 NORTH SAINT PAUL STREET</u>
    <u>SUITE 2900</u>
    <u>DALLAS, TEXAS 75201</u>

the <u>   DEFENDANT   </u>, GREETING:

    You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>103rd</u> Judicial District of Cameron County, Texas at the Courthouse of sa county in Brownsville, Texas.  Said <u>   PETITION   </u> was filed on <u>  MAY 11, 2000  </u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-05-002030-D</u>.

The style of the case is:

<u>    ARCHIE KOWALIK AND MARTHA KOWALIK    </u>
VS.
<u>    ABEL SUPPLY COMPANY, ET AL    </u>

Said petition was filed in said court by <u>   DARRELL DEXTER DAVILA   </u> (Attorney for <u>    PLAINTIFF    </u>), whose address is <u>4807 W. LOVERS LANE DALLAS TEXAS 75209   00000</u>

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>29th</u> day of <u>  JUNE  </u>, A.D. <u>2000</u>.



<u>   AURORA DE LA GARZA   </u>, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, T·

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., a___

executed (not executed) on the _____ day of _____, _____, by deliverin___

_____ in person a true copy of this Citat___

upon which I endorsed the date of delivery, together with the accompanying c___

of the _____

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

_____

Sheriff/constable _____ County,

By _____ Dep___

CAUSE NO. 2000-05-2030-D

| | | |
|---|---|---|
| ARCHIE KOWALIK and MARTHA KOWALIK | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| ACandS, INC.; | § | |
| ALCOA, Inc.; | § | |
| A.P. GREEN INDUSTRIES, INC.; | § | |
| ARMSTRONG WORLD INDUSTRIES, INC.; | § | |
| ASBESTOS CLAIMS MANAGEMENT CORP. | § | |
| f/k/a NATIONAL GYPSUM; | § | |
| BROWN & ROOT, INC.; | § | |
| COMBUSTION ENGINEERING, INC.; | § | |
| CROWN CORK & SEAL; | § | |
| FIBREBOARD CORPORATION; | § | |
| FLINTKOTE COMPANY; | § | |
| FOSTER WHEELER ENERGY CORP.; | § | |
| GAF CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING, INC.; | § | |
| GENERAL REFRACTORIES COMPANY; | § | |
| GEORGIA-PACIFIC CORPORATION; | § | |
| GUARDLINE, INC.; | § | |
| HARBISON-WALKER REFRACTORIES; | § | |
| INDRESCO, INC.; | § | |
| KAISER ALUMINUM & CHEMICAL CORP.; | § | |
| KELLY MOORE PAINT COMPANY; | § | |
| METROPOLITAN LIFE INSURANCE CO.; | § | |
| MINNESOTA MINING & MANUFACTURING; | § | |
| NORTH AMERICAN REFRACTORIES CO.; | § | |
| OWENS-CORNING FIBERGLAS CORP.; | § | |
| OWENS-ILLINOIS, INC.; | § | |
| PPG INDUSTRIES, INC. | § | |
| PROKO INDUSTRIES; | § | |
| QUIGLEY COMPANY; | § | |
| RAPID-AMERICAN CORPORATION; | § | |
| RILEY STOKER CORP.; | § | |
| THE SYNKOLOID COMPANY; | § | |
| J. T. THORPE COMPANY; | § | |
| UNIROYAL HOLDING, INC.; | § | |
| U.S. GYPSUM COMPANY; | § | |
| U.S. MINERAL PRODUCTS COMPANY; | § | |
| W.R. GRACE & CO.--CONN., | § | |
| *Defendants* | § | 103rd JUDICIAL DISTRICT |

FILED_____ O'CLOCK _____ M
AURORA DE LA GARZA DIST CLERK

MAY 11 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, ARCHIE KOWALIK and spouse MARTHA KOWALIK, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1. Pursuant to T.R.C.P. 130.1 Discovery will be conducted under Level 3 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County. Therefore, venue properly lies in this County.

2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3. Plaintiffs, ARCHIE KOWALIK and MARTHA KOWALIK reside at 6507 Walton Heath Drive, Houston, Texas 77069.

4. Defendant, **ABLE SUPPLY CO.**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

5. Defendant, **ACandS, INC.**, (successor to **ARMSTRONG CONTRACTING & SUPPLY, INC.**) is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

6. Defendant, **ALCOA, INC.**, may be served through its registered agent for service of process, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

7. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, Darcy Roper, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

8. Defendant, **ARMSTRONG WORLD INDUSTRIES, INC.**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

9. Defendant, **ASBESTOS CLAIMS MANAGEMENT CORPORATION f/k/a NATIONAL GYPSUM COMPANY**, having its headquarters and principal place of business in Texas, may be served through its President, W.D. "Dee" Hilton, Jr., Asbestos Claims Management Corporation, 2608 Eastland Avenue, Suite 202, Greenville, Texas 75402.

10. Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C.T. Corp Systems, 811 Dallas Ave., Houston, Texas 77002.

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

11. Defendant, **COMBUSTION ENGINEERING, INC.,** may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

12. Defendant, **CROWN CORK & SEAL COMPANY, INC.,** Individually and as Successor in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

13. Defendant **FIBREBOARD CORPORATION** may be served with process by serving its registered agent, U.S. Corporation Company, 800 Brazos, Austin, Texas 78701.

14. Although Defendant, **FLINTKOTE COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code ' ' 17.041-. 045. Defendant, **FLINTKOTE COMPANY**, may be served through the Secretary of State for the State of Texas.

15. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

16. Although defendant, **GAF CORPORATION**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is the successor-in-interest to **RUBEROID CORPORATION**. Therefore, said corporation may be served with process through its General Counsel, 1361 Alps Road, Wayne, New Jersey, 07470, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-. 045. Defendant, **GAF CORPORATION**, will be served through the secretary of state for the State of Texas.

17. Defendant, **GARLOCK INC.,** may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

18. Defendant, **GASKET HOLDING INC.,** may be served with process through its corporate headquarters, P.O. Box 760, 6915 Hwy. 225, Deer Park, Texas 77536, said corporation is being sued individually and as successor-in-interest to **FLEXITALLIC GASKET CO.**

19. Although Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041- .045. Defendant,

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

**GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

20. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is the successor-in-interest to BESTWALL GYPSUM COMPANY.

21. Defendant, **GUARDLINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

22. Defendant, **HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRESCO, INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

23. Defendant, **INDRESCO, INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, the Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

24. Defendant, **KAISER ALUMINUM & CHEMICAL CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

25. Defendant, **KELLY-MOORE PAINT COMPANY, INC.**, may be served through its agent for service of process, Mr. Kenneth Wall, 2727 Allen Suite 1300, Houston, Texas 77019.

26. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

27. Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY, a/k/a "3M"**, (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

28. Defendant, **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

29. Defendant, **OWENS CORNING FIBERGLAS CORPORATION**, may be served through its registered agent. C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

30. Although Defendant, **OWENS-ILLINOIS, INC.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is being sued individually and as successor-in-interest to **OWENS-ILLINOIS GLASS COMPANY**. Therefore, said corporation may be served with process through its corporate headquarters Fiblerglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-. 045. Defendant, **OWENS-ILLINOIS, INC.**, may be served through the Secretary of State for the State of Texas.

31. Defendant, **PPG INDUSTRIES, INC.**, may be served through its registered agent, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701.

32. Defendant, **PROKO INDUSTRIES, INC.**, having its principal place of business in Texas, may be served through its registered agent, Robert W. Hampton, 18601 LBJ Freeway, Suite 400, Mesquite, Texas 75710.

33. Defendant, **QUIGLEY CORP.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul, Ste 2900, Dallas, Texas 75207.

34. Defendant, **RAPID-AMERICAN CORPORATION** (f/k/a **GLEN ALDEN CORPORATION**), is a corporation with its principal place of business in a state other than Texas. This corporation has been sued individually and as successor-by-merger to **GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION** and **PHILIP CAREY MANUFACTURING COMPANY**. As successor-by-merger to **GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION** and **PHILIP CAREY MANUFACTURING COMPANY, RAPID-AMERICAN CORPORATION** delivered asbestos products into this state and county, some of which were encountered by Plaintiffs and caused their injuries. **RAPID-AMERICAN CORPORATION** also conducted extensive business in Texas itself and through its subsidiaries. Therefore, said corporation may be served with process through its registered agent, The Prentice-Hall Corporation Systems, Inc., 1013 Centre Road, Wilmington, Delaware 19805.

35. Defendant, **RILEY STOKER CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.

36. Although Defendant, **THE SYNKOLOID COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this

State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 148 East 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. .045. Defendant, **THE SYNKOLOID COMPANY**, may be served through the Secretary of State for the State of Texas.

37. Defendant, **J. T. THORPE COMPANY**, may be served with process through its registered agent, Gerald W. Scott, 6833 Kirbyville, Houston, Texas 77033.

38. Although Defendant, **UNIROYAL HOLDING COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-. 045. Defendant **UNIROYAL**, may be served through the Secretary of State for the State of Texas.

39. Defendant, **U.S. GYPSUM COMPANY**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

40. Although Defendant, **U.S. MINERAL PRODUCTS COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

41. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in- interest to **W.R. GRACE & COMPANY**.

42. Each Defendant corporation or its predecessor-in- interest, with the exception of the **METROPOLITAN LIFE INSURANCE COMPANY**, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, design, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

43. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code 171.031.

44. Each Defendant corporation or its predecessor-in- interest, with the exception of **METROPOLITAN LIFE INSURANCE COMPANY, BROWN & ROOT, INC. and J.T. THORPE**

**COMPANY,** is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff had been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Plaintiffs had suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

45. Plaintiffs allege that Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation. In that each exposure to such products caused or contributed to Plaintiffs' injuries, Plaintiffs say that the doctrine of joint and several liabilities should be extended to apply to each Defendant herein.

46. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

47. Defendant **OWENS-ILLINOIS, INC.** is being sued in its capacity as the designer and inventor of the Kaylo product, as we all as in its capacity as manufacturer and distributor of Kaylo product until the year 1958.

<u>COUNT ONE</u>

48. The illness and disabilities of Plaintiffs are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' health and well-being. Certain Defendants, **ACandS, INC.; CROWN CORK & SEAL, INC.; and FOSTER WHEELER ENERGY CORP.** created hazardous and deadly conditions to which Plaintiffs were exposed and which caused Decedent to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one,

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' illness and disabilities:

    (a)    in failing to timely and adequately warn Plaintiffs of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

    (b)    in failing to provide Plaintiffs with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiffs from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

    (c)    in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

    (d)    in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

    (e)    in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

    (f)    in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

    (g)    in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

    (h)    in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

49. The illness and disabilities of Plaintiffs are a direct and proximate result of **3M's** negligence in placing in to the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

50. **3M** knew or should have known that workers would use and rely upon **3M's** respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that **3M's** respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

51. Furthermore, **3M** was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

52. The illnesses of Plaintiffs are a direct and proximate result of **Alcoa, Inc.'s** negligence in placing in the stream of commerce aluminum insulation jacketing/covering/lagging which was defective in design in that its installation, use and removal would disturb, scrape and otherwise damage asbestos -containing thermal insulation products and cause the release of respirable asbestos fibers which were breathed by Plaintiffs. Furthermore, **Alcoa, Inc.** was negligent for failing to warn and/or properly instruct workers regarding the hazards created by the installation, use and removal of its insulation jacketing/covering/lagging products.

COUNT TWO

53. The illnesses of Plaintiffs are a direct and proximate result of the acts and admissions of **PPG Industries, Inc**. and/or its predecessors in that this Defendant was, at all relevant time, the alter ego and legitimate party for the actions of its wholly owed subsidiary, **Pittsburgh Corning Corporation**. **PPG Industries, Inc**. also bears independent responsibility for its failure to direct and control the actions of **Pittsburgh Corning Corporation** and for its provision of faulty, dangerous and grossly negligent advise and consultation to **Pittsburgh Corning Corporation** regarding the hazards of asbestos.

54. The illnesses of all Plaintiffs are a direct and proximate result of the act and omissions of **Armstrong World Industries** or its predecessors in that this Defendant negligently failed to warn consumers that it logo, trademark, and good will were being utilized to ell large volumes of deadly asbestos products, all of which contributed directly to the financial benefit of Defendant **Armstrong World Industries.**

COUNT THREE

55. All of the allegations contained in the previous paragraphs are realleged herein.

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

56. Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendants.

57. The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate cause of the injuries of Plaintiffs.

58. Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

59. Plaintiffs were unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiffs were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

60. During the periods that Plaintiffs were exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

61. Plaintiffs used a respiratory device designed and manufactured by **3M**, commonly known as a "dust mask." Plaintiffs would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiffs would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, **3M**.

62. Defendant, **3M**, was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiffs.

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

63. Defendant, **3M**, knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

64. Plaintiffs were unaware of the defects in the **3M** respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

65. During the periods, Plaintiffs used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

<u>COUNT FOUR</u>

66. All of the allegations contained in the previous paragraphs are realleged herein.

67. Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiffs' injuries, diseases, illnesses, and/or deaths by exposing Plaintiffs to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiffs of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, Plaintiffs have sued the **METROPOLITAN LIFE INSURANCE COMPANY** in its capacity as a conspirator. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

68. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiffs who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiffs and workers such as Plaintiffs who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiffs and workers such as Plaintiffs have suffered.

(c)     In addition, Defendant, **OCF**, has and continues to engage in a pattern of fraudulent conduct against asbestos Plaintiffs, including these Plaintiffs, as well as various courts and juries. Specifically, **OCF** has deliberately and continuously misrepresented the status of its knowledge regarding the dangerous propensities of asbestos generally, and **OCF's** own asbestos products. In prior litigation regarding the same subject matter, **OCF** has made a statement under oath that **OCF** knew was patently false and specifically involved **OCF's** denial that use of its products containing asbestos fibers could cause asbestosis. Moreover, **OCF** has deliberately filed false statements in various courts and has specifically perpetrated a fraud against courts in the State of Texas concerning the issue of its knowledge about the dangers of asbestos from its products at various times. As such, **OCF** has generally been involved in a deceptive pattern and practice directed against asbestos Plaintiffs including these Plaintiffs, in an effort to mislead various courts and juries; and

(d)     In addition, certain of the defendants, including but not limited to **Metropolitan Life Insurance Company, Alcoa, Inc., Owens-Illinois, Inc., Kaiser Aluminum & Chemical Corporation** (by and through the acts of Roger A. Hitchins, President of the National Refractories Company, corporate predecessor by merger to Mexico Refractories Company,

Corporate predecessor by merger to Kaiser Aluminum & Chemical Corporation) contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiffs from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiffs even if complied with.

(f)     As the direct and proximate result of by the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiffs to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

69. Plaintiffs reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

70. As a direct and proximate result of Plaintiffs' reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiffs sustained damages including injuries, illnesses, disabilities, and/or death and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

71. Moreover, Defendants continue to contrive, combine, confederate, and conspire among themselves to injure and to deprive Plaintiffs of their rightful recoveries by joining together and forming an entity known as the "Asbestos Claims Facility" and/or "Wellington Agreement" and by proposing and entering

into an agreement known as the "Center for Claims Resolution".  As a direct and proximate result of Defendants' ongoing actions, Plaintiffs continue to sustain damages.

## COUNT FIVE

72.  All of the allegations contained in the previous paragraphs are realleged herein.

73.  The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiffs.  Defendants' conduct was specifically intended by defendants to cause substantial injury to Plaintiffs, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human death and/or great bodily harm.  More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiffs and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT SIX

74.  All of the allegations contained in the previous paragraphs are realleged herein.

75.  Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered substantial aid and assistance to the manufacturers of asbestos containing products to which Plaintiffs were exposed, and such assistance by **METROPOLITAN LIFE INSURANCE COMPANY** aided and abetted the negligence and the marketing of unreasonably dangerous asbestos containing products by such manufacturers which proximately caused plaintiffs' injuries and damages.

## COUNT SEVEN

76.  All of the allegations contained in the previous paragraphs are realleged herein.

77.  Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Plaintiffs by the testing of asbestos workers and the conduct of scientific studies.  These duties included without limitation, the duties:

    (1)    to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

    (2)    to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE** knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Plaintiffs.

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

78. In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

79. The Plaintiffs unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

80. As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the Plaintiffs from asbestos exposure was increased, and (ii) the Plaintiff suffered the injuries described below.

81. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiffs.

COUNT EIGHT

82. All of the allegations contained in the previous paragraphs are realleged herein.

83. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

84. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiffs.

85. The actions of each of the Defendants is a proximate cause of Plaintiffs' injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

DAMAGES

86. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of the Plaintiffs, and of the following general and special damages including:

(a)     The conscious physical pain and suffering and mental anguish sustained by Plaintiffs;

(b)     The physical impairment suffered by Plaintiffs;

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

(c)    The disfigurement suffered by Plaintiffs;

(d)    Reasonable and necessary medical expenses incurred by Plaintiffs;

(e)    Plaintiffs' lost earnings and net accumulations;

(f)    Plaintiffs' mental anguish caused by the extraordinarily increased likelihood of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, designed, sold and/or distributed by the named Defendants;

(g)    Past and future loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs received from the Plaintiffs prior to his illnesses and disabilities caused by their exposure to asbestos.

(h)    Plaintiffs seek punitive and exemplary damages.

87.    Plaintiffs filed suit within two (2) years of the date of discovering Plaintiffs' asbestos-related conditions or the existence of any asbestos-related causes of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' exposure to asbestos-containing insulation products and/or machinery calling for the use of asbestos-containing products, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

_____

GAYLE MORTOLA-STRASSER
State Bar No. 00798388
PETER A. KRAUS
State Bar No. 11712980

WATERS & KRAUS
4807 W. Lovers Ln.
Dallas, Texas 75209
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFFS

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\PLEADINGS\ORIGINAL PETITION.DOC

Page 16

CAUSE NO. 2000-05-002030-D

| | | |
|---|---|---|
| ARCHIE KOWALIK and MARTHA KOWALIK | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| *Defendants* | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFFS REQUESTS FOR DISCLOSURES TO DEFENDANTS

TO:   1. Defendant, **ABLE SUPPLY CO.**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

2. Defendant, **ACandS, INC.**, (successor to **ARMSTRONG CONTRACTING & SUPPLY, INC.**) is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

3. Defendant, **ALCOA, INC.**, may be served through its registered agent for service of process, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

4. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, Darcy Roper, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

5. Defendant, **ARMSTRONG WORLD INDUSTRIES, INC.**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

6. Defendant, **ASBESTOS CLAIMS MANAGEMENT CORPORATION f/k/a NATIONAL GYPSUM COMPANY**, having its headquarters and principal place of business in Texas, may be served through its President, W.D. "Dee" Hilton, Jr., Asbestos Claims Management Corporation, 2608 Eastland Avenue, Suite 202, Greenville, Texas 75402.

7. Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C.T. Corp Systems, 811 Dallas Ave., Houston, Texas 77002.

8. Defendant, **COMBUSTION ENGINEERING, INC.**, may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

9. Defendant, **CROWN CORK & SEAL COMPANY, INC.**, Individually and as Successor

in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

10. Defendant **FIBREBOARD CORPORATION** may be served with process by serving its registered agent, U.S. Corporation Company, 800 Brazos, Austin, Texas 78701.

11. Although Defendant, **FLINTKOTE COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code ' ' 17.041-. 045. Defendant, **FLINTKOTE COMPANY**, may be served through the Secretary of State for the State of Texas.

12. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

13. Although defendant, **GAF CORPORATION**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is the successor-in-interest to **RUBEROID CORPORATION**. Therefore, said corporation may be served with process through its General Counsel, 1361 Alps Road, Wayne, New Jersey, 07470, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-. 045. Defendant, **GAF CORPORATION**, will be served through the secretary of state for the State of Texas.

14. Defendant, **GARLOCK INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

15. Defendant, **GASKET HOLDING INC.**, may be served with process through its corporate headquarters, P.O. Box 760, 6915 Hwy. 225, Deer Park, Texas 77536, said corporation is being sued individually and as successor-in-interest to **FLEXITALLIC GASKET CO.**

16. Although Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041- .045. Defendant, **GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

17. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is the successor-in-interest to BESTWALL GYPSUM COMPANY.

18. Defendant, **GUARDLINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

19. Defendant, **HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRESCO, INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

20. Defendant, **INDRESCO, INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, the Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

21. Defendant, **KAISER ALUMINUM & CHEMICAL CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

22. Defendant, **KELLY-MOORE PAINT COMPANY, INC.**, may be served through its agent for service of process, Mr. Kenneth Wall, 2727 Allen Suite 1300, Houston, Texas 77019.

23. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

24. Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY, a/k/a "3M"**, (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

25. Defendant, **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

26. Defendant, **OWENS CORNING FIBERGLAS CORPORATION**, may be served through its registered agent. C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

F:\DOCFILES\JOSIE\MANUFACTURER\CAMERON\KOWALIK\DISCOVERY\RFDS FOR LEVEL 3 STANDING ORDERS.DOC

27.  Although Defendant, **OWENS-ILLINOIS, INC.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent.  Said corporation is being sued individually and as successor-in-interest to **OWENS-ILLINOIS GLASS COMPANY**.  Therefore, said corporation may be served with process through its corporate headquarters Fiblerglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-. 045.  Defendant, **OWENS-ILLINOIS, INC.**, may be served through the Secretary of State for the State of Texas.

28.  Defendant, **PPG INDUSTRIES, INC.**, may be served through its registered agent, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701.

29.  Defendant, **PROKO INDUSTRIES, INC.**, having its principal place of business in Texas, may be  served through its registered agent, Robert W. Hampton, 18601 LBJ Freeway, Suite 400, Mesquite, Texas 75710.

30.  Defendant, **QUIGLEY CORP.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul, Ste 2900, Dallas, Texas 75207.

31.  Defendant, **RAPID-AMERICAN CORPORATION** (f/k/a **GLEN ALDEN CORPORATION**), is a corporation with its principal place of business in a state other than Texas.  This corporation has been sued individually and as successor-by-merger to **GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION** and **PHILIP CAREY MANUFACTURING COMPANY**.  As successor-by-merger to **GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION** and **PHILIP CAREY MANUFACTURING COMPANY, RAPID-AMERICAN CORPORATION** delivered asbestos products into this state and county, some of which were encountered by Plaintiffs and caused their injuries.  **RAPID-AMERICAN CORPORATION** also conducted extensive business in Texas itself and through its subsidiaries.  Therefore, said corporation may be served with process through its registered agent, The Prentice-Hall Corporation Systems, Inc., 1013 Centre Road, Wilmington, Delaware 19805.

32.  Defendant, **RILEY STOKER CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.

33.  Although Defendant, **THE SYNKOLOID COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent.  Therefore, said corporation may be served with process through its corporate headquarters, 148 East 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long Arm

Statute, Tex. Civ. Prac. & Rem. 17.041-.045. Defendant, **THE SYNKOLOID COMPANY**, may be served through the Secretary of State for the State of Texas.

34. Defendant, **J. T. THORPE COMPANY**, may be served with process through its registered agent, Gerald W. Scott, 6833 Kirbyville, Houston, Texas 77033.

35. Although Defendant, **UNIROYAL HOLDING COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-. 045. Defendant **UNIROYAL**, may be served through the Secretary of State for the State of Texas.

36. Defendant, **U.S. GYPSUM COMPANY**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

37. Although Defendant, **U.S. MINERAL PRODUCTS COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

38. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in- interest to **W.R. GRACE & COMPANY**.

Pursuant to the Texas Rules of Civil Procedure, the Plaintiffs request that the Defendants referenced above, through their officers or agents who have access to the information requested herein, answer, under oath, the following Requests for Disclosures, Interrogatories and Requests for Production within fifty (50) days of the date of service.

Respectfully submitted,

**WATERS & KRAUS**

FERNANDON P. ARIAS
State Bar No. 24025946
GAYLE M. MORTOLA
State Bar No. 00798388
PETER A. KRAUS
State Bar No. 11712980

3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

## REQUESTS FOR DISCLOSURE

PURSUANT TO RULE 194, you are requested to disclose within fifty (50) days of service of this request, the information and materials described in Rule 194.2(b) - (k), Texas Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I hereby certify, that a true and correct copy of Plaintiffs' Requests for Disclosure to Defendants was provided along with Plaintiffs' Original Petition and Jury Demand for service on Defendant with the Petition, on this the _____ day of _____, 2000.

FERNANDON P. ARIAS

Case 1:01-cv-00180    Document 1    Filed in TXSD on 10/19/2001    Page 64 of 115

## CAUSE NO. 2000-05-2030-D

| | | |
|---|---|---|
| ARCHIE KOWALIK and | * | IN THE DISTRICT COURT |
| MARTHA KOWALIK | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| ABLE SUPPLY COMPANY; et al. | * | 103rd JUDICIAL DISTRICT |

**DEFENDANT GARLOCK INC'S FIRST AMENDED ANSWER, JURY DEMAND, AND ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE**

FILED _____ O'CLOCK ____
JOE G. GARZA DE LA GARZA DIST. C
APR 2 0 2001
DISTRICT COURT OF CAMERON COUNT
BY _____ D

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GARLOCK INC (herein "Garlock"), Defendant in the above entitled and numbered cause, and subsequent to filing its Motion to Transfer Venue, and subject to and without waiving said Motion to Transfer Venue, files this its First Amended Answer, Jury Demand, and Original Cross-Action Subject to Motion to Transfer Venue in response to Plaintiffs' live pleading, and in support thereof, would show the Court as follows:

I.

### GENERAL DENIAL

Defendant Garlock Inc herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' live pleadings and all cross-actions which have been or may be filed herein, and states that these are matters that should be proven by Plaintiffs and/or Cross-Defendants as required by law; and Defendant would require strict proof thereof.

II.

### AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiffs were

CUtePDF - www.texlsx.com

caused or contributed to, in whole or in part, by the Plaintiffs' own negligence and/or comparative responsibility. More specifically, Defendant would show that, among other things:

    (a)    Each Plaintiff failed to exercise ordinary care for his safety when he knew or should have known of the hazards incident to his work;

    (b)    Each Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

    (c)    Each Plaintiff failed to use Defendant's products properly and subject them to use that was abnormal and not reasonably foreseeable by Defendants;

    (d)    Each Plaintiff failed to advise, requests or demand that his employer or employers provide proper safety equipment, clothing, and protective devices for his use as an employee; and

    (e)    Each Plaintiff failed to heed advice and warnings given about proper, safe work conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

    2.02    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by the Plaintiffs, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendant is not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiffs, if any.

    2.03    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendant, over which Defendant had no control, was the sole proximate cause of the Plaintiffs' alleged injuries.

2.04  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

2.05  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' employers, or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.06  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Armstrong World Industries, Inc., Babcock and Wilcox Company, Pittsburgh Corning Corporation, Owens-Corning f/k/a Owens-Corning Fiberglas Corporation, Fiberboard Corporation, National Gypsum Company, GAF Corporation, or W. R. Grace & Co.–Conn. were the sole proximate cause of the incident and injuries complained of in this lawsuit.

2.07  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

2.08  For further answer, if such be necessary, and pleading in the alternative Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

2.09  For further answer, if such be necessary, and pleading in the alternative Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the product in question was purchased limited the liability of the sellers and

manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

2.10    For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

2.11    For further answer, if such be necessary, and pleading in the alternative, Defendant further reserves the right to elect that the appropriate percentages of the Plaintiffs' alleged injuries and damages be allocated among those parties whose conduct caused the matters complained of by the Plaintiffs. Defendant specifically reserves the right to elect to submit to the jury issues of comparative causation and/or comparative negligence and/or comparative responsibility against any settling or non-settling entity as to Plaintiff in this or other suits, as applicable, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u> and/or Chapter 32 and/or 33 of the Texas Civil Practice & Remedies Code (as amended and/or repealed), and/or Art. 2212 and/or 2212a, Texas Revised Civil Statutes.

2.12    For further answer, if such be necessary, and pleading in the alternative, Defendant specifically asserts its rights to an appropriate credit, offset and/or reduction in any liability, which is expressly denied, in the event of a settlement by any person, in accordance with the Texas Civil Practice and Remedies Code.

2.13    For further answer, if such be necessary, and pleading in the alternative, in the event that Defendant is found liable to Plaintiffs, which is highly unlikely and would be manifestly unfair, Defendant reserves its right to elect either a pro rata reduction or to take a credit or offset against any judgment against it for any and all sums Plaintiffs have received or may hereafter receive in settlement from any party, person or entity, and/or in

the alternative assert its right to elect a proportionate reduction of any damages found against it based upon the percentage of negligence, causation, responsibility, or fault attributable to any settling tortfeasor, pursuant to the doctrines or methods provided in Duncan v. Cessna Aircraft, and/or Chapter 32 and/or 33 of the Texas Civil Practice and Remedies Code (as amended and/or repealed), and/or Article 2212 and/or 2212a, Texas Revised Civil Statutes.

2.14 For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that all or part of Plaintiffs' claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

2.15 For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

2.16 For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, by the Texas Worker's Compensation Act which provides benefits as the exclusive remedy for the disability of an employee for injuries or occupational diseases which were incurred or sustained during the course of their employment.

2.17 For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if any of its products are hazardous, which is not admitted but is specifically denied, then because of the states of medical and scientific knowledge in the past, Defendant had no notice or reason to believe that any of its products might be potentially hazardous, and therefore, could not have reasonably foreseen any dangers associated with the use of any of its products.

2.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims for damages based on fear of future disease, emotional distress, mental anguish, lost wages, loss of wage earning capacity, devaluation or loss of business in the future, devaluation or loss of use and enjoyment of business, personal and real property, loss of consortium or medical expenses in the future are so speculative and not based upon appropriate evidence that they should not be a recoverable element of damage.

2.19   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims for damages based on fear of future disease, emotional distress, and mental anguish are barred in the absence of demonstrated and sufficient physical injury caused by the harms alleged herein, which Defendant denies, and in the absence of sufficient demonstrated increases in risk of disease, which Defendant denies.

2.20   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if there was any danger, and such was not open and obvious and apparent to Plaintiffs at all times, Plaintiffs nevertheless knew of the dangers involved and continued to use and to work with such materials and under such conditions with such knowledge, and thus, Defendant owed no duty to warn him of any dangers involved.  Therefore, Plaintiffs are barred from any recovery under the theory of volenti no fit injuria.

2.21   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that they are liable for exemplary damages and rely on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.22   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a Defendants, and is likely to produce arbitrary and capricious results.   Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.23   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)   Proscription on excessive fines.  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)   Requirements of Due Process.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)   Requirement of Equal Protection Under the Law.   U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)   Proscription on Ex Post Facto and Retroactive Law.   U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)   Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages.  Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## III.

## JURY DEMAND

Subject to and without waiving its Motion to Transfer Venue, Defendant continues to request a trial by jury and has previously tendered the jury fee.

## ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW GARLOCK INC, Defendant in the above-entitled and numbered cause, and, subsequent to filing its Motion to Transfer Venue and subject to and without waiving said Motion to Transfer Venue, file this its Cross-Action Subject to Motion to Transfer Venue against all Co-Defendants in this cause, and as grounds thereof, would show the Court as follows:

### IV.

Defendant/Cross-Plaintiff would show that it has been named as a Defendant in connection with the above-referenced lawsuit. Cross-Defendants are also named Defendants in this lawsuit and have filed and appeared previously.

### V.

In the event that Defendant/Cross-Plaintiff has a judgment rendered against it, then it is entitled to complete indemnification and/or contribution from said Cross-Defendants because, any injury alleged by Plaintiffs (to which Defendant has denied any liability on), would not have occurred except due to the acts and/or omissions of the Cross-Defendants. Defendant/Cross-Plaintiff, in seeking indemnity and contribution as allowed by law and statute, also seek reimbursement of its reasonable and necessary attorney's fees and court costs in this matter.

WHEREFORE, Defendant Garlock Inc prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury; that, if liability is assessed against Defendant/Cross-Plaintiff that they have complete indemnification and/or contribution from Cross-Defendants for any and all amounts paid out herein and for any reasonable and necessary attorney's

fees and reimbursement of court costs; and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Mitchell C. Chaney
State Bar No. 04107500
Teri L. Danish
State Bar No. 05375320
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
GARLOCK INC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Garlock Inc's First Amended Answer, Jury Demand, and Original Cross-Action Subject to Motion to Transfer Venue was served upon all counsel of record, to-wit:

> Gayle Mortola-Strasser
> Peter A. Kraus
> Walters & Kraus
> 3219 McKinney Avenue, Suite 3000
> Dallas, Texas 75204
> Attorneys for Plaintiffs
>
> All Known Defense Counsel

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 2ᵗʰ day of April, 2001.

_____
Teri L. Danish

CAUSE NO. 2000-05-002030-D

| | | |
|---|---|---|
| ARCHIE KOWALIK, ET UX., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | 103RD JUDICIAL DISTRICT |

### MINNESOTA MINING AND MANUFACTURING COMPANY'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND ANSWER TO ALL CROSS ACTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant Minnesota Mining and Manufacturing Company (3M), and for its Motion to Transfer Venue and Original Answer to Plaintiffs' Original Petition and Answer to all Cross Actions would respectfully show as follows:

### I.

### MOTION TO TRANSFER VENUE

1.      Defendant 3M objects to venue in Cameron County, on the ground that each Plaintiff has failed to establish that Cameron County is a county of proper venue for this lawsuit.

2.      According to the general permissive venue statute, Texas Civil Practice and Remedies Code § 15.002 (a), a lawsuit shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural

person; (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

3.      In this case, the applicable provisions are Texas Civil Practice and Remedies Code § 15.002 (a) (1) and (3).   In other words, Cameron County, Texas is not a county of proper venue unless all or a substantial part of the events giving rise to the claim occurred there, or it is the county of the defendant's principal office in this state.

4.      Defendant 3M specifically denies the venue facts plead in Plaintiffs' Original Petition and Jury Demand.   More specifically, each Plaintiff has not established that all or a substantial part of the events giving rise to the claim arose in Cameron County, nor that any proper Defendant's principal office in Texas is in Cameron County.    Defendant 3M specifically denies that it, or any proper Defendant against whom a cause of action is factually supportable, maintains a principal office in Cameron County, Texas.    Defendant 3M specifically denies that all or a substantial part of the alleged events or omissions giving rise to the claims occurred in Cameron County.

5.      3M files this motion to transfer venue, and asks the Court to transfer this case to the county of proper venue as to Defendant 3M--Travis County, Texas--where Defendant 3M maintains its principal office in this state.   This case should be transferred to Travis County because Cameron County is not a county of proper venue.

6.      For these reasons, Defendant 3M asks the Court to set its motion to transfer venue for hearing and, after hearing, grant Defendant 3M's motion to transfer venue.

## II.

**MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 2**

## ORIGINAL ANSWER

1.    Defendant denies each and every, all and singular, Plaintiffs' material allegations, in whole or in part, and demands proof thereof.

2.    The Court lacks jurisdiction over this controversy.

3.    Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation and/or statutes of repose.

4.    Plaintiffs fail to state a claim or cause of action against 3M upon which relief can be granted.

5.    Any injury, damage or loss sustained by Plaintiffs was caused by the negligence of third parties working with or around Plaintiffs over whom 3M had no control or supervision.

6.    Any injury, damage or loss sustained by Plaintiffs was caused, or contributed to, by Plaintiffs' own contributory negligence.

7.    If 3M was guilty of any negligence, and that is denied, any negligence of 3M when compared with the negligence of Plaintiffs was less, and Plaintiffs are barred from recovery from 3M.

8.    3M alleges that Plaintiffs' damages, if any, were caused by negligent acts or omission, by unreasonably dangerous products, or breach of warranty of others. 3M is entitled to a comparative apportionment of fault, contribution, or a reduction of its liability in this action.

9.    Should 3M be found to be liable for any portion of Plaintiffs' damages, it should be held liable only for that percentage of Plaintiffs' damages which it may be found to have caused. Should this case be submitted to the jury, it should be submitted in such a manner as to secure a determination as to the relative fault of 3M as compared to all other fault. Any judgment that is entered as to 3M should be limited only to any fault of 3M. Any fault is denied.

10.     Any injury, damage or loss sustained by Plaintiffs related to any 3M product was proximately caused by an unintended, unexpected and/or abnormal use or misuse by Plaintiffs.

11.     Any injury, damage or loss sustained by Plaintiffs related to any 3M product was proximately caused by an unintended, unexpected and/or abnormal use or misuse by Plaintiffs' employer.

12.     Plaintiffs' employer knew, or should have known, of any risks Plaintiffs were exposed to, and was negligent in, among other things, failing to reduce any level of asbestos they were exposed to; failing to reduce the release of asbestos; failing to warn Plaintiffs of any alleged exposure; failing to provide proper training and equipment; and/or failing to provide a safe work environment.   Such actions were a new, intervening and/or superseding cause.   This new, intervening and/or superseding conduct was the proximate and/or producing cause of any alleged injury, damage or loss to Plaintiffs, and, therefore, precludes Plaintiffs from obtaining recovery in whole, or alternatively in part, from 3M.

13.     3M may not properly be subjected to suit in a court which does not have the right to determine the liability of parties who caused any or all of any injury, damage, or loss sustained by Plaintiffs.

14.     Any injury, damage or loss sustained by Plaintiffs was caused by new, intervening and/or superseding actions by others who worked with and around Plaintiffs and over whom 3M had no control or supervision.

15.     Any injury, damage or loss alleged by Plaintiffs was solely caused by the acts and omissions of Plaintiffs' employer.

16.     Any injury, damage or loss alleged by Plaintiffs was solely caused by the acts and omissions of Plaintiffs.

17.     Any injury, damage or loss sustained by Plaintiffs was solely caused by the acts and omissions of others who worked with or around Plaintiffs and over whom 3M had no control or supervision.

18.     Plaintiffs' employer had knowledge of the risks in Plaintiffs' workplace. Plaintiffs' employer was an informed intermediary and a sophisticated user of 3M's products. Plaintiffs' employer was in a superior position to eliminate any hazard Plaintiffs now complain of related to the use of any 3M product.

19.     Any exposure of Plaintiffs to asbestos by reason of any 3M product was minimal and insufficient to establish with reasonable probability that any such product caused injury, damage or loss to Plaintiffs.

20.     Plaintiffs failed to give timely notice to 3M, which did not have notice, of the purported breach of any obligation by 3M with respect to any 3M product. The lack of notice resulted in a waiver of any right which might exist against 3M.

21.     Plaintiffs' delay in bringing this action against 3M was unreasonable and prejudiced the rights of 3M. This action is barred by the doctrines of laches and/or estoppel.

22.     Plaintiffs should have taken action to minimize or eliminate any loss, injury, or damage, and Plaintiffs are precluded from recovering damage, or Plaintiffs' damage should be reduced, by operation of the doctrine of avoidable consequences and mitigation of damages.

23.     Any injury incurred by Plaintiffs was caused by factors other than asbestos and/or were pre-existing, rather than the result of any 3M product.

24.     3M has no liability for punitive damages. Liability for punitive damages and the amount of punitive damages must be established by clear and convincing evidence. Without clear and convincing evidence, a punitive damage award would violate Defendant's due process

rights guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Section 19* of *Article I* of the **Texas Constitution**.

25.    3M would show that Plaintiffs' claims for punitive damages cannot be sustained without bifurcating the trial as to all punitive damages issues without violating Defendant's due process rights guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Section 19* of *Article I* of the **Texas Constitution**.

26.    3M would show that Plaintiffs' claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law, which is subject to no predetermined limit on the amount of punitive damages that a jury may impose such as a maximum multiple of compensatory damages or a maximum dollar amount, would violate the excessive fines clause of the **United States Constitution** and Defendant's due process rights guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Section 19* of *Article I* of the **Texas Constitution**.

27.    3M would further show that Plaintiffs' claims for punitive damages against it cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damage award, (2) is not instructed on the limits of punitive damages proposed by the applicable principles of deterrence, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on an objective basis, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not subject to review de novo by the trial court to determine that the punitive

damages awarded are reasonably necessary to promote the purposes of deterrence that punitive damages are intended to promote, (6) is not supported by findings or fact and conclusions of law entered by the trial court concerning the punitive damages, (7) is permitted to consider evidence of net worth without appropriate limiting instructions, (8) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process rights, guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Article 1, Section 29* of the **Texas Constitution**.

28.     Pleading further in the alternative, 3M would show that 3M is not responsible for an injury or occurrence caused in whole or in part by the negligence of Plaintiffs' employer, under circumstances where 3M was not allowed recourse against that employer. Such circumstances would constitute an application of 3M's property to public use without adequate compensation being made in violation of *Article 1, Section 17* of the **Texas Constitution**. The imposition of such responsibility would constitute a taking of private property, for public use, without just compensation in violation of the *Fifth Amendment* to the **United States Constitution**.

29.     Any application of the Texas statutes on workmen's compensation which would make 3M responsible for any injury or occurrence caused by the negligence of Plaintiffs' employer, without recourse for 3M against that employer, would deprive 3M of property or privileges except by the due course of the law of the land in violation of *Article 1, Section 19* of the **Texas Constitution**. Any such application would deprive 3M of property without due process of law in violation of U. S. Const. Amend. V.

30.     The application of strict liability to 3M would constitute an exercise of power properly allocated to the Legislature by the judiciary in violation of *Article II, Section 1* of the **Texas Constitution** and *Article I* of **Vernon's Annotated Civil Statutes**.

31.     Plaintiffs' employer, by virtue of the notice given in publications of the Federal Register and otherwise, had notice of dangers Plaintiffs now complain of and was obligated under federal law to eliminate any such dangers.

32.     The regulations adopted by OSHA pursuant to the Occupational Safety and Health Act allowed airborne asbestos in Plaintiffs' workplace and approved the use of a 3M respirator for protection from airborne asbestos.  These regulations conflict with the laws of Texas and are, therefore, preempted by the Occupational Safety and Health Act.   An application of Texas product liability law in any manner which is contrary to the Occupational Safety and Health Act is preempted by *Article VI, Clause 2* of the **United States Constitution**.

33.     3M had no duty or responsibility with regard to the manner, method or means for performing Plaintiffs' work.  There was no relationship between Plaintiffs and 3M which created any duty on the part of 3M regarding the manner and method or the conditions under which Plaintiffs performed the work.  3M had no right to control the manner or method in which the work was performed or the conditions under which it was performed.  The state of knowledge of the medical and scientific communities prior to recent years as it related to exposure to asbestos in a work environment similar to that of Plaintiffs' was such that the medical and scientific communities were of the opinion that exposure to asbestos below the Threshold Limit Values recommended by the American Conference of Government Hygienists for dust containing asbestos particles was reasonably safe.  3M was charged with no greater knowledge than that of

the medical and scientific communities, and 3M had no reason to foresee or warn of any injury to such workers from exposure to such levels of asbestos.

34.     If any of the Defendants have settled, or during the pendency of this suit do settle, Plaintiffs' claims against them, 3M is entitled to a reduction of its liability to Plaintiff or to a credit for the amount of the settlement paid by the settling Defendants, pursuant to *Article 2212* of the **Texas Revised Civil Statutes**.

35.     3M is entitled to an offset equal to the sum of the dollar amounts of all settlements pursuant to *Section 33.012(b)(1)* of the **Texas Civil Practice & Remedies Code** (Vernon 1987) or pursuant to *Section 33.012(b)(2)* of the **Texas Civil Practice & Remedies, Code** (Vernon 1987).

36.     Any award of prejudgment interest for damages which have not yet accrued would violate 3M's rights to:   (a) substantive and procedural due process under the *Fifth* and *Fourteenth Amendments* to the **United States Constitution**, as well as *Article I, Sections 14, 16,* and *19* of the **Texas Constitution**; and (b) equal protection of the laws under the *Fourteenth Amendment* to the **United States Constitution** and under *Article I, Section 3* of the **Texas Constitution**.

## III.

## ANSWER TO CROSS ACTIONS

3M generally denies any and all Cross Actions heretofore or hereafter made against it by other parties in this case.

WHEREFORE, PREMISES CONSIDERED, 3M requests that upon trial hereof, Plaintiffs recover nothing from 3M; that 3M have judgment for contribution as heretofore plead and according to law; for a determination of the liability of persons who are not Defendants for

any negligence, breach of warranty, or breach of regulatory duty on their part which injured or

damaged Plaintiffs, with a pro rata reduction of any liability 3M might have; that 3M recover its

costs of suit for sanctions; and for such other legal and/or equitable relief to which 3M shows

itself justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Eduardo Roberto Rodriguez by Carl Faul
State Bar No. 17144000
Marjory C. Batsell
State Bar No. 04631400
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax: (956) 541-2170

**EDUARDO ROBERTO RODRIGUEZ IS THE
ATTORNEY OF RECORD FOR
DEFENDANT MINNESOTA MINING AND
MANUFACTURING COMPANY**

David M. Taylor
State Bar No. 19687900
Catherine K. Faubion
State Bar No. 06852450
THOMPSON, COE, COUSINS & IRONS, L.L.P.
200 Crescent Court, 11th Floor
Dallas, Texas 75201-1853
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant Minnesota Mining and Manufacturing Company's Original Answer to Plaintiffs' Original Petition and Answer to All Cross Actions has this day been mailed by certified mail, return receipt requested, to Darrell Dexter Davila, Gayle Mortola-Strasser and Peter A. Kraus, Waters & Kraus, 3219 McKinney Avenue, Suite 3000, Dallas, Texas 75204, attorneys of record for Plaintiffs, on June 30, 2000, and to all other known counsel of record by regular mail.

Catherine K. Faubion

**MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 11**

Doc ID FAUBC-522847
5800-0013

## NO. 2000-05-2030-D

| | | |
|---|---|---|
| ARCHIE KOWALIK AND MARTHA KOWALIK | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, TEXAS |
| ABLE SUPPLY COMPANY, ET AL | § § § | 103RD  JUDICIAL DISTRICT |

## GAF CORPORATION'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GAF Corporation, Defendant herein, and files its Motion to Transfer Venue and Subject Thereto its Original Answer, and would respectfully show the Court the following:

### MOTION TO TRANSFER VENUE

#### I.

Under Texas Civil Practice and Remedies Code, Section 15.002 and Section 15.033, this County is not a proper county of venue as to GAF in that it is not:

1. the county in which all or a substantial part of the events or omissions giving rise to each Plaintiff's claim occurred;

2. the county of the Defendant's principal office in this state; or

3. the county in which Plaintiffs resided at the time of the accrual of the cause of action.

This is an asbestos lawsuit.  Plaintiffs' Original Petition fails to allege any proper basis for venue as to GAF and therefore, this case should be transferred to a County of proper venue.

MW/210504

# ORIGINAL ANSWER

## I.

Any alleged injuries sustained by plaintiffs were caused by products, persons, and entities for whom GAF Corporation has no legal responsibility.

## II.

Defendant would show that, unless its liability for punitive damages, if any, and the amount thereof are both required to be established by clear and convincing evidence, any award of punitive damages against defendant, as sought by plaintiff, would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## III.

Defendant would show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages without bifurcating the trial as to all punitive damage issues would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## IV.

In the alternative, defendant would show that Plaintiffs' claim for damages against it cannot be sustained because an award of punitive damages subject to no predetermined limit on the amount of punitive damages that a jury may impose, such as a maximum multiple of compensatory damages or maximum dollar amount, would violate the excessive fines clause of the United States Constitution and defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## V.

Defendant would show that Plaintiffs' claim for punitive damages against it cannot be sustained because

MW/210504

-2-

an award of punitive damages by a jury that, (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive award, (2) is not instructed on the limits of punitive damages proposed by the applicable principals of deterrents, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory damages, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and (5) is not subject to judicial review on the basis of objective standards, but violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

VI.

Defendant would show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages for the purpose of compensating plaintiff for elements of damages not otherwise recognized by Texas law or otherwise recoverable as compensatory damages, would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.  Defendant would further show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate defendant's rights under Amendments Four, Five, Six and Nine to the United States Constitution and under Sections IX, X, XIV and XIX of Article I of the Texas Constitution.

VII.

Should an award of punitive damages be assessed and sustained, Defendant pleads the statutory cap for punitive damages set forth in Texas Civil Practice & Remedies Code § 41.008(b).

WHEREFORE, PREMISES CONSIDERED, GAF Corporation requests its Motion to

Transfer Venue be granted and that plaintiffs take nothing by their suit and for such other relief as it

shall show itself entitled.

Respectfully submitted,

MEHAFFY & WEBER
Attorneys for GAF Corporation

By _____

GENE WILLIAMS
State Bar No. 21535300
ERNEST W. BOYD
State Bar No. 00783694
MICHELE Y. SMITH
State Bar No. 00785296

Post Office Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5729

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been
forwarded to Plaintiffs' counsel of record on this the ___10__ day of ___July___, 2000.

_____

Ernest W. Boyd

MW/210504

-4-

**MEHAFFY & WEBER**
A PROFESSIONAL CORPORATION
**ATTORNEYS AT LAW**
**2615 CALDER AVENUE**
**POST OFFICE BOX 16**
**BEAUMONT, TEXAS 77704**

ONE ALLEN CENTER
500 DALLAS, SUITE 1200
HOUSTON, TEXAS 77002
TELEPHONE (713) 655-1200
FAX (713) 655-0222

1005 GREEN AVENUE
P.O. BOX 189
ORANGE, TEXAS 77630
TELEPHONE (409) 886-7766

TELEPHONE (409) 835-5011
FAX (409) 835-5177
(409) 835-5723

July 10, 2000

Re:   Cause No. GN0-01254; William Radtke, et al, vs. Able Supply Company, et al;
      In the District Court of Travis County, 345ᵗʰ Judicial District; MW File 6901-0947.

Ms. Amalia Rodriquez-Mendoza, District Clerk
306 Courthouse
1000 Guadalupe St.
P.O. Box 1748
Austin, Texas 78767-1748

Dear Ms. Rodriquez-Mendoza:

Enclosed for filing in connection with the above is GAF Corporation's

**GAF CORPORATION'S MOTION TO TRANSFER VENUE**
**AND SUBJECT THERETO, MOTION TO DISMISS,**
**OBJECTION TO JOINDER, AND ORIGINAL ANSWER**

Please acknowledge receipt of this filing by returning the enclosed copy of this letter to me in the enclosed envelope. By copy of this letter, I am furnishing Plaintiffs' counsel with an exact duplicate of same.

Thank you for your courtesy in this regard.

Yours very truly,

Ernest W. Boyd
For the Firm

EWB/jtl
Enclosures

cc: Waters & Kraus
    4807 W. Lovers Lane
    Dallas, Texas 75209

All known counsel of record

MW/229577

*Certified g Knowlix (Cameron County)*

## NO.GN0-01254

| | | |
|---|---|---|
| WILLIAM RADTKE, SR AND RADTKE, ET AL | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § § § | TRAVIS COUNTY, TEXAS |
| ABLE SUPPLY COMPANY, ET AL | § § § | 345TH JUDICIAL DISTRICT |

### GAF CORPORATION'S MOTION TO TRANSFER VENUE AND SUBJECT THERETO, MOTION TO DISMISS, OBJECTION TO JOINDER, AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GAF Corporation, Defendant herein, and files its Motion to Transfer Venue, and Subject Thereto, Motion to Dismiss, Objection to Joinder, and Original Answer and would respectfully show the Court the following:

### MOTION TO TRANSFER VENUE

I.

Under Texas Civil Practice and Remedies Code, Section 15.002 and Section 15.033, this County, Texas, is not a proper county of venue as to GAF in that it is not:

1.  the county in which all or a substantial part of the events or omissions giving rise to each Plaintiff's claim occurred;

MW/210624

2.      the county of the Defendant's principal office in this state; or

3.      the county in which Plaintiffs resided at the time of the accrual of the cause of action.

This is an asbestos lawsuit.  Plaintiffs' Original Petition  fails to allege any proper basis for venue as to GAF and therefore, this case should be transferred to a County of proper venue.

## MOTION TO DISMISS PLAINTIFFS' CLAIMS

Subject to its Motion to Transfer Venue, and without waiving same, GAF Corporation files this its Motion to Dismiss Plaintiffs' claims, and would show unto the Court as follows:

1. THE FACTS:  This is an asbestos personal injury case.  The plaintiff(s) filed their lawsuit alleging personal injury arising from asbestos exposure from a state other than Texas or did not plead a state of exposure.  At the time Plaintiffs' claims arose, they were not residents of the state of Texas and do not allege exposure to asbestos in the state of Texas.  See Plaintiffs' Original Petition and any subsequent petitions on file in this case.  This case should be dismissed based on Forum Non Conveniens on the grounds that there is no basis to prosecute the case in this county.

2. THE LAW:  This claim is governed by Tex. Civ. Prac. & Rem. Code Ann. §71.052.  This section provides for the dismissal of this claim:

Sec. 71.052. **JURISDICTION; ELECTION; STIPULATIONS,** (a) This section applies only to a claim for personal injury or wrongful death in which:

(1)     the plaintiffs were not residents of this state at the time the claim arose;

(2)     the plaintiffs' claim arose outside this state; and

(3)     the plaintiffs' claim alleges that harm was caused by exposure to asbestos fibers.

-2-

(b)    The court, on motion of a defendant, shall dismiss each claim against the defendant that is subject to this section and was filed in this state on after January 1, 1997, on the filing of a stipulation by the defendant that, for purposes of limitations, the filing of the claim in another forum would relate back to the date each plaintiff filed his claim in this state.

3.  RELIEF REQUESTED:   Because this asbestos personal injury case was filed by out-of-state plaintiffs after January 1, 1997, this Court must dismiss the case in Texas subject to a stipulation related to limitations by GAF Corporation which would allow the filing of this case in some other state of proper jurisdiction.

GAF Corporation, through the undersigned counsel, hereby stipulates in writing that upon dismissal of these claims, for purposes of limitations, the filing of the claim in another forum would relate back to the date the Plaintiffs filed their claims in this state.  See Tex. Civ. Prac. & Rem. Code, §71.052(b).  In addition, to the extent required by this Court, GAF Corporation also stipulates that upon dismissal of this case and the refiling of a new case in another jurisdiction, the Plaintiffs may elect that the Plaintiffs and Defendant may "(1) rely on responses to discovery already provided under Texas Rules of Civil Procedure, plus any additional discovery that may be connected under the rules of civil procedure in the other state or (2) use responses to discovery already provided and conduct additional discovery as permitted under the rules of civil procedure in another state." Tex. Civ. Prac. & Rem. Code §71.052(f).

WHEREFORE, PREMISES CONSIDERED, GAF Corporation respectfully prays that the court dismiss plaintiffs' claims against GAF Corporation in their entirety and for such other and further relief, both a law and in equity, to which GAF Corporation may show itself justly entitled.

MW/210624

## OBJECTION TO JOINDER

Subject to its Motion to Transfer Venue, and without waiving same, Defendant GAF CORPORATION ("GAF") objects under § 15.003 of the Texas Civil Practice & Remedies Code to the joinder of plaintiffs, and subject to that objection, answers Plaintiffs' pleadings, as follows:

1.      Multiple people have sought to join as plaintiffs in this case.

2.      To the extent that additional people seek to join or intervene as plaintiffs after the filing of this objection, this objection is addressed to their attempted joinder or interventions as well as to the attempted joinder that has already occurred.

3.      Texas Civil Practice and Remedies Code §15.003(a) requires that in a suit in which more than one plaintiff is joined, each plaintiff must, independently of any other plaintiff, establish proper venue.  A person who is unable to establish proper venue may not join in the suit as a plaintiff unless that person, independently of any other plaintiff, satisfies each of the following requirements:

(1)      joinder in the suit is proper under the Texas Rules of Civil Procedure;

(2)      maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3)      there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4)      the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and for the persons against whom the suit is brought.

4.      Section 15.003(b) imposes the same requirements on any person who seeks to intervene or join in a pending suit as a plaintiff.

MW/210624

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

I.

Any alleged injuries sustained by plaintiffs were caused by products, persons, and entities for whom GAF Corporation has no legal responsibility.

II.

Defendant would show that, unless its liability for punitive damages, if any, and the amount thereof are both required to be established by clear and convincing evidence, any award of punitive damages against defendant, as sought by plaintiff, would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

III.

Defendant would show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages without bifurcating the trial as to all punitive damage issues would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

IV.

In the alternative, defendant would show that Plaintiffs' claim for damages against it cannot be sustained because an award of punitive damages subject to no predetermined limit on the amount of punitive damages that a jury may impose, such as a maximum multiple of compensatory damages or maximum dollar amount, would violate the excessive fines clause of the United States Constitution and defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

V.

MW/210624

-5-

Defendant would show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages by a jury that, (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive award, (2) is not instructed on the limits of punitive damages proposed by the applicable principals of deterrents, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory damages, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and (5) is not subject to judicial review on the basis of objective standards, but violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

VI.

Defendant would show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages for the purpose of compensating plaintiff for elements of damages not otherwise recognized by Texas law or otherwise recoverable as compensatory damages, would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution. Defendant would further show that Plaintiffs' claim for punitive damages against it cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate defendant's rights under Amendments Four, Five, Six and Nine to the United States Constitution and under Sections IX, X, XIV and XIX of Article I of the Texas Constitution.

VII.

Should an award of punitive damages be assessed and sustained, Defendant pleads the statutory cap for punitive damages set forth in Texas Civil Practice & Remedies Code § 41.008(b).

WHEREFORE, PREMISES CONSIDERED, GAF Corporation requests that plaintiffs take nothing by their suit and for such other relief as it shall show itself entitled.

MW/210624

-6-

Respectfully submitted,

MEHAFFY & WEBER
Attorneys for GAF Corporation

By _____

GENE WILLIAMS
State Bar No. 21535300
ERNEST W. BOYD
State Bar No. 00783694
MICHELE Y. SMITH
State Bar 00785296

Post Office Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5729

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to Plaintiffs' counsel of record on this the _____ day of _____, 2000.

_____
Ernest W. Boyd

MW/210624

IN RE:  ASBESTOS LITIGATION      §        IN THE DISTRICT COURTS OF
                                 §
                                 §
                                 §        CAMERON COUNTY, TEXAS

## STANDING ORDER #1

Having considered the type and number of asbestos cases pending in Cameron County and after having heard the argument of counsel and reviewing the motions and briefs of the parties, the Court finds that good cause exists for the entry of this Order.

This Order is intended to facilitate the administration of asbestos cases in Cameron County.  This Order shall apply to all cases pending in the District Courts of Cameron County in which a claim for money damages is made for any injury, illness, malignancy, fear of malignancy, mental anguish, loss of consortium, survival benefits, wrongful death or other damages claimed as a result of exposure to products containing asbestos.

## SPECIFIC ORDERS

1.   The District Clerk of Cameron County shall maintain a file entitled "In Re: Asbestos Litigation" which file may be referred to as the "Master Asbestos File".  A motion or other instrument filed in the Master Asbestos File is deemed filed in

CAMERON.ORD

-2-

each and every asbestos case in which the filing party has made an appearance and to which it may be applicable, and is incorporated by reference into such case and file for all purposes. Case specific motions shall be filed in the applicable case file and should not be filed in the Master Asbestos File.

2.    Motions concerning common issues filed in the Master Asbestos File shall be served upon opposing counsel seven (7) or more days in advance of the requested hearing date, unless a longer notice period is mandated by the Texas Rules of Civil Procedure. The Court may entertain emergency motions and hearings otherwise.

3.    The Clerk shall maintain a master service list of all counsel representing parties in any asbestos case filed in Cameron County. Counsel for each party shall be listed once and any party required to serve any notice in an asbestos case governed by this Order shall serve one copy of the document to be served on counsel for each party as appearing on the master service list attached hereto as Exhibit "A" as appropriate. Said master service list shall be updated periodically and circulated by the Court as the need arises.

CAMERON.ORD

-3-

4.   Service of any and all motions shall be upon all counsel as appropriate under the Texas Rules of Civil Procedure on the master service list.   It is the responsibility of counsel to ensure correct listing on the master service list.

5.   After appearance date of each asbestos case, all counsel for defendants in that particular case shall confer and designate a Liaison Defense Counsel.   Such counsel shall be responsible to act as a coordinator for the scheduling of certain discovery matters.   Liaison Defense Counsel chosen for each case shall file a notice of such designation in the particular case and advise Plaintiffs' counsel of same.   The responsibilities of Liaison Defense Counsel will be limited to the scheduling and orderly administration of Plaintiff ~~and coworker~~ depositions, Independent Medical Examinations, medical records review, and/or pathology material review in those cases assigned to that particular liaison counsel.   This order is not to be construed as to enable Liaison Defense Counsel to appear for parties other than the specific client(s) of the liaison counsel with regard to any matter.

CAMERON.ORD

-4-

6.   Plaintiffs in each case filed in Cameron County prior to the date this Order is signed shall serve answers and\or objections to the master sets of discovery which are attached hereto as Exhibit "B" within ninety (90) days of the date of this Order, if not previously served.   Copies of the answers and\or objections shall be served upon each party.   If Plaintiffs have previously answered these interrogatories and requests for production, they need only supplement their answers pursuant to paragraph 20 of this Order and the Texas Rules of Civil Procedure.

7.   For all cases filed on or after the date this Order is signed, each Plaintiff shall provide their answers and\or objections to the master discovery interrogatories and requests for production within ninety (90) days of the date of filing of Plaintiff's Original Petition.

8.   Simultaneously with the filing and service of answers to master discovery, Plaintiffs will provide the Defendants with signed authorizations to enable Defendants to obtain medical records, VA records, income tax records, social security records, military records and personnel records.

CAMERON.ORD

-5-

9.   Each Defendant shall serve answers and\or objections to the Master Set of Discovery to Defendants attached hereto as Exhibit "C",-within ninety (90) days of the date of this Order or within 90 days of the date of a defendant's Appearance Day for cases filed on or after the date of this Order, whichever is later, if not previously served.  Copies of the answers and/or objections shall be served upon each party.

10.   Nothing in this Order shall preclude any party from pursuing additional written discovery which is not duplicative of a master discovery request.  The additional non-duplicative written discovery will be as provided by the Texas Rules of Civil Procedure. Prior to serving additional written discovery, counsel for the party propounding the discovery shall confer with counsel for the party responding to the discovery regarding the nature and extent of the additional written discovery.  All additional written discovery shall contain a certificate by the party filing same that such conference has been held.

11.   Plaintiffs' in each case filed in Cameron County shall designate all "product identification witnesses" whom they

CAMERON.ORD

-6-

intend to testify at the trial of their case as soon as practicable
but no later than ~~sixty (60)~~ seventy (75) days before the date of trial.  Such
designation shall include the name of the witness and current
address of the witness as well as the accompanying product
information relating to that witness.  Plaintiffs shall provide
identification of worksites and the product information; i.e. work
history sheets, ninety (90) days after filing their petition

12.  Unless the Plaintiff through his or her counsel
produces a letter from his or her treating physician which states
that Plaintiff may not travel due to a medical condition,
Plaintiff's discovery or trial deposition shall be noticed to take
place in Cameron County, Texas or at such other location as can be
agreed to by Plaintiff's Counsel and Liaison Defense Counsel unless
such agreed location is objected to in writing by any party at
least three days prior to the date for which the deposition is
noticed.  Any physician letter produced to show that Plaintiff may
not travel due to a medical condition must actually specify the
medical condition or illness precluding travel by the Plaintiff.
Plaintiffs, excluding those alleging diagnoses of mesothelioma, who

CAMERON.ORD

-7-

are "too sick to travel" for purposes of a deposition and/or defense medical examination shall not personally appear at the trial of their cause unless defendants are given a reasonable opportunity to conduct an Independent Medical Examination in Texas at least thirty (30) days prior to trial. The defendants reserve the right to request a physical examination, pursuant to Rule 167a of the Texas Rules of Civil Procedure, of plaintiffs alleging a diagnosis of mesothelioma which alleged condition precluded that plaintiff's ability to travel to Texas for his/her deposition or Independent Medical Examination. Plaintiffs reserve the right to object to the request described in the preceding sentence.

13. Defendants are, as a group, entitled to arrange for a medical examination of the Plaintiff, if living, to be conducted by a physician of their choice and at defendants' expense. The request for medical examination should be coordinated by Liaison Defense Counsel, and should be coordinated with each Plaintiff's deposition, if possible. The defendants reserve the right to request additional medical examinations of the plaintiffs at the defendants' expense where justified by the circumstances of a

CAMERON.ORD

-8-

particular case.  Plaintiffs reserve the right to object to the request described in the preceding sentence.  Defendants shall reimburse each plaintiff examined for his/her actual travel expenses (of a reasonable nature) not to exceed Two Hundred and Fifty Dollars ($250.00) if the medical examination takes place outside of Cameron County and more than one hundred (100) miles from the plaintiff's home.

14.  The Defendants are ordered to cause a report of the medical examination described in the preceding paragraph to be reduced to writing and served upon Plaintiffs' counsel as soon as practicable after the examination but no later than thirty (30) days prior to trial unless otherwise agreed by counsel for Plaintiffs and Liaison Defense Counsel.  If said examination takes place within forty five (45) days prior to trial, then Defendants have up to fifteen (15) days prior to trial to provide the written report of the examination.

15.  Parties may amend their pleadings up to thirty (30) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.  Opposing parties may respond to

CAMERON.ORD

-9-

amended pleadings up to fifteen (15) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.

16. Each Defendant with an answer on file is deemed to be asserting a cross-action for contribution and indemnity against each of the other defendants and\or settling persons for any claims they may assert in such action. Cross-actions against Defendants who have been dismissed or non-suited by Plaintiffs will be dismissed thirty (30) days after the dismissal order is signed, unless objection to the dismissal is made in writing. This dismissal will be effective automatically by virtue of this Order without the necessity of any written motion or written order by the Court.

17. Plaintiffs must serve their witness and exhibit lists on or before sixty (60) days prior to trial. Defendants must serve their witness and exhibit lists on or before thirty (30) days prior to trial. Failure to timely serve a list of exhibits or witnesses will result in inadmissibility of exhibits and\or witnesses' testimony unless the party can show good cause for failure. Upon request, a party must produce for copying or

CAMERON.ORD

-10-

otherwise make available for inspection any exhibit.

18.   The parties shall endeavor to reduce paperwork whenever possible.  To this end, the parties are to come to an agreement to implement form pleadings, particularly petitions, to avoid needless redundancy and waste.

19.   Medical records from examining and/or treating physicians, hospitals, clinics or other health-care providers except those records generated and/or obtained from experts for the purposes of litigation, are determined by the Court to be authentic under the Texas Rules of Civil Evidence, unless specific objection is made thereto at least ten (10) days prior to trial.   These records are not to be filed with the Court.   This Order deems medical records authentic and should not be construed to otherwise affect the admissibility of said records.   Objections regarding medical records other than authenticity are still subject to the ruling of the Court pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence.

20.   Plaintiffs agree to provide Defense Counsel with all relevant pathology, chest images and supplemental and/or amended

CAMERON.ORD

-11-

Master Discovery Responses/Discovery Responses as soon as practicable but no later than ninety (90) days prior to trial. In return, Liaison Defense Counsel will provide counsel for Plaintiffs with a copy of defense medical testifying expert reports as soon as practicable but no later than thirty (30) days prior to trial. Should any chest images, pathology, or supplemental and\or amended discovery responses be tendered by plaintiffs sixty (60) to ninety (90) days prior to the trial of any case then defendants will have until fifteen (15) days prior to trial in order to tender defense medical testifying expert reports and supplemental and\or amended discovery responses to Plaintiff's counsel. Should any chest images, pathology or supplemental and\or amended discovery responses be tendered by Plaintiffs less than sixty (60) days prior to trial, then any evidence or information, including but not limited to additional witnesses, expert medical reports and\or exhibits, contained within those materials will not be utilized by Plaintiffs upon the trial of the subject case. Defendants hereby specifically retain the right to file motions for continuance\motions to compel based on a failure to tender or late

CAMERON.ORD

-12-

tender of materials by Plaintiffs.

21.   The Court reserves the right to supplement or modify this Order upon reasonable notice. *Counsel may propose additional paragraphs to the Court for inclusion in the standing order after notice + hearing*

22.   To the extent that matters are not addressed and/or covered by this Standing Order, the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence and local rules of court shall govern.

**SIGNED** this the _3/_ day of _August_, 1995.

_____          _____
Judge, 103rd District Court                 Judge, 197th District Court

_____          _____
Judge, 107th District Court                 Judge, 357th District Court

_____
Judge, 138th District Court

COPIES TO: 9/7/95
ALL KNOWN CONSEL OF RECORD

AUG 3 1 1995

AURORA DE LA GARZA, DIST. CLERK

DISTRICT COURT, CAMERON COUNTY, TEXAS

CAMERON.ORD

-13-

AGREED AS TO FORM:

BARON & BUDD, P.C.

By: _____
      Russell W. Budd
      State Bar No. 03312400
      Angelyn Schmid
      State Bar No. 17764960
      3102 Oak Lawn Avenue
      Suite 1100
      Dallas, Texas 75219
      (214) 521-3605
      (214) 520-1181 (Fax)

ATTORNEYS FOR PLAINTIFFS

BEAN & MANNING, L.L.P.

By: _____
      William J. Cozort, Jr.
      State Bar No. 04967550
      5847 San Felipe Road
      Suite 1500
      Houston, Texas  77057
      (713) 783-7070
      (713) 974-8173 (Fax)

ATTORNEYS FOR OWENS-CORNING FIBERGLAS
CORPORATION, DEFENDANT

CAMERON.ORD

-14-

BOWERS, ORR & ROBERTSON

By: _____

    Thomas Dougall
    State Bar No. 00785457
    1401 Main Street
    Suite 1100
    Columbia, South Carolina 29201
    (803) 252-0494
    (803) 252-1068 (Fax)

ATTORNEYS FOR PROKO
INDUSTRIES, INC.


BROWN, MCCARROLL, OAKS & HARTLINE

By: _____

    T. John Ward
    State Bar No. 20848000
    Melissa K. Ferrell
    State Bar No.
    1300 Wortham Tower
    2727 Allen Parkway
    Houston, Texas  77019-2100
    (713) 529-3110
    (713) 525-6295 (Fax)

ATTORNEYS FOR GARLOCK, INC.
AND THE ANCHOR PACKING COMPANY


CAMERON.ORD

-15-

ORGAIN, BELL & TUCKER, L.L.P.

By: _____
      Michael J. Truncale
      State Bar No. 20258125
      470 Orleans Street
      Beaumont, Texas 77701
      (409) 838-6412
      (409) 838-6959 (Fax)

**ATTORNEYS FOR KELLY-MOORE
PAINT COMPANY**

**CAMERON.ORD**

# EXHIBIT "A"

CVisPDF – www.fesiva.com

**ALLIED-SIGNAL/BENDIX CORPORATION**
Dawn Wright
State Bar No. 12742030
Thompson & Knight
3300 First City Center
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
969-1700
FAX NO. 969-1466

**ANCHOR PACKING COMPANY**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

**ASTEN GROUP, INC.**
Robert B. Summers
State Bar No. 19507700
Thornton, Summers, Biechlin,
  Dunham & Brown, L.C.
1114 Lost Creek Blvd., Suite 215
Austin, Texas 78746
(512) 329-6666
FAX (512) 327-4694

**BORG-WARNER CORPORATION**
Elizabeth Phifer
State Bar No. 15908550
McCue & Lee, P.C.
Three Lincoln Centre
Suite 1050, LB 11
5430 LBJ Freeway
Dallas, Texas 75240
490-0808
FAX NO. 490-9545

CENTER FOR CLAIMS RESOLUTION
RILEY STOKER CORPORATION
H.B. FULLER
RHONE POULENC AG
GEORGIA-PACIFIC CORPORATION
David Crowe (CCR)
State Bar No. 00516425
Gary Elliston (RS/HBF/RP/)
State Bar No. 00658470
Mel Bailey (GP)
State Bar No. 01532100
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**CCR DEFENDANTS INCLUDE:**
Amatex
A.P. Green Refractories
Armstrong World Industries
CertainTeed Corporation
C.E. Thurston & Sons, Inc.
Dana Corporation
Flexitallic Gasket Co., Inc.
GAF Corporation
I.U. North America, Inc. (formerly Unijax)
Maremont Corporation
National Gypsum Company
  (also known as The Asbestos
  Claims Management Corp.
  and the NGC Asbestos Disease
  and Property Damage Settlement Trust)
National Service, Ind., Inc.
  (formerly North Brothers)
NOSROC Corporation
Ferodo America, Inc.
  (formerly Nuturn Corporation)
Pfizer, Inc.
Quigley Company, Inc.
Sheak & Fletcher Insulation
T & N, plc
  (formerly Turner & Newall Inc.)
Union Carbide Corporation
United States Gypsum Company

**CROWN CORK & SEAL COMPANY, INC.**
Frank G. Harmon, III
State Bar No. 09020500
Crain, Caton & James
3300 Two Houston Center
Houston, Texas 77010
(713) 658-2323
FAX (713) 658-1921

**FLINTKOTE**
James M. Harris, Jr.
Bar No. 09065800
Holmes & Harris
P.O. Box 830
550 Fannin Street
Beaumont, Texas 77704
(409) 832-8382
FAX NO. (409) 833-4240

**FOSTER WHEELER ENERGY CORPORATION**
James M. Riley, Jr.
State Bar No. 16931800
Coats, Rose, Yale,
  Holm, Ryman & Lee
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
(713) 651-0111
FAX (713) 651-0220

EXHIBIT

A

GARLOCK INC
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-5295

GENERAL REFRACTORIES COMPANY
Neil Rambin
State Bar No. 16492800
Strasburger & Price
4300 NCNB Plaza
44th Floor
901 Main Street
Dallas, Texas 75202
651-4300
FAX NO. 651-4330

GEORGIA PACIFIC CORPORATION
Mel Bailey
State Bar No. 01532100
Dehay & Elliston, L.L.P.
717 North Harwood, Suite 1500
Dallas, Texas 75201
(214) 953-5454
FAX (214) 953-5455

HARBISON-WALKER REFRACTORIES
INDRESCO, INC.
Mark A. Hendrix
State Bar No. 09460500
Vial, Hamilton, Koch & Knox
1717 Main Street, Ste. 4400
Dallas, TX 75201
712-4400
FAX NO. 712-4402

KAISER ALUMINUM & CHEMICAL
Craig S. Wolcott
State Bar No. 21845475
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
(713) 654-1111
FAX (713) 655-9212

KELLY-MOORE PAINT COMPANY
Michael J. Truncale
Orgain, Bell & Tucker, L.L.P.
470 Orleans Street
Beaumont, TX 77701
(409) 838-6412
FAX NO. (409) 838-6959

METROPOL.....d LIFE INSURANCE
John L. Hill, Jr.
State Bar No. 00000027
Liddell, Sapp, Zivley,
   Hill & LaBoon, L.L.P.
3300 Texas Commerce Tower
Houston, Texas 77002
(713) 226-1200
FAX (713) 223-3717

M. H. DETRICK
Ned Johnson
State Bar No. 10712000
Richard Ferguson
State Bar No. 06919700
Johnson & Associates
4900 Woodway, Suite 1100
Houston, Texas 77056
(713) 961-3730
FAX NO. (713) 961-5438

"3 M"
Anthony E. Pletcher
State Bar No. 16069800
White,Huseman,Pletcher & Powers
800 Leopard Street, Suite 2100
Corpus Christi, Texas 78403-2707
(512) 883-3563
FAX (512) 883-0210

NORTH AMERICAN REFRACTORIES
James Powers
State Bar No. 16217400
Roberts, Markel, Folger & Powers
24 Greenway Plaza
Suite 2020
Houston, Texas 77046
(713) 961-2800
FAX NO. (713) 961-5090

OWENS CORNING FIBERGLAS
William Cozort
Bean & Manning, L.L.P.
5847 San Felipe
Suite 1500
Houston, Texas 77057
(713) 783-7070
FAX (713) 783-7157

OWENS-ILLINOIS, INC.
Peter Moir
State Bar No. 142545
800 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
FAX (214) 953-6503

**PITTSBURGH CORNING CORPORATION**
R. Lyn Stevens
State Bar No. 19189020
Weller, Wheelus, Green
550 Fannin Street
5th Floor, Petroleum Tower
Beaumont, Texas 77701
(409) 838-0101
FAX (409) 838-6780

**PROKO INDUSTRIES, INC.**
Thomas Dougall
Bowers, Orr & Robertson
1401 Main Street, Suite 1100
Columbia, South Carolina 29201
(803) 252-0494
FAX (803) 252-1068

**RILEY STOKER CORPORATION**
Gary Elliston
State Bar No. 06584700
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**ROCK WOOL MANUFACTURING**
Richard N. Evans
State Bar No. 06726000
Evans & Evans
2528 Calder Avenue
Beaumont, TX 77702
(409) 838-0522
FAX (409) 838-0525

**SYNKOLOID**
Kathryn Hermes
State Bar No. 15156500
Patterson, Lamberty, Stanford,
 Walls, Dwyer, Inc.
2011 Cedar Springs at Harwood
Suite 100
P. O. Box 1078
Dallas, Texas 75221-9990
(214) 871-2200
FAX (214) 871-0521

**UNITED STATES MINERAL PRODUCTS**
Brian S. Clary
State Bar No. 04325100
55 Waugh Drive, Suite 1200
Houston, TX 77707
(713) 861-9595
FAX (713) 861-7679

**UNIROYAL HOLDING, INC.**
Richard L. Forman
Forman, Perry, Watkins & Krutz
Suite 1200, One Jackson Place
188 E. Capitol Street
Jackson, MS 39325-2608
(601) 960-8600
FAX NO. (601) 960-8613

**W. R. GRACE & CO. - CONN.**
Patricia Kelly
State Bar No. 01378500
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
Harlingen, TX 78550
(210) 428-7495
FAX (210) 428-2954