IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

------------------------------------------------------------------------------

| | |
|---|---|
| ARCHIE KOWALIK and | § |
| MARTHA KOWALIK | § |
| PLAINTIFFS | § |
| | § |
| VS. | § |
| | § |
| | § |
| | § |
| | § |
| ABLE SUPPLY COMPANY; | § |
| AC&S, INC.; | § |
| ALCOA INC.; | § |
| A.P. GREEN INDUSTRIES INC; | § |
| ARMSTRONG WORLD | § |
| INDUSTRIES, INC.; | § |
| ASBESTOS CLAIMS MANAGEMENT | § |
| CORP. F/K/A NATIONAL GYPSUM; | § |
| BROWN & ROOT, INC.; | § |
| COMBUSTION ENGINEERING, INC.; | § |
| CROWN CORK & SEAL; | § |
| FIBREBOARD CORPORATION; | § |
| FLINTOKE COMPANY; | § |
| FOSTER WHEELER ENERGY CORP.; | § |
| GAF CORPORATION; | § |
| GARLOCK INC; | § |
| GASKET HOLDING INC; | § |
| GENERAL REFRACTORIES COMPANY; | § |
| GEORGIA-PACIFIC CORPORATION; | § |
| GUARDLINE, INC.; | § |
| HARBISON-WALKER REFRACTORIES; | § |
| INDRESCO INC; | § |
| KAISER ALUMINUN & | § |
| CHEMICAL CORP; | § |
| KELLY MOORE PAINT COMPANY; | § |
| METROPOLITAN LIFE INSURANCE CO.; | § |
| MINNESOTA MINING & | § |
| MANUFACTURING; | § |
| NORTH AMERICAN REFRACTORIES | § |
| COMPANY; | § |

C. A. **B-01-180**

OWENS-CORNING                          §
FIBERGLAS CORP.;                       §
OWENS-ILLINOIS, INC.;                  §
PPG INDUSTRIES, INC.;                  §
PROKO INDUSTRIES;                      §
QUIGLEY COMPANY;                       §
RAPID-AMERICAN CORPORATION;            §
RILEY STOKER CORP.;                    §
THE SYNKOLOID COMPANY;                 §
J.T. THORPE COMPANY;                   §
UNIROYAL HOLDING, INC. ;               §
U.S. GYPSUM COMPANY;                   §
U.S. MINERAL PRODUCTS                  §
COMPANY;                               §
W.R. GRACE & CO.—CONN.;                §
          DEFENDANTS

# EMERGENCY MOTION
## TO TRANSFER CIVIL ACTION PURSUANT TO  28 U.S.C.
## § 157(b)(5) FOR VENUE DETERMINATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

GARLOCK INC ("Garlock" or "Movant") files this Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) For Venue Determination ("Transfer Motion"), simultaneously with its Applications and Notice of Removal of this pending asbestosis injury suits as follows:

### I.
### JURISDICTION

1.    The Removed Case was removed to this court pursuant to 28 U.S.C. § 1452(a) and this Court's jurisdiction pursuant to 28 U.S.C. § 1334, and 28 U.S.C. § 157(b)(5) and § 157(b)(2)(B).

2.    This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334 subject to the jurisdictional grant of 28 U.S.C. § 157(b)(5).

### II.
### PRELIMINARY STATEMENT
### REGARDING REMOVAL AND THIS MOTION

**A.    Garlock's Claims and the Debtor's Chapter 11 Case:**

3.    Garlock filed its Applications and Notice of Removal (the "Garlock Removed Case") to this District Court.   Each party to this Removed Civil Action has a claim against the Debtor:

(i).    Each Plaintiff in this Removed Case has a wrongful death and personal injury against the Debtor governed by 28 U.S.C. § 157(b)(5) which action is stayed by 11 U.S.C. § 362 and each Plaintiff must file a proof of claim in the Debtor's Chapter 11 case in order to preserve this claim [notwithstanding the fact that it may be entitled to a jury trial of this proof of claim].

(ii).    Each non-settling, non-debtor Defendant in this Removed Case has a cross-claim for contribution or indemnification against the Debtor arising out of this Removed Case which cross-action is stayed by 11 U.S.C. § 362 and, dependent upon a trial and determination of the wrongful death and personal injury against the Debtor, likewise governed by 28 U.S.C. § 157(b)(5) such that each cross-plaintiff (i.e. Garlock) must file a proof of claim in the Debtor's Chapter 11 case and may be entitled to a jury trial of this proof of claim.

(iii).    The debtor, as a co-Defendant in this Removed Case, at least with respect to each non-settling co-Defendant, has a cross-claim for contribution or indemnification against each other co-Defendant arising out of, and dependent upon a trial and determination of the wrongful death and personal injury against the Debtor, likewise governed by 28 U.S.C. § 157(b)(5), which Debtor-owned cross action is also stayed by 11 U.S.C. § 362 and which adjudication must occur in a bankruptcy related or controlled proceeding to protect these rights and assets ("property of the estate").

Each of these various claims arise out of the exact same common nucleus of operative facts and none of these cases may be liquidated except by jury trial.    [*See*, §§ 157(b)(2)(b) and 157(b)(5)].  Thus, severance or non-suit of the Debtor, at a minimum, doubles the number of jury trials required to resolve this Removed Case.

4.     Contemporaneous with the Application and Notice of Removal, Garlock has filed this Motion to Transfer this case to the "Home" District Court in the District of Delaware, the district in which the Debtor's bankruptcy case is pending pursuant to the mandates of 28 U.S.C. § 157(b)(5).

5.     As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362.  *See* ***Pope vs. Manville Forest Product Corporation***, 778 F.2d 239 (5th Cir. 1985).  Debtor alleges and believes that all actions, including any attempt at severance or dismissal of the Debtor after filing of its Chapter 11 case are likewise stayed as to cases in which there is filed, prior to such attempt at dismissal or non-suit, a cross-claim for indemnification or contribution against the Debtor.  In fact, it is the general consensus of courts that claims for contribution or indemnity are subject to the automatic stay generally.  Claims for indemnification and contribution ". . . obviously would affect the size of the estate and the length of time the bankruptcy proceedings will be pending,[1] as well as (the Debtor's) ability to resolve its liabilities and proceed with reorganization."[2]  As further evidence of the impact of contribution and

---

[1]     *See also,* ***A.H. Robins Co. v. Piocc***, 788 F.2d 1994, 1000-10001 (4th Cir.), cert. denied, 479 U.S. 876 (1986) (adverse judgment against party indemnified by Debtor would preclude Debtor from litigating merits of claim); *see also* ***Kossman v. TJX Companies, Inc.***, 136 Bankr. Rptr. 640, 642 (W.D. Pa. 1991) (where debtor indemnification exists, a judgment for the plaintiff would have an effect on the bankruptcy estate, "as some part of the estate would be susceptible to being diverted to meet the indemnity obligation"); ***Apex Investment Assocs., Inc. v. TJX Companies, Inc.***, 121 Bankr. Rptr. 522, 526-27 (N.D. Ill. 1990) (because of existence of debtor's indemnification, "[t]he resolution of this case will affect the arrangement of the creditors, and alter the debtor's rights and liabilities with respect to the claims against the estate"); ***Philippe v. Shape, Inc.***, 103 Bankr. Rptr. 355, 358 (D. Me. 1989) (where indemnification exists, "a judgment in favor of the plaintiff . . . would automatically result in indemnification liability on the part of [the debtor]"); ***In re Brentano's***, 27 Bankr. Rptr. 90, 91 -92 (Bankr. S.D. N.Y. 1983) (a judgment in favor of the plaintiff would automatically result in liability against the indemnitor-debtor).

[2]     In dealing with the 28 U.S.C. § 157(b)(5) transfer of the shareholder and contribution claims by way of mandamus to compel the District Court to assume jurisdiction in deciding whether to transfer these cases, the Sixth Circuit in ***In re Dow Corning***, 183 F.3d 129 (6th Cir. 1996) noted:

indemnity claims, in the *Dow* case the bankruptcy court (as in other mass tort cases) permitted the contribution claimants to form their own official committee.[3]

**B.     Garlock's basis for this Transfer Motion -- 28 U.S.C. § 157(b)(5)**

6.     The basis for this Motion to Transfer is the mandatory venue determinations of a removed personal injury case in the District Court in Delaware provided in of title 28 U.S.C. § 157(b)(5):

> "The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending*. (Emphasis added)." 28 U.S.C. § 157(b)(5).

---

*"We further acknowledged that the risk to the debtor's estate would be substantially enhanced "if the claims against Dow Chemical and Corning Incorporated are allowed to proceed separately" from those against Dow Corning. Id.* at 495.   After outlining the risks to Dow Corning's estate, we remanded to the district court with instructions "to determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases." *Id.* at 497 (quoting *In re Salem Mortgage Co.,* 783 F.2d 626, 635 (6th Cir.1986))." *Id.* at 568. [Emphasis added.]

. . . .

The district court also overlooked the risks to Dow Corning's estate that were clearly articulated in our prior decision. Failing to transfer the claims against the [non-debtors] will likely affect the size of the estate and the length of time the bankruptcy proceedings will be pending, as well as Dow Corning's ability to resolve its liabilities and proceed with reorganization. As we noted in *In re Dow Corning Corp.,* 86 F.3d 482, 493 (6th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997). . . . Therefore, contrary to the district court's determination, the substantial risks identified in our prior decision indicate that the cases against the shareholders should be transferred in the interest of justice. *Id.* at 571.

. . . .

We further find that discretionary abstention from the cases against the shareholders is wholly inappropriate in this case. In our prior decision, we acknowledged the significant impact that our resolution of these issues will have on the future course of this litigation. We also recognized that perfect satisfaction of all interests was impossible. Armed with that realization, we set out to meet the goal of establishing 'a mechanism for resolving the claims at issue in the most fair and equitable manner possible.' Id. at 487." *Id.*

[3]     *In re Dow Corning Corp.,* 194 B.R. 121, 144 (Bankr. E.D. Mich, 1996) *rev'd on other grounds* 212 B.R. 258 (E.D. Mich 1997); *See,* also *In re Dow Corning,* 183 F.3d 129 (6th Cir. 1996)]; *In re Dow Corning,* 244 B.R. 721, 746 (Bankr. E.D. Mich. 1999).

Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court action against the debtor irrespective of the district in which the controversy is pending or was removed (the "Home" court being the United States District Court for the "district in which case is pending").

7.    It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy case be conducted in the district in which the bankruptcy petition was filed (the "home court").[4]  This policy, along with the policy considerations of 28 U.S.C. §157(B)(5) dictates in these special circumstances, removal to the "Home" District Court for the following legal and practical reasons.

8.    The severance or dismissal of the Debtor from this Removed Civil Action, without specific lifting of the automatic stay, will act to substantially damage the Debtor and the Co-Defendants, and violate the mandates of § 157(b)(5), as follows:

    a.    the Debtor's rights of contribution and indemnification will be impacted directly (creating multiple cases involving the same common nucleus of operative facts, possible inconsistent results); and

    b.    any severance or non-suit will act to interfere with the Federal District Court's mandatory and exclusive obligation to determine the venue for trial of these pending personal injury cases against the Debtor free from interference by Plaintiff's unilateral severance or non-suit of the Debtor. For all purposes of liquidation of the amount of these claims where a right to a jury trial exists -- jurisdiction for such jury trial

---

[4]    *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill. 1986) (a strong presumption exists favoring transfer to the home court); *see also* 1 *Collier on Bankruptcy* 11

Page 5

liquidation of the amount of these personal injury claims is vested in the United States

District Court pursuant to 28 U.S.C. § 157(b)(5).  It is only the Federal District Court

which may determine the venue for trial of these cases.  No actions taken after the filing

of this Chapter 11 case may determine which court will conduct a trial of this matter,

except that Federal District Court.[5] The automatic stay must be read to compliment 28

U.S.C. 157(b)(5) fixing the sole determination of the place for trial of these cases with the

Federal District Court.  A severance of the debtor would actually remove the debtor from

a case involving a number of parties, over whom the Federal District Court has exclusive

control for venue (and trial if it is so determined) purpose. In furtherance of that purpose,

the automatic stay makes clear the bankruptcy court's centralized jurisdiction over the

---

3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the proper venue for civil proceedings.").

[5]  "Concededly, section 157(b)(5) does not prescribe any procedure.  The appellants suggest that the procedure to be followed is laid out in 28 U.S.C. 1412, which provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As the appellants correctly construe section 1412, the authority to transfer a suit under that statute rests solely with the court in which the suit is pending and it provides no authority whatsoever to a district court sitting in bankruptcy in one district and having jurisdiction of the bankruptcy to transfer the venue of a case against the bankrupt to another district. Section 157(b)(5), however, expressly confers on the district court sitting in bankruptcy and having jurisdiction of the bankruptcy proceedings the power to fix the venue of any tort case against the debtor pending in other districts.  The purpose of this latter statute was, as Congressman Kastenmeier declared, to centralize the administration of the estate and to eliminate the "multiplicity of forums for the adjudication of parts of a bankruptcy case." 130 Cong.Rec. H 7492, June 29, 1984, reprinted in 1984 U.S.Code Cong. & Adm.News at 579.  That purpose would be thwarted and the plain language of section 157(b)(5) nullified if the power of the district court sitting in bankruptcy to fix the venue for tort claims against a debtor was to be preempted by the provisions of section 1412. We do not believe this to have been the intention of Congress in enacting the two statutes.  Section 157(b)(5) was drafted to cover the procedure in connection with a special group of cases, to wit, personal injury tort claims against a debtor in Chapter 11 proceedings wherever pending and in that connection the section is supreme.  In all other cases related to the bankruptcy proceedings, however, the general statute (i.e., section 1412) would govern.  This, we think, is the proper construction to be given the two statutes.  It is a construction which harmonizes the two sections.  It conforms to that established canon of statutory construction that "[w]e must read the statutes [in those instances where there is any possible conflict] to give effect to each if we can do so while preserving their sense and purpose." *Watt v. Alaska,* 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981); *Columbia Gas v. Federal Energy Regulatory Comm.,* 651 F.2d 1146, 1158 (5th Cir.1981); *Pennsylvania v. Dept. of Health & Human Resources,* 723 F.2d 1114, 1119 (3d Cir.1983).  To accept the appellants' interpretation and to negate the plain language of 157(b)(5) "would violate the basic principle of construction that statutes should be read, if possible, as harmonious texts."  *Leaf Tobacco Exporters Assn. v. Block,* 749 F.2d 1106, 1115 (4th Cir.1984)." *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986). *See, also, A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986).

debtor's assets and "forestall[s] the race to levy upon or make claims against the debtor's property with possibly inconsistent results." *Holland America Ins. v. Roy*, 777 F.2d 992, 995 (5th Cir. 1985).[6]  This "centralized" jurisdiction, however, is not a matter to be multiplied by unilateral actions of parties to pending suits, severing the Debtor from the suit and interfering with the Debtor's right to prosecute in the most expedient forum, its claims and defenses.  This determination is exclusively controlled by the Bankruptcy Court's automatic stay and the Federal District Court's mandatory venue determination.

### a.  All Venue Determinations Are Exclusively in this "Home"[7] Court.

9.     Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court action against the debtor irrespective of the district in which the controversy is pending or was removed.

### b.  The Home District Court Exclusively Fixes Venue:

10.    Accordingly, the congressional policy and case law establishes that the "transferee" "Home" District court's power to so act is not preempted by the general venue provisions of 28 U.S.C. § 1412.  *See, A.H. Robbins, Inc. v. Piocc*, 788 F.2d 994 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986) [the Fourth Circuit had "no difficulty" in finding that the district court in which the bankruptcy was pending had authority under § 157(b)(5) to fix venue of personal injury tort actions against the debtor *regardless of the district in which the controversy*

---

[6]     The automatic stay is "designed 'to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creator from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.'" *In re Continental Airlines*, 177 B.R. 475, 479 (D Del. 1993) (quoting *A.H. Robbins Co. v. Piccinin,*, 788 F.2d 994, 998 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986)).

*was pending*].  In analyzing the grant of "power" for the district court pursuant to Section 157(b)(5), the Fifth Circuit in ***Baumgart v. Fairchild Aircraft Corp.***, 981 F.2d 824 (5th Cir. 1993) said that § 157(b)(5) has specifically enlarged that district court's power to fix venue over the personal injury tort cases related to the bankruptcy pending in such Home District Court and could itself order transfer of the cases from the originating District Court.  The court stated:

> "Moreover, the district court in which the bankruptcy is pending shall have the
> added power to order tried in its own venue personal injury tort and wrongful
> death claims filed elsewhere, or to order such cases tried in the district where
> those claims arose." ***Id.*** (Emphasis added).

### c.     <u>Other District Courts Cannot Determine Venue of a Removed Case</u>:

11.    Since this special venue "power" is granted only to the Home District court where the main bankruptcy case is pending, any other District Court is mandated to transfer any Removed Case to the Home District Court so that only the Home Court makes that venue determination.  ***Fairchild Aircraft*** made the following further observation:

> "The principal cases relied upon by Appellants involve application of §157(b)(5)
> to domestic litigation, which § 157(b)(5) specifically addresses.  Thus, for
> example, in *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986), *cert.
> denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), the district court in
> which was pending the Chapter 11 bankruptcy of the manufacturer of the Dalkon
> Shield, entered a tentative order that all actions against the debtor based upon
> personal injury tort or wrongful death claims arising from use of the Dalkon
> Shield would be tried in that district court.  The principal issue was whether

---

[7]   "Home court" means the federal judicial district in which the bankruptcy petition was filed or is pending.  See, e.g., ***In re Green Tie Realty Corp.***, 14 Bankr. 923, 924 (Bankr.S.D.N.Y.1981); ***H.R.REP. NO. 595***, 95th Cong. 1st Sess. 447 (1977).

transfer of the cases from other districts (5000 cases were pending) *could be ordered by the receiving district court in which the bankruptcy was pending*, or whether transfers, if made at all, would need to be ordered by the various district courts where the cases were pending, pursuant to the general bankruptcy venue statute allowing transfers in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. 1412. The Fourth Circuit had "no difficulty" in finding that the district court in which the bankruptcy was pending had authority under §157(b)(5) to fix venue of personal injury tort actions against the debtor regardless of the district in which the controversy was pending. In reconciling § 1412 with § 157(b)(5) the Court wrote that as to a special group of cases, "to wit, personal injury tort claims against a debtor in Chapter 11 proceedings wherever pending," 157(b)(5) is "supreme."" *Id.* at 831.

*See, also*, *In re Dow Corning Corp.*, 187 B.R. 919 (E.D.Mich., 1995); rev'd *In re Dow Corning Corp.*, 103 F.3d 129 (6th Cir, 1996).

> **d.    Only the "Home" District Court may make venue determinations -- 28 U.S.C. 1452(b) does not apply in this Context:**

12.    It is clear that 28 U.S.C. § 157(b)(5) is a specific (as opposed to general) jurisdictional grant pursuant to this two-step venue statute [written, however, in reverse procedural order]. When read in proper "procedural" order [although there are no procedures set out in the rules regarding this section] the congressional intent is clear:

> <u>First:</u>    *"[A]s determined by the district court in which the bankruptcy case is pending*, . . . "[8]

---

[8]    The First step is mandatory and as the Fifth Circuit noted in *Fairchild Aircraft*, were other District Court's not willing to transfer a removed case to the "Home" Court, the "transferee" District Court may order transfer (although normally, the transfer originates from the transferor District Court where the case is required to be

<u>Second</u>:   "[t]he district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose . . . ."
[Emphasis added.]

The Rules and statues regarding removal of this case mandated removal only to the District Court in the District in which the suit was pending. Under ordinary circumstances, removals pursuant to 28 U.S.C. § 1452(a) [bankruptcy jurisdiction] would be subject to a motion to the general remand provisions of 28 U.S.C. § 1452(b) [remand on any equitable ground -- ". . . the court to which such claim . . . is removed may remand such claim . . . on any equitable ground."] or 28 U.S.C. § 1334(c) [abstention].   However, 28 U.S.C. 157(B)(5) is a specific statute dealing with a specific cause of action to a specific District Court and controls over the general remand (venue determination) provisions of 28 U.S.C. § 1452. *See, eg.* **In re Luongo**, 259 F.3d 323 (5th Cir.(Tex.), 2001) citing **In re Armstrong**, *206 F.3d at 470* ("One basic principle of statutory construction is that where two statutes appear to conflict, the statute addressing the relevant

---

removed).   However, once applied by the proper District Court, other venue or abstention/remand statutes and rules apply such that the case may ultimately be transferred back to the State Court from where it originated. The following observation has been recently made:

> "Federal courts have uniformly held that this provision permits district court judges to abstain from exercising the authority granted by 28 U.S.C. 157(b)(5), where such abstention would be in the interest of justice. *See, e.g.,* **In re Apex Oil Co.**, 980 F.2d 1150, 1152-53 (8th Cir.1992); **In re Pan American Corp.**, 950 F.2d 839, 844 (2d Cir.1991); **In re White Motor Credit**, 761 F.2d 270, 273 (6th Cir.1985). These courts closely scrutinized the legislative history of section 157(b)(5) and section 1334(c)(1), and concluded that Congress expected district courts to follow these steps in ruling on section 157(b)(5) transfer motions:  The district judge [sh]ould first decide whether it should leave the cases with respect to which claims have been filed in the bankruptcy court in the courts in which they are pending and then, if it decides against this course, *the district court must try the cases itself or send them to the federal court for the district in which they arose."* **Marks v. Outboard Marine Corp.**, 974 F.Supp. 406 (D.N.J.,1997).

This language clearly shows that it is the transferee District Court which is to make the determination, just at the Fifth Circuit in **Fairchild Aircraft** indicated. *See, supra. See, also* **In re Dow Corning Corp.**, 187 B.R. 919 (E.D.Mich., 1995); rev'd **In re Dow Corning Corp.**, 103 F.3d 129 (6th Cir, 1996).

matter in more specific terms governs.").[9]  Were this Court to entertain a motion to remand instead of transferring this case, for example, such action in remanding a case by other than the specified "Home" District Court would totally destroy the mandates of § 157(b)(5), inasmuch as the order of remand, upon certification by this Court clerk to the state court, destroys all federal jurisdiction, including bankruptcy jurisdiction to make the § 157(b)(5) venue determination by the Home District Court.  ***Browning v. Navarro***, 887 F.2d 553, 556 (5th Cir.1989).  It is only because there is no specific procedure implementing 28 U.S.C. § 157(B)(5) that Movant Garlock believes that it was required to comply with the Rules of Bankruptcy Procedure and 28 U.S.C. § 1452 and remove this case first to this District Court, followed by this Transfer Motion to implement 157(b)(5).[10]

13.    Transfer is not only evident from the statute itself, but the statutory scheme surrounding 28 U.S.C. § 157(b)(5) dictates in these special circumstances, a removed case must end up in the "Home" District Court for every venue determination.  Pursuant to the policy best stated in ***In re Things Remembered***, 116 S.Ct. 494 (1995),[11] where two statutory provisions exist

---

[9]    *See Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 *471 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)* (superseded by statute on other grounds); *Mennor v. Fort Hood Nat'l Bank, 829 F.2d 553, 557 (5th Cir.1987).*  A similar principle applies to interpretation of various sections of the same enactment.  A provision must be considered in context, *see Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993); *Reich v. Arcadian Corp.,* 110 F.3d 1192, 1195-96 (5th Cir.1997), and the more specific provision within a statute prevails.  *See Nobleman v. American Sav. Bank (In re Nobleman).* 968 F.2d 483, 487-88 (5th Cir.1992).

[10]    The removal directly to the Home District Court would eliminate this ministerial step, and the attendant judicial waste of time.  In any event, a timely removal to another District Court (under 28 U.S.C. §§ 1452 or 1441, 1446) is not jurisdictional, and is held simply to raise a "venue" issue - in this case, the same venue issue statutorily raised by 28 U.S.C. § 157(b)(5)[10] and required to be determined by this "Home" District Court.  *Compare* 28 U.S.C. §§ 1452(a) and 1441 (both permitting removal to the district court "for the district . . . where such [civil] action is pending" by identical language);[10]  *Mackay v. Unita Development Co.*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913).[10]

Neither Congressional Policy nor statutory or rules construction expects litigants to take useless acts, particularly where such acts merely delay a determination that is, in fact, mandated by Congressional policy, however, in face of a Rule and without procedures, Garlock believed that this procedure was required.

[11]    The Supreme Court in *Things Remembered* held that § 1447 fills any gap in § 1452 removal procedure even though only § 1447 had the specific provision at issue.  As to those two statutory provisions, similar, but not identical, the Supreme Court held that "there is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context.  We must therefore give effect to both."  *Id.* at 496.  The Supreme Court explained its conclusions in clear unequivocal language.

(here 28 U.S.C. § 157(b)(5) -vs- 28 U.S.C. §§ 1441, 1446 and 1452, one statute requiring a particular District Court only, and the others referencing District Court's generally), they should be read to give effect to any common stated Congressional policy.  This policy clearly applies in the § 157(B)(5) context and compels transfer of the Removed Case directly to this "Home" District Court to permit the efficient case and § 157(b)(5) venue handling. The general venue observations in *Cook v. Cook*, 215 B.R. 975 (Bankr.E.D.Mich., 1997), in light of the mandates of § 157(b)(5) compel no other result:

> "By use of the singular form, 'District Court,' Congress attempted to give significance to the exclusive jurisdiction of the particular District Court in which a case is commenced or is pending."); [FN3. In support of the last sentence quoted from Norton, the treatise cited *In re Engra, Inc., 86 B.R. 890 (S.D.Tex.1988).* That is either a mis-citation, or we misunderstand Norton's point. *See id. at 893* (declining to interpret 1452 as precluding removal to a non-forum bankruptcy court).] *cf. In re Alabama Fuel Sales Co., 45 B.R. 365, 368 (N.D.Ala.1985)* ("[T]he statutory language [in 1334] was intended to provide jurisdiction ... even after the confirmation of the plan under Chapter 11, so long as the case is still technically pending."); *Wes-Flo v. Wilson Freight Co., 13 B.R. 617, 620-21 (Bankr.S.D.Ohio 1981)* ("[T]he court of exclusive, original jurisdiction must determine in which venue the case must be tried, to meet the convenience of the parties standard.  Until such a determination, even though the case has been properly removed to the court of the district wherein originally filed, the automatic stay of the original court remains in effect as to the parties pending determination of the venue question.  Only the Bankruptcy Court for the Southern District of New York should have jurisdiction to remove its own stay. The stay remains unaltered, except as to the statutory right to removal.... [C]ontrol of the case must be to the bankruptcy court with exclusive jurisdiction with a timely request directed to that court for either a remand or a change of venue....")."

14.    The obvious import of the interpretation and application of § 157(b)(5)'s directive on the administration of the debtor's estate is the type of jurisdictional question which is best decided by the court charged with the responsibility for the effective administration of the

---

"Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. . . . If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction." *Id.* at 497.

debtor's estate. Abstention and remand issues, certainly to be raised in this Removed Case, are best decided by the home bankruptcy court. *In re Covenant Guardian Corp.*, 715 Bankr. Rptr. 246 (Bankr. E.D. Pa. 1987); *In re Durheim*, 215 B.R. 876 (D.Alaska, 1997). Moreover, in ruling on the transfer motion, the District Court must be primarily concerned with "the economic and efficient administration of the estate." *See HME Records, Inc.*, 62 Bankr. Rptr., 611, 613 (Bankr. M.D. Term. 1986); *Butcher*, 46 Bankr. Rptr. at 112 (*citing Commonwealth*, 596 F.2d at 1247), a matter reserved by statute and congressional policy in these personal injury circumstances, to the Home District Court. It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy case be conducted in the district in which the bankruptcy petition was filed (the "home court"). *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill. 1986) (a strong presumption exists favoring transfer to the home court); see also 1 Collier on Bankruptcy 11 3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the proper venue for civil proceedings.").[12] When faced with such a request, the "Home" District Court is required to analyze what effect the continuing litigation of claims against the non-debtor co-defendants could conceivably have on the debtor's bankruptcy estate. *See In re Dow Corning Corporation*, 187 B.R. 919 (E.D. Mich. 1995), rev'd, 86 F.3d 482 (6th Cir.), cert. denied, 117 S. Ct. 718 (1997). This determination is not available, convenient, or economically practical except by the District Court in the division and district where the case is pending.

15.   The "strong presumption" favoring consolidation of all proceedings in the home bankruptcy court has been consistently applied when a state proceeding is removed to an outpost bankruptcy court. *See, e g, Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 Bankr. Rptr. 123, 128

---

[12]    This concern "underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction." *Nixon Machinery*, 27 Bankr. Rptr. at 873.

(Bankr. D. Mass. 1984) (removed action transferred to bankruptcy court where bankruptcy petition filed -- 128 (outpost bankruptcy court a mere "conduit" that "can only speculate as to the effect this proceeding will have on the debtor's bankruptcy proceedings"); *Colarusso v. Burger-King Corp.*, 35 Bankr. Rptr. 365 (Bankr. E.D. Pa.) (same); *Stamm v. Rapco Foam, Inc.*, 21 Bankr. Rptr. 715 (Bankr. W.D. Pa. 1982) (same). The four major criteria identified by the leading bankruptcy cases for determining when an adversary proceeding should be transferred to the home bankruptcy court are as follows:

> (i)     If the case is not transferred, this court and the home bankruptcy court could rule inconsistently;

> (ii)    The effective administration of the estate is paramount and overrides the Plaintiffs' choice of forum;

> (iii)   The home bankruptcy court should rule on jurisdictional matters; and

> (iv)    Claims against indemnified parties will effect the Debtor's estate.

Each of these factors clearly favor transfer of this case independent of the mandatory provisions of 28 U.S. § 157(b)(5).    As an example, when the District Court refused to do so as to removed shareholder suits, the Sixth Circuit expressly transferred all breast implant claims in the United States against the Shareholders to this district finding "related to" jurisdiction based on the chapter 11 case filed by the Debtor. *In re Dow Corning*, 86 F.3d 482 (6th Cir.1996), and *In re Dow Corning*, 113 F.3d 565 (6th Cir.1997).

16.     Consistent with such policies of "home" Bankruptcy Court jurisdiction [*Id.*] and the "home" District Court jurisdiction [regarding these personal injury  suits pursuant to § 157(b)(5)] and particular venue determinations unique to this Chapter 11 case, the Garlock Removed Cases should be transferred directly to this District Court, District of Delaware.

17.     This issue has been addressed in the Southern District of Texas and the District Court's have ordered the transfer pursuant to § 157(b)(5).   *See*, Exhibit 1 and 2 attached hereto.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays upon docketing of the Removed Case an expedited determination is made and that this Court grant this Transfer Motion in all things, and that Defendant GARLOCK INC have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

## CERTIFICATE OF SERVICE

I, _Mitchell C. Chaney_, hereby certify that a true and correct copy of the Motion to Transfer Venue was served by First Class Mail, on all counsel of record listed on Exhibit "3," the attached service list this _22nd_ day of October, 2001:



ClibPDF - www.fastio.com

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 3 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| THE PARENTS INDIVIDUALLY AND AS, | § |
| PARENTS OF JOHN DOES, et al. | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| MARINE MILITARY ACADEMY, et al., | § |
| | § |
| Defendants. | § |

CIVIL ACTION NO. B-00-77

## ORDER OF TRANSFER

BE IT REMEMBERED that on July 31, 2000, the Court GRANTED Defendant - Debtor Marine Military Academy's motion to transfer pursuant to the mandatory provisions of 28 U.S.C. §157(b)(5) (Dkt. No. 3). This case is ORDERED transferred to the United States District Court for the District of Arizona.

DONE at Brownsville, Texas, this _____31_____ day of July 2000.

_____

Hilda G. Tagle

United States District Judge

EXHIBIT 1

CVISPDF – www.fastio.com



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

JUN. 0 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Debbie Wayne, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-075 |
| | § | |
| Marine Military Academy, Inc., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 2, 2000, the Court considered the Defendants'

Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5)

[Docket No. 2]. It is ordered that pursuant to 28 U.S.C. § 157(b)(5) this case is transferred

to the United States District Court for the District of Arizona for such action as that Court

may deem appropriate pursuant to 28 U.S.C. § 157(b)(5).

DONE at Brownsville, Texas, this 2nd day of June 2000.

John Wm. Black
United States Magistrate Judge

EXHIBIT 2

CVisPDF – www.fasiso.com

Cause No. 2000-05-2030-D; *Archie Kowalik, and Martha Kowalik Vs. Able Supply Co., Et Al.* In the 357th District Court of Cameron County, Texas.

Status of Service of Process:        Accomplished Upon All Served

Original Plaintiff's in Removed Case:    Archie Kowalik, and Martha Kowalik

Counsel for Plaintiff:        Peter A. Kraus
Waters & Kraus
3219 McKinney Avenue, Suite 3000Dallas, Texas 75204
Phone:  (214) 357-6244
Fax:    (214-357-7252

Counsel for Defendant, Garlock Inc:    Mitchell C. Chaney
Rodriguez, Colvin & Chaney, L. L. P.
1201 East Van Buren Street
Brownsville, Texas 78522
Phone:  (956) 542-7441
Fax:    (956) 541-2170

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P. 1100 Louisiana, Suite 4200 Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Kenneth Morris | ALCOA INC. | Forman Perry Watkins Krutz & Tardy, PLLC 400 Woodview Tower 1349 Empire Central Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES INC | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Ellsiton | ASBESTOS CLAIMS MANAGEMENT CORP F/K/A NATIONAL GYPSUM | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| | | | | |
|---|---|---|---|---|
| Phillip S. Brown | BROWN & ROOT, INC. | Wilson, Elser, Moskowitz, Edelman & Dicker<br>5000 Renaissance Tower<br>1201 Elm Street<br>Dallas, Texas 75270 | 214-698-8000 | 214-698-1101 |
| Mary Lou Mauro | COMBUSTION ENGINEERING, INC. | Galloway, Johnson, Tompkins & Burr<br>3555 Timmons, Suite 1225<br>Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL | Crain Caton & James<br>3300 Two Houston Center<br>909 Fannin, 33rd Floor<br>Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| James H. Powers | FIBREBOARD CORPORATION | Powers & Frost<br>2600 Two Houston Center<br>Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler<br>550 Fannin Street, Suite 650<br>P.O. Box 830<br>Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORP. | Coats, Rose, Yale, Ryman & Lee, PC<br>800 First City Tower<br>1001 Fannin<br>Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF CORPORATION | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez<br>Mitchell C. Chaney<br>Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P<br>1201 E. Van Buren<br>P.O. Box 2155<br>Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold<br>1717 Main Street, Suite 5400<br>Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson<br>726 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500 | 817-820-0343 | 817-820-0373 |

| | | Fort Worth, TX 76102 | | |
|---|---|---|---|---|
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORP | Hicks, Thomas & Lilienstern 700 Louisiana, Suite 1700 Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY | Brown McCarroll & Oaks Hartline 2727 Allen Parkway, Ste. 1300 Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE CO. | Locke, Liddell 600 Travis St., Suite 3400 Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| Anthony Pletcher | MINNESOTA MINING & MANUFACTURING | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 361-883-0210 |
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS-ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Robert Adams | PPG INDUSTRIES, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Thomas Dougall | PROKO INDUSTRIES | Bowers, Orr & Dougall, L.L.P. 8910 Two Notch Rd., Suite 400 Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Gary Elliston | QUIGLEY COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER CORP. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| David Walsh | THE SYNKOLOID COMPANY | Brin & Brin, P.C. 1202 Third Street Corpus Christi, TX 78404 | 361-881-9643 | 361-883-9970 |

| W. Miller Thomas | J.T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham 413 Shelbyville Street Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
|---|---|---|---|---|
| Hubert A. Crouch | UNIROYAL HOLDING, INC. | Crouch & Inabnett 2300 Fountain Place 1445 Ross Avenue Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. | Adams & Graham, L.L.P. 222 East Van Buren, West Tower P. O Drawer 1429 Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |

-5-

9.    Each Defendant shall serve answers and\or objections to the Master Set of Discovery to Defendants attached hereto as Exhibit "C",·within ninety (90) days of the date of this Order or within 90 days of the date of a defendant's Appearance Day for cases filed on or after the date of this Order, whichever is later, if not previously served.  Copies of the answers and/or objections shall be served upon each party.

10.    Nothing in this Order shall preclude any party from pursuing additional written discovery which is not duplicative of a master discovery request.  The additional non-duplicative written discovery will be as provided by the Texas Rules of Civil Procedure. Prior to serving additional written discovery, counsel for the party propounding the discovery shall confer with counsel for the party responding to the discovery regarding the nature and extent of the additional written discovery.  All additional written discovery shall contain a certificate by the party filing same that such conference has been held.

11.    Plaintiffs' in each case filed in Cameron County shall designate all "product identification witnesses" whom they

CAMERON.ORD

-6-

intend to testify at the trial of their case as soon as practicable
but no later than ~~sixty (60)~~ *seventy (75)* days before the date of trial.   Such
designation shall include the name of the witness and current
address of the witness as well as the accompanying product
information relating to that witness.   Plaintiffs shall provide
identification of worksites and the product information; i.e. work
history sheets, ninety (90) days after filing their petition

12.   Unless the Plaintiff through his or her counsel
produces a letter from his or her treating physician which states
that Plaintiff may not travel due to a medical condition,
Plaintiff's discovery or trial deposition shall be noticed to take
place in Cameron County, Texas or at such other location as can be
agreed to by Plaintiff's Counsel and Liaison Defense Counsel unless
such agreed location is objected to in writing by any party at
least three days prior to the date for which the deposition is
noticed.   Any physician letter produced to show that Plaintiff may
not travel due to a medical condition must actually specify the
medical condition or illness precluding travel by the Plaintiff.
Plaintiffs, excluding those alleging diagnoses of mesothelioma, who

**CAMERON.ORD**

-7-

are "too sick to travel" for purposes of a deposition and/or defense medical examination shall not personally appear at the trial of their cause unless defendants are given a reasonable opportunity to conduct an Independent Medical Examination in Texas at least thirty (30) days prior to trial.  The defendants reserve the right to request a physical examination, pursuant to Rule 167a of the Texas Rules of Civil Procedure, of plaintiffs alleging a diagnosis of mesothelioma which alleged condition precluded that plaintiff's ability to travel to Texas for his/her deposition or Independent Medical Examination.  Plaintiffs reserve the right to object to the request described in the preceding sentence.

13.  Defendants are, as a group, entitled to arrange for a medical examination of the Plaintiff, if living, to be conducted by a physician of their choice and at defendants' expense.  The request for medical examination should be coordinated by Liaison Defense Counsel, and should be coordinated with each Plaintiff's deposition, if possible.  The defendants reserve the right to request additional medical examinations of the plaintiffs at the defendants' expense where justified by the circumstances of a

CAMERON.ORD

-8-

particular case.   Plaintiffs reserve the right to object to the request described in the preceding sentence.   Defendants shall reimburse each plaintiff examined for his/her actual travel expenses (of a reasonable nature) not to exceed Two Hundred and Fifty Dollars ($250.00) if the medical examination takes place outside of Cameron County and more than one hundred (100) miles from the plaintiff's home.

14.   The Defendants are ordered to cause a report of the medical examination described in the preceding paragraph to be reduced to writing and served upon Plaintiffs' counsel as soon as practicable after the examination but no later than thirty (30) days prior to trial unless otherwise agreed by counsel for Plaintiffs and Liaison Defense Counsel.   If said examination takes place within forty five (45) days prior to trial,'then Defendants have up to fifteen (15) days prior to trial to provide the written report of the examination.

15.   Parties may amend their pleadings up to thirty (30) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.   Opposing parties may respond to

CAMERON.ORD

-9-

amended pleadings up to fifteen (15) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.

16. Each Defendant with an answer on file is deemed to be asserting a cross-action for contribution and indemnity against each of the other defendants and\or settling persons for any claims they may assert in such action. Cross-actions against Defendants who have been dismissed or non-suited by Plaintiffs will be dismissed thirty (30) days after the dismissal order is signed, unless objection to the dismissal is made in writing. This dismissal will be effective automatically by virtue of this Order without the necessity of any written motion or written order by the Court.

17. Plaintiffs must serve their witness and exhibit lists on or before sixty (60) days prior to trial. Defendants must serve their witness and exhibit lists on or before thirty (30) days prior to trial. Failure to timely serve a list of exhibits or witnesses will result in inadmissibility of exhibits and\or witnesses' testimony unless the party can show good cause for failure. Upon request, a party must produce for copying or

CAMERON.ORD

-10-

otherwise make available for inspection any exhibit.

      18. The parties shall endeavor to reduce paperwork whenever possible. To this end, the parties are to come to an agreement to implement form pleadings, particularly petitions, to avoid needless redundancy and waste.

      19. Medical records from examining and/or treating physicians, hospitals, clinics or other health-care providers except those records generated and/or obtained from experts for the purposes of litigation, are determined by the Court to be authentic under the Texas Rules of Civil Evidence, unless specific objection is made thereto at least ten (10) days prior to trial. These records are not to be filed with the Court. This Order deems medical records authentic and should not be construed to otherwise affect the admissibility of said records. Objections regarding medical records other than authenticity are still subject to the ruling of the Court pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence.

      20. Plaintiffs agree to provide Defense Counsel with all relevant pathology, chest images and supplemental and/or amended

CAMERON.ORD

-11-

Master Discovery Responses/Discovery Responses as soon as practicable but no later than ninety (90) days prior to trial. In return, Liaison Defense Counsel will provide counsel for Plaintiffs with a copy of defense medical testifying expert reports as soon as practicable but no later than thirty (30) days prior to trial. Should any chest images, pathology, or supplemental and\or amended discovery responses be tendered by plaintiffs sixty (60) to ninety (90) days prior to the trial of any case then defendants will have until fifteen (15) days prior to trial in order to tender defense medical testifying expert reports and supplemental and\or amended discovery responses to Plaintiff's counsel. Should any chest images, pathology or supplemental and\or amended discovery responses be tendered by Plaintiffs less than sixty (60) days prior to trial, then any evidence or information, including but not limited to additional witnesses, expert medical reports and\or exhibits, contained within those materials will not be utilized by Plaintiffs upon the trial of the subject case. Defendants hereby specifically retain the right to file motions for continuance\motions to compel based on a failure to tender or late

**CAMERON ORD**

-12-

tender of materials by Plaintiffs.

      21.   The Court reserves the right to supplement or modify this Order upon reasonable notice. *Counsel may propose additional paragraphs to the Court for inclusion in the standing order after notice & hea*

      22.   To the extent that matters are not addressed and/or covered by this Standing Order, the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence and local rules of court shall govern.

      **SIGNED** this the ___3/___ day of ___August___, 1995.

_____      _____
Judge, 103rd District Court      Judge, 197th District Court

_____      _____
Judge, 107th District Court      Judge, 357th District Court

_____
Judge, 138th District Court

COPIES TO: 9/7/95
ALL KNOWN CONSEL OF RECORD

AURORA DE LA GARZA, DIST. CLERK
AUG 31 1995
DISTRICT COURT, CAMERON COUNTY, TEXAS

**CAMERON.ORD**

-13-

AGREED AS TO FORM:

BARON & BUDD, P.C.

By: _____
    Russell W. Budd
    State Bar No. 03312400
    Angelyn Schmid
    State Bar No. 17764960
    3102 Oak Lawn Avenue
    Suite 1100
    Dallas, Texas 75219
    (214) 521-3605
    (214) 520-1181 (Fax)

ATTORNEYS FOR PLAINTIFFS

BEAN & MANNING, L.L.P.

By: _____
    William J. Cozort, Jr.
    State Bar No. 04967550
    5847 San Felipe Road
    Suite 1500
    Houston, Texas   77057
    (713) 783-7070
    (713) 974-8173 (Fax)

ATTORNEYS FOR OWENS-CORNING FIBERGLAS
CORPORATION, DEFENDANT

**CAMERON.ORD**

-14-

BOWERS, ORR & ROBERTSON

By: _____
             Thomas Dougall
             State Bar No. 00785457
             1401 Main Street
             Suite 1100
             Columbia, South Carolina 29201
             (803) 252-0494
             (803) 252-1068 (Fax)

ATTORNEYS FOR PROKO
INDUSTRIES, INC.

BROWN, MCCARROLL, OAKS & HARTLINE

By: _____
             T. John Ward
             State Bar No. 20848000
             Melissa K. Ferrell
             State Bar No.
             1300 Wortham Tower
             2727 Allen Parkway
             Houston, Texas  77019-2100
             (713) 529-3110
             (713) 525-6295 (Fax)

ATTORNEYS FOR GARLOCK, INC.
AND THE ANCHOR PACKING COMPANY

**CAMERON.ORD**

-15-


ORGAIN, BELL & TUCKER, L.L.P.


By: _____
        Michael J. Truncale
        State Bar No. 20258125
        470 Orleans Street
        Beaumont, Texas 77701
        (409) 838-6412
        (409) 838-6959 (Fax)

ATTORNEYS FOR KELLY-MOORE
PAINT COMPANY


CAMERON.ORD

# EXHIBIT "A"

CVisPDF - www.fwsio.com

**ALLIED-SIGNAL/BENDIX CORPORATION**
Dawn Wright
State Bar No. 12742030
Thompson & Knight
3300 First City Center
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
969-1700
FAX NO. 969-1466

**ANCHOR PACKING COMPANY**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

**ASTEN GROUP, INC.**
Robert B. Summers
State Bar No. 19507700
Thornton, Summers, Biechlin,
  Dunham & Brown, L.C.
1114 Lost Creek Blvd., Suite 215
Austin, Texas 78746
(512) 329-6666
FAX (512) 327-4694

**BORG-WARNER CORPORATION**
Elizabeth Phifer
State Bar No. 15908550
McCue & Lee, P.C.
Three Lincoln Centre
Suite 1050, LB 11
5430 LBJ Freeway
Dallas, Texas 75240
490-0808
FAX NO. 490-9545

**CENTER FOR CLAIMS RESOLUTION**
**RILEY STOKER CORPORATION**
**H.B. FULLER**
**RHONE POULENC AG**
**GEORGIA-PACIFIC CORPORATION**
David Crowe (CCR)
State Bar No. 00516425
Gary Elliston (RS/HBF/RP/)
State Bar No. 00658470
Mel Bailey (GP)
State Bar No. 01532100
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**CCR DEFENDANTS INCLUDE:**
Amatex
A.P. Green Refractories
Armstrong World Industries
CertainTeed Corporation
C.E. Thurston & Sons, Inc.
Dana Corporation
Flexitallic Gasket Co., Inc.
GAF Corporation
I.U. North America, Inc. (formerly Unalex)
Maremont Corporation
National Gypsum Company
   (also known as The Asbestos
   Claims Management Corp.
   and the NGC Asbestos Disease
   and Property Damage Settlement Trust)
National Service, Ind., Inc.
   (formerly North Brothers)
NOSROC Corporation
Ferodo America, Inc.
   (formerly Nuturn Corporation)
Pfizer, Inc.
Quigley Company, Inc.
Shook & Fletcher Insulation
T & N, plc
   (formerly Turner & Newell Inc.)
Union Carbide Corporation
United States Gypsum Company

**CROWN CORK & SEAL COMPANY, INC.**
Frank G. Harmon, III
State Bar No. 09020500
Crain, Caton & James
3300 Two Houston Center
Houston, Texas 77010
(713) 658-2323
FAX (713) 658-1921

**FLINTKOTE**
James M. Harris, Jr.
Bar No. 09065800
Holmes & Harris
P.O. Box 830
550 Fannin Street
Beaumont, Texas 77704
(409) 832-8382
FAX NO. (409) 833-4240

**FOSTER WHEELER ENERGY CORPORATION**
James M. Riley, Jr.
State Bar No. 16931800
Coats, Rose, Yale,
  Holm, Ryman & Lee
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
(713) 651-0111
FAX (713) 651-0220

EXHIBIT
▲

**GARLOCK INC**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas  77019-2100
(713) 529-3110
FAX:  (713) 525-6295

**GENERAL REFRACTORIES COMPANY**
Neil Rambin
State Bar No. 16492800
Strasburger & Price
4300 NCNB Plaza
44th Floor
901 Main Street
Dallas, Texas  75202
651-4300
FAX NO. 651-4330

**GEORGIA PACIFIC CORPORATION**
Mel Bailey
State Bar No. 01532100
Dehay & Elliston, L.L.P.
717 North Harwood, Suite 1500
Dallas, Texas  75201
(214) 953-5454
FAX (214) 953-5455

**HARBISON-WALKER REFRACTORIES**
**INDRESCO, INC.**
Mark A. Hendrix.
State Bar No. 09460500
Vial, Hamilton, Koch & Knox
1717 Main Street, Ste. 4400
Dallas, TX  75201
712-4400
FAX NO. 712-4402

**KAISER ALUMINUM & CHEMICAL**
Craig S. Wolcott
State Bar No. 21845475
400 Two Allen Center
1200 Smith Street
Houston, Texas  77002
(713) 654-1111
FAX (713) 655-9212

**KELLY-MOORE PAINT COMPANY**
Michael J. Truncale
Orgain, Bell & Tucker, L.L.P.
470 Orleans Street
Beaumont, TX  77701
(409) 838-6412
FAX NO. (409) 838-6959

**METROPOL....d LIFE INSURANCE**
John L. Hill, Jr.
State Bar No. 00000027
Liddell, Sapp, Zivley,
   Hill & LaBoon, L.L.P.
3300 Texas Commerce Tower
Houston, Texas  77002
(713) 226-1200
FAX (713) 223-3717

**M. H. DETRICK**
Ned Johnson
State Bar No. 10712000
Richard Ferguson
State Bar No. 06919700
Johnson & Associates
4800 Woodway, Suite 1100
Houston, Texas  77056
(713) 961-3730
FAX NO. (713) 961-5438

**"3 M"**
Anthony E. Pletcher
State Bar No. 16069800
White,Huseman,Pletcher  & Powers
800 Leopard Street, Suite 2100
Corpus Christi, Texas  78403-2707
(512) 883-3563
FAX (512) 883-0210

**NORTH AMERICAN REFRACTORIES**
James Powers
State Bar No. 16217400
Roberts, Markel, Folger  & Powers
24 Greenway Plaza
Suite 2020
Houston, Texas  77046
(713) 961-2800
FAX NO. (713) 961-5090

**OWENS CORNING FIBERGLAS**
William Cozort
Bean & Manning, L.L.P.
5847 San Felipe
Suite 1500
Houston, Texas  77057
(713) 783-7070
FAX (713) 783-7157

**OWENS-ILLINOIS, INC.**
Peter Moir
State Bar No. 142545
800 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas  75201
(214) 953-6500
FAX (214) 953-6503

**PITTSBURGH CORNING CORPORATION**
R. Lyn Stevens
State Bar No. 19189020
Weller, Wheelus, Green
550 Fannin Street
5th Floor, Petroleum Tower
Beaumont, Texas 77701
(409) 838-0101
FAX (409) 838-6780

**PROKO INDUSTRIES, INC.**
Thomas Dougall
Bowers, Orr & Robertson
1401 Main Street, Suite 1100
Columbia, South Carolina 29201
(803) 252-0494
FAX (803) 252-1068

**RILEY STOKER CORPORATION**
Gary Elliston
State Bar No. 06564700
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**ROCK WOOL MANUFACTURING**
Richard N. Evans
State Bar No. 06726000
Evans & Evans
2528 Calder Avenue
Beaumont, TX 77702
(409) 838-0522
FAX (409) 838-0525

**SYNKOLOID**
Kathryn Hermes
State Bar No. 15156500
Patterson, Lamberty, Stanford,
  Walls, Dwyer, Inc.
2011 Cedar Springs at Harwood
Suite 100
P. O. Box 1078
Dallas, Texas 75221-9990
(214) 871-2200
FAX (214) 871-0521

**UNITED STATES MINERAL PRODUCTS**
Brian S. Clary
State Bar No. 04325100
55 Waugh Drive, Suite 1200
Houston, TX 77707
(713) 861-9595
FAX (713) 861-7679

**UNIROYAL HOLDING, INC.**
Richard L. Forman
Forman, Perry, Watkins & Krutz
Suite 1200, One Jackson Place
188 E. Capitol Street
Jackson, MS 39325-2608
(601) 960-8600
FAX NO. (601) 960-8613

**W. R. GRACE & CO. - CONN.**
Patricia Kelly
State Bar No. 01378500
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
Harlingen, TX 78550
(210) 428-7495
FAX (210) 428-2954