*17*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**NOV 0 9 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| ARCHIE KOWALIK and | § | |
| MARTHA KOWALIK | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | C.A. B-01-180 |
| | § | |
| | § | |
| ABLE SUPPLY COMPANY, ET AL. | § | |
| DEFENDANTS, | | |

**SUPPLEMENT TO
APPLICATION AND NOTICE OF REMOVAL
FILED BY DEFENDANT GARLOCK INC
TO ADD ADDITIONAL STATE COURT PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes GARLOCK INC the Removing Defendant and one of the Co-

Defendants in the case being removed (herein "GARLOCK"), and files this Supplement

to its Application and Notice of Removal as follows:

1.    On October 19, 2001 Garlock filed its Application and Notice of Removal

and indicated it would promptly, and, from time to time, supplement the removal with all

such pleadings or other matters which may not have been reasonably available at the time of removal.

2.      Pursuant to Local Rule 81, attached hereto is an index of the matters being filed and photocopies of additional state court pleadings which were not available at the time of removal.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays that this Supplement be made a part of the Application in this Removed Case and be docketed pursuant to 28 U.S.C. §§ 157(b)(5), 1441, 1452(a), and Rule 9027, Rules of Bankruptcy Procedure and the Local Rules and that this Court assume jurisdiction of this case for the purposes of 28 U.S.C. § 157(B)(5), and that Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

Mitchell C. Chaney
SB# 04107500
Fed. ID # 1918
Eduardo Roberto Rodriguez
SB# 17144000
Fed. ID # 1944
Teri L. Danish
SB# 05375320
Fed. ID # 12862
RODRIGUEZ, COLVIN & CHANEY, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEY IN CHARGE FOR GARLOCK
INC

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone:  (361) 884-5678
Telecopier:  (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

Page 3

## CERTIFICATE OF CONFERENCE

I, Teri L. Danish, hereby certify that on November 2, 2001, Melissa Ferrell, one of the counsel for Garlock Inc, telephoned Charles Siegel, counsel for the Plaintiffs, and Mr. Siegel, on behalf of all of the Plaintiffs, indicated that he will not oppose the relief requested by Garlock Inc herein.  Accordingly, a hearing will not be necessary.

Teri L. Danish

## CERTIFICATE OF SERVICE

I, Teri L. Danish,  hereby certify that a true and correct copy of the Supplement to Application and Notice of Removal Filed by Garock Inc, without exhibits, was served by First Class Mail and facsimile to Plaintiffs' Counsel and via First Class Mail on all counsel of record as listed on the attached service list this ___9th___ day of November, 2001

Teri L. Danish

# *KOWALIK SERVICE LIST*

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P. 1100 Louisiana, Suite 4200 Houston, Texas 77002 | 713-752-4200 | 713-752-4221 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-529-8161 |
| Ronald Walker | ALCOA INC | Walker Keeling & Carroll, L.L.P 210 East Constitution Street P.O. Box 108 Victoria, Texas 77902 | 361-576-6800 | 361-576-6196 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES INC | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Daniel Spain | A.P. GREEN INDUSTRIES INC | Spain & Hastings Two Houston Center 909 Fannin Street Houston,Texas 77010 | 713-650-9700 | 713-650-9701 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Darah L. Eckert | ARMSTRONG WORLD INDUSTRIES, INC. | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| James Powers | ASBESTOS CLAIMS MANAGEMENT CORP. F/K/A NATIONAL GYPSUM | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Phillip S. Brown | BROWN & ROOT, INC. | Wilson, Elser, Moskowitz, Edelman & Dicker 5000 Renaissance Tower 1201 Elm Street Dallas, Texas 75270 | 214-698-8000 | 214-698-1101 |
| Donald Godwin | BROWN & ROOT, INC. | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Mary Lou Mauro | COMBUSTION ENGINEERGING, INC | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-355-7600 |
| Frank G. Harmon | CROWN CORK & SEAL | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| James H. Powers | FIBREBOARD CORPORATION | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler 550 Fannin Street, Suite 650 P.O. Box 830 Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORP. | Coats, Rose, Yale, Ryman & Lee, PC 800 First City Tower 1001 Fannin Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez Mitchell C. Chaney Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P 1201 E. Van Buren P.O. Box 2155 Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| | | | | |
| Kyle Steele | GASKET HOLDING INC | Forman Perry Watkins Krutz & Tardy, PLLC 400 Woodview Tower 1349 Empire Central Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold 1717 Main Street, Suite 5400 Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |
| Frank Poff | GENERAL REFRACTORIES COMPANY | Crisp, Jordan & Boyd, L.L.P. 2301 Moores Lane P.O. Box 6297 Texarkana, Texas 75505-6297 | 903-838-6123 | 903-832-8489 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson 726 Delmas Avenue P.O. Box 1618 Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Daniel Spain | HARBISON-WALKER REFRACTORIES | Spain & Hastings Two Houston Center 909 Fannin Street Houston, Texas 77010 | 713-650-9700 | 713-650-9701 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | INDRESCO INC | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORP | Hicks, Thomas & Lilienstern 700 Louisiana, Suite 1700 Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| | | | | |
| E. Russell Nunnally | KAISER ALUMINUN & CHEMICAL CORP | Bell, Nunnally & Martin, L.L.P. 1400 One McKinney Plaza 3232 Mckinney Avenue Dallas, Texas 75204 | 214-740-1400 | 214-740-1499 |
| Todd Wade | KELLY MOORE PAINT COMPANY | Brown McCarroll, L.L.P. 111 Congress Avenue Suite 1400 Austin, TX 78701-4043 | 512-472-5456 | 512-479-1155 713-426-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE CO. | Locke, Liddell 600 Travis St., Suite 3400 Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| David Taylor | MINNESOTA MINING & MANUFACTURING | Thompson, Coe, Cousins, & Irons L.L.P. 200 Crescent Court, 11th Floor Dallas, Texas 75201-1853 | 214-871-8200 | 214-872-8209 |
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-615-5493 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS-ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Robert Adams | PPG INDUSTRIES, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-529-8161 |
| Thomas Dougall | PROKO INDUSTRIES | Bowers, Orr & Dougall. L.L. P. | 803-788-5220 | 803-788-6767 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| | | 8910 Two Notch Rd., Suite 400 Columbia, South Carolina 29224 | | |
| Gary Elliston | QUIGLEY COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Darah L. Eckert | QUIGLEY COMPANY | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| Greg Bevel | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Eric Wewers | RILEY STOKER CORP. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Thomas Sullivan | THE SYNKOLOID COMPANY | Brin & Brin, P.C. 1325 Palm Boulevard, Suite A Brownsville, Texas 78520 | 956-544-7110 | 956-544-0607 |
| W. Miller Thomas | J.T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham 413 Shelbyville Street Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
| Hubert A. Crouch | UNIROYAL HOLDING, INC. | Crouch & Inabnett 2300 Fountain Place 1445 Ross Avenue Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |
| Robert Bass | UNIROYAL HOLDING, INC. | Forman Perry Watkins Krutz & Tardy, PLLC 400 Woodview Tower 1349 Empire Central Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Darah L. Eckert | U.S. GYPSUM COMPANY | Powers & Frost 2600 Two Houston Center | 713-767-1555 | 713-767-1799 |

| DEFENSE COUNSEL | DEFI    ANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| | | Houston, Texas 77010 | | |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Richard Caldwell | W.R. GRACE & CO.—CONN. | Mayor, Day, Caldwell & Keeton, L.L.P.<br>700 Louisiana, Suite 1900<br>Houston, Texas 77002 | 713-225-7000 | 713-225-7047 |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

-------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| ARCHIE KOWALIK and | § | |
| MARTHA KOWALIK | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | C.A. B-01-180 |
| | § | |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| DEFENDANTS, | | |

## <u>INDEX OF DEFENDANT'S PLEADINGS</u>

1. A.P. GREEN INDUSTRIES, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

2. A.P. GREEN INDUSTREIS, INC.'S FIRST AMENDED ORIGINAL ANSWER, ANSWER TO CROSS-ACTIONS AND/OR THIRD PARTY ACTIONS

3. ABLE SUPPLY COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

4. AC&S, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

5. ALCOA INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

6. ARMSTRONG WORLD INDUSTRIES, INC., GAF CORPORATION, QUIGLEY COMPANY, INC., and UNITED STATES GYPSUM COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

7. ASBESTOS CLAIMS MANAGEMENT CORPORATION F/K/A NATIONAL GYPSUM COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

8. BROWN & ROOT, INC. N/K/A KELLOGG-BROWN & ROOT, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

9. COMBUSTION ENGINEERING, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

10. CROWN CORK & SEAL COMPANY'S INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

11. FIBREBOARD CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

12. THE FLINTOKE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

13. FOSTER WHEELER ENERGY CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

14. GAF CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

15. GENERAL REFRACTORIES COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

16. GEORGIA PACIFIC CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

17. HARBISON WALKER REFRACTORIES COMPANY, FORMERLY A DIVISION OF INDRESCO INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

18. HARBISON WALKER REFRACTORIES COMPANY, FORMERLY A DIVISION OF INDRESCO INC.'S FIRST AMENDED ORIGINAL ANSWER, ANSWER TO CROSS-ACTIONS AND/OR THIRD PARTY ACTIONS

19. INDRESCO, INC.'S FIRST AMENDED ORIGINAL ANSWER, ANSWER TO CROSS ACTIONS AND/OR THIRD PARTY ACTIONS

20. J.T. THORPE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

21. J.T. THORPE COMPANY'S FIRST SUPPLEMENTAL ANSWER TO PLAINTIFF'S PETITION

22. KAISER ALUMINUM & CHEMICAL CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

23. KELLY MOORE PAINT COMPANY, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

24. METROPOLITAN LIFE'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

25. MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

26. NOTICE OF NON-SUIT OF ARCHIE KOWALIK AND MARTHA KOWALIK AGAINST MINNESOTA, MINING AND MANUFACTURING COMPANY

27. NORTH AMERICAN REFRACTORIES COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

28. OWENS-CORNING'S  ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

29. OWENS-ILLINOIS, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

30. PROKO INDUSTRIES, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

31. RAPID AMERICAN CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

32. RAPID AMERICAN CORPORATION'S MOTION TO DISMIS FOR FORUM NON CONVENIENS

33. RILEY STOKER'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

34. THE SYNKOLOID COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

35. UNITED STATES GYPSUM COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

36. UNITED STATES MINERAL PRODUCTS COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

37. W.R. GRACE & CO.-CONN'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Cause No. 2000-05-2030-D

| | | |
|---|---|---|
| **ARCHIE KOWALIK and MARTHA KOWALIK** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **ABLE SUPPLY COMPANY, et al.,** | § | |
| | § | |
| **DEFENDANTS.** | § | **103RD JUDICIAL DISTRICT** |

FILED ___ ___:___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
AUG X 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

### DEFENDANT A.P. GREEN INDUSTRIES INC.'S
### ORIGINAL ANSWER AND ANSWER TO CROSS-ACTIONS

Defendant, A.P. Green Industries Inc., ("A.P. Green"), makes and files this Original Answer and Answer to Cross-Actions and would show as follows:

## SPECIFIC AND GENERAL DENIAL

1.      A.P. Green generally denies all of the material allegations contained in the Petition and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure. To the extent that any of the allegations relate to other Defendants, A.P. Green has no obligation to answer them and, therefore, denies them.

2.      A.P. Green denies that Plaintiffs sustained any injuries or illnesses as a result of contact with any product manufactured, sold or distributed by A.P. Green or which was caused or produced by any product manufactured, sold or distributed by A.P. Green.

3.      Pursuant to Rule 54 of the Texas Rules of Civil Procedure, A.P. Green specifically denies performance or occurrence of conditions precedent to Plaintiffs' rights to recover as alleged in the most recent Petition.

---

## ORIGINAL ANSWER

# SPECIAL EXCEPTIONS

4.     A.P. Green specially excepts to the most recent Petition for the reason that the alleged injury, if any, of each individual Plaintiff is based on a separate and independent occurrence and, therefore, must be stated in a separate count as required by Rule 50 of the Texas Rules of Civil Procedure.

5.     A.P. Green specially excepts to the most recent Petition for the reason that each individual Plaintiff has failed to give fair notice of their respective claims against A.P. Green as required by the Texas Rules of Civil Procedure. The allegations, causes of action and theories of recovery are asserted against A.P. Green and all other named Defendants, collectively. Thus, the Petition fails to give fair and reasonable notice to A.P. Green of the specific alleged acts, omissions, misrepresentations, breaches of warranty and/or defective products upon which each individual Plaintiff relies. Accordingly, A.P. Green is unable to effectively prepare a defense to the global allegations.

6.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that Plaintiffs were exposed to asbestos products manufactured by one or more of the Defendants for the reason that said allegations are vague, indefinite and fail to identify any facts, circumstances or products relating to an individual Plaintiff's alleged exposure.

7.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that Defendants, collectively, processed, manufactured, sold or distributed asbestos-containing products because it is vague, indefinite and fails to give fair notice to A.P. Green of the product(s), if any, allegedly designed, manufactured or sold by A.P. Green.

8.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos because it is vague, indefinite and fails to give fair notice to A.P. Green of the A.P. Green products, if any, to which Plaintiffs were allegedly exposed.

9.    A.P. Green specially excepts to the most recent Petition wherein it is alleged that Plaintiffs were exposed to asbestos-containing products at various worksites for the reason that said allegation is vague, indefinite and fails to identify the products, if any, allegedly manufactured by A.P. Green to which each individual Plaintiff was exposed. Further, said allegation fails to specify the specific worksites and/or other locations at which Plaintiffs were allegedly exposed to asbestos-containing products.

10.    If exposure is alleged in a household setting or other setting outside the workplace, A.P. Green specially excepts to and objects to the most recent Petition for the reason that said allegations are vague, indefinite and fail to specify or identify any facts or circumstances relating to Plaintiffs' alleged exposure and by failing to identify A.P. Green products, if any, to which Plaintiffs were allegedly exposed.

11.    A.P. Green specially excepts to the most recent Petition wherein it is alleged that Defendants should be held jointly and severally liable for the damages, injuries, disabilities, harm and/or death of Plaintiffs because this allegation is vague and indefinite and fails to state any facts or give fair notice to A.P. Green of any specific basis for liability.

12.    A.P. Green specially excepts to the most recent Petition if it is alleged that Defendants represent and/or represented a substantial share of the relevant market of asbestos-containing products and, thus, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and/or alternative liability. Any such allegation is vague, indefinite and fails to give fair notice to A.P. Green of the product(s), if any, allegedly manufactured, sold, or otherwise placed into the stream of commerce by A.P. Green.

13.    A.P. Green specially excepts to the most recent Petition wherein it is alleged that the conduct of Defendants, collectively, constituted negligence or gross negligence which was a proximate cause of disease, injuries, damages or disabilities suffered by Plaintiffs because such an allegation is vague, indefinite and fails to state any facts or give fair notice to A.P. Green of any specific act or omission attributed to A.P.

---

Green.

14.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that asbestos-containing products were in a defective condition at the time they left the hands of Defendants because such an allegation is vague, indefinite and fails to state any facts or give fair notice of the A.P. Green products, if any, which were allegedly defective. Further such allegation fails to specify the alleged defect or the manner in which any products were allegedly defective.

15.     A.P. Green specially excepts to the most recent Petition if it is alleged that Defendants individually and as agents of one another conspired among themselves and with other asbestos manufacturers and distributors because this allegation is vague, indefinite and fails to give fair notice to A.P. Green of whether and how A.P. Green allegedly participated in the purported conspiracy.

16.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that unidentified Defendants conspired to cause Plaintiffs' injuries by exposing Plaintiffs to asbestos-containing products for the reason that said allegation is vague, general, indefinite and fails to identify the specific Defendants that participated in the alleged conspiracy and the identity of the products of the Defendants to which Plaintiffs were allegedly exposed.

17.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that Defendants conspired to deprive Plaintiffs of the opportunity of informed free choice for the reason that said allegation is vague, global, indefinite and fails to give fair notice to A.P. Green of the identity of the specific Defendants and the means or manner in which A.P. Green allegedly participated in such alleged conspiracy.

18.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that unidentified Defendants misrepresented and suppressed the truth as to the risks and dangers associated with the use of asbestos-containing products for the reason that said allegation is vague, global, indefinite, fails to identify the specific Defendants or Defendants' products, fails to state the content or nature of the alleged

---

DEFENDANT A.P. GREEN INDUSTRIES INC.'S ORIGINAL ANSWER AND ANSWER TO CROSS-ACTIONS
                                                                                    Page 4

misrepresentations, and fails to give fair notice to A.P. Green of the information purportedly withheld, misrepresented or suppressed by A.P. Green, if any.

19.     A.P. Green specially excepts to the most recent Petition if it is alleged that Defendants performed overt acts in furtherance of an alleged conspiracy for the reason that said allegation is vague, general and fails to identify the alleged Defendants and the specific overt acts that were performed.

20.     A.P. Green specially excepts to the most recent Petition if it is alleged that unidentified Defendants withheld, concealed and suppressed medical and scientific literature for the reason that said allegation is vague, general, indefinite and fails to give fair notice to A.P. Green of the information purportedly withheld, concealed or suppressed by A.P. Green, if any.

21.     A.P. Green specially excepts to the most recent Petition if it is alleged that unidentified Defendants caused to be released, published and/or disseminated medical and scientific data, literature and test reports for the reason that said allegation is vague, general, indefinite and fails to give fair notice to A.P. Green of the information purportedly released, published or disseminated by A.P. Green, if any.

22.     A.P. Green specially excepts to the most recent Petition if it is alleged that unidentified Defendants distorted the results of medical examinations for the reason that said allegation is vague, indefinite, fails to specify the identity of the Plaintiffs upon whom medical examinations were undertaken, fails to specify the individual or entity who undertook the medical examinations, and fails to give fair notice to A.P. Green of the specific medical examinations purportedly distorted by A.P. Green, if any.

23.     A.P. Green specially excepts to the most recent Petition if it is alleged that Plaintiffs relied upon false and fraudulent representations because such allegations are vague, indefinite and fail to give fair notice to A.P. Green of any such representations allegedly made by A.P. Green or the content of any such representations made by any party.

24.     A.P. Green specially excepts to the most recent Petition wherein it is alleged that Plaintiffs

---

filed suit within two years of the date of discovery of their medical conditions or the existence of any asbestos-related causes of action for the reason that said allegation is vague, conclusory, fails to specify the date or dates upon which each individual Plaintiff discovered or should have discovered the nature of their claim or condition, and fails to give fair notice to A.P. Green of the matters to be defended.

25.      A.P. Green specially excepts to the most recent Petition wherein it is alleged that the actions or inactions of Defendants, collectively, constituted a pattern or practice of intentional wrongful conduct and/or malice with regard to the Plaintiffs because these allegations are vague, indefinite and fail to give fair notice to A.P. Green of any facts relating to any alleged acts or omissions attributed to A.P. Green by Plaintiffs.

26.      A.P. Green specially excepts to the most recent Petition wherein Plaintiffs seek the recovery of damages and/or the prayer for the reason that each individual Plaintiff fails to specify the maximum amount of actual and/or exemplary damages sought as required by Rule 47 of the Texas Rules of Civil Procedure.

27.      A.P. Green respectfully requests that the Court, upon consideration of the foregoing special exceptions, order Plaintiffs to replead in conformance with the Court's rulings within seven (7) days or order the allegations to be stricken from Plaintiffs' pleadings.

## AFFIRMATIVE DEFENSES

28.      Plaintiffs' claims are barred by applicable statutes of limitation [TEX.CIV. PRAC. & REM. CODE, § 16.001 *et seq.*] and all other applicable statutes of limitations, including those applicable to claims of wrongful death, strict products liability, breach of express or implied warranty, and the applicable statutes of the state(s) of Plaintiffs' alleged primary exposure to asbestos-containing products.

29.      Plaintiffs' claims are barred by the doctrine of laches.

30.      Plaintiffs' claims are barred by the Texas statute of repose [TEX.CIV. PRAC. & REM. CODE

§ 16.009] or any other statute of repose deemed to be applicable.

31.     Plaintiffs have failed to satisfy the notice requirements and other conditions precedent

required by the Texas Business & Commerce Code and/or the Uniform Commercial Code to assert a claim

for breach of an express or implied warranty. Therefore, Plaintiffs have waived any such claims.

32.     There were no warranties, express or implied, and no privity of contract between A.P. Green

and Plaintiffs.

33.     Jurisdiction to proceed with this action is barred by the due process clause of the Fourteenth

Amendment of the United States Constitution because the State of Texas lacks sufficient contacts with the

parties and the controversy to render the assertion of jurisdiction fair and reasonable. Alternatively, this

Court should decline jurisdiction under the doctrine of forum non conveniens.

34.     Recovery is barred by the doctrine of assumption of risk (volenti non fit injuria). Plaintiffs

may have assumed the risk of any injuries or damages that they may have incurred as a result of alleged

exposure to products manufactured, sold or distributed by A.P. Green because further investigation may

reveal that Plaintiffs or their employers had equal or greater knowledge of the alleged hazards of exposure

to asbestos, and that Plaintiffs may have used the product without showing proper regard for health and

safety.

35.     Plaintiffs have no claim based upon strict liability for any alleged exposure to toxic materials

and substances occurring prior to June 7, 1967 when the Texas Supreme Court first adopted the rule of strict

liability under the RESTATEMENT (SECOND) OF TORTS. *McKisson v. Sales*, 416 S.W.2d 787 (Tex. 1967).

36.     Each individual Plaintiff may not recover exemplary/punitive damages for the reason that

an award of such damages pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code, or pursuant

to common law, would be unconstitutional in failing to place a limit on the amount of such damage award;

an award of such damages would be void for vagueness and violative of the equal protection clause of the

DEFENDANT A.P. GREEN INDUSTRIES INC.'S ORIGINAL ANSWER AND ANSWER TO CROSS-
ACTIONS                                                                                    Page 7

Fifth and Fourteenth Amendments to the United States Constitution; and an award of such damages would

violate art. 1, § 10 and § 13 of the Constitution of the State of Texas.

37.    Any award of punitive damages would violate the excessive fines clause of the Eighth

Amendment of the United States Constitution.

38.    Any award of punitive damages based upon vague, undefined standards of liability would

violate the due process clause of the Fourteenth Amendment of the United States Constitution.

39.    Punitive damages are a form of punishment imposed by the Court, and the standard of proof

to sustain such damages must be clear and convincing evidence to comport with the due process clause of

the Fourteenth Amendment of the United States Constitution, § 19 of the Constitution of the State of Texas

or the Constitution and laws of any other state deemed to apply in this case.

40.    Any award of punitive damages would be imposed under a standard of conduct formulated

many years after the actions attributed to A.P. Green.  Such a retroactive application of the standard of

conduct would be a violation of due process.

41.    To the extent Plaintiffs' causes of action accrued before September 1, 1995, exemplary

damages, if any, as requested in the subject Petition herein, may not exceed four (4) times the amount of

actual damages, or $200,000, whichever is greater.  TEX. CIV. PRAC. & REM. CODE § 41.007 (renumbered

as § 41.008 and amended by Acts 1995, 74th Leg., ch. 19, §1, eff. Sept. 1, 1995).

42.    To the extent Plaintiffs' causes of action accrued on or after September 1, 1995, exemplary

damages, if any, as requested in the subject Petition herein, may not exceed an amount equal to the greater

of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages

found by the jury not to exceed $750,000, or (2) $200,000.  TEX. CIV. PRAC. & REM. CODE § 41.008

(renumbered from § 41.007 and amended by Acts 1995, 74th Leg., ch. 19, §1, eff. Sept. 1, 1995).

43.    This Defendant further affirmatively pleads that this court does not have jurisdiction nor

authority to award punitive damages for any alleged act or omission which occurred outside the state of Texas. This Defendant further affirmatively pleads that pursuant to the doctrine of BMW of North America v. Gore, 116 S. Ct. 1589 (1996) no state has the power to project its practices and polices upon any other sister state; therefore, the court sitting in the state of Texas lacks the authority or jurisdiction to award punitive damages for alleged acts or omissions, whether the result of intentional misconduct or negligence, which occurs outside the state of Texas. Any such award of punitive damages would be grossly excessive, unconstitutional and in violation of the due process clause of the U.S. Constitution.

44.     Plaintiffs' injuries were caused by the superseding and intervening negligence, acts and/or omissions of third parties, and such conduct interrupted the natural and proximate causal relationship between any act or omission attributed to A.P. Green and the resulting injuries, if any, to Plaintiffs. Further, such acts and/or omissions on the part of third parties, including but not limited to Plaintiffs' employers, were the sole cause of the alleged injuries.

45.     Plaintiffs have failed to mitigate their damages.

46.     This Defendant alleges that the condition about which Plaintiff complains is due to causes other than exposure to asbestos and asbestos dust.

47.     Alternatively, workers' compensation is the sole remedy for the Plaintiffs' injuries. During the period of time for which Plaintiffs are asserting a claim for the injuries to themselves, the states where Plaintiffs were employed had enacted workers' compensation laws which provided that the disease of asbestosis is an occupational disease for which a person engaged in the occupation of an asbestos worker or working with asbestos products can claim workers' compensation disability benefits against the last employer at the time the disease is discovered. According to Plaintiffs' pleadings, they worked with asbestos and asbestos-containing products over a period of many years, and if they have asbestosis or other disease, such was due to the nature of their occupation and was acquired over a long period of time and was not the result

of working with any particular product or products, but was due to the nature of their employment.

48.     Alternatively, the Workers' Compensation Act provides that workers' compensation benefits for disability resulting from injury or occupational disease sustained in the course of employment are the exclusive remedy.  Any exposure by Plaintiffs to any alleged predecessor-in-interests' product was during a period when Plaintiffs were employed by any alleged predecessor-in-interest while it was a subscriber to workers' compensation insurance.  As to any alleged predecessor-in-interest, workers' compensation with its attendant benefits is the exclusive remedy for Plaintiffs.

49.     The absence of warning did not lead to reliance by Plaintiffs on the safety of any product at issue.

50.     Plaintiffs are barred from recovery [or recovery should be reduced] because they misused or improperly used the materials in question.  Such conduct was the sole cause of their resulting damages, if any, or, alternatively, thereby proximately caused or contributed to cause or was the producing cause of their alleged resulting damages.

51.     Plaintiffs' negligent conduct and/or fault was a proximate and producing cause of any injury or alleged damages suffered by them and the same exceeded any negligence and/or other fault attributed to A.P. Green and other Defendants.  Accordingly, Plaintiffs are barred from recovery.  Alternatively, Plaintiffs' claims are barred to the extent of the comparative negligence and/or fault of Plaintiffs.  To the extent that any alleged exposure occurred prior to September 30, 1972, then Plaintiffs' negligence is a complete bar to Plaintiffs' recovery.

52.     Alternatively, Plaintiffs and their superiors had knowledge of the products used and the alleged risks.  Therefore, A.P. Green breached no duty to Plaintiffs.

53.     Plaintiffs' employers or supervisors had notice and knowledge of any dangers about which Plaintiffs now complain and A.P. Green breached no duty to Plaintiffs.

---

DEFENDANT A.P. GREEN INDUSTRIES INC.'S ORIGINAL ANSWER AND ANSWER TO CROSS-ACTIONS                                                                                          Page 10

54.     Plaintiffs' claims arose out of transitory conditions inherent in the very work Plaintiffs were performing.

55.     Plaintiffs' injuries, if any, were pre-existing and/or not the result of any contact with any products manufactured, sold or distributed by A.P. Green.

56.     Plaintiffs' injuries, if any, were caused in whole or in part by their history of smoking, failure to stop smoking and/or exposure to second hand smoke.  Plaintiffs assumed any risks related to such smoking.

57.     There is no claim based upon allegations of product liability from any alleged exposure and related personal injuries under § 82.001 *et seq.* of the Texas Civil Practice & Remedies Code.

58.     Alternatively, in the event A.P. Green is not granted or otherwise entitled to judgment as a matter of law, A.P. Green invokes the doctrine and rule of pure comparative fault adopted by the Texas Supreme Court in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984).  A.P. Green alleges that if it is found to be liable for any portion of Plaintiffs' damages, it is then liable only for the percentage of damages for which it is found to be comparatively at fault.

59.     The joint and several liability law [TEX. CIV. PRAC. & REM. CODE § 33.013(c)] is unconstitutional as applied to A.P. Green.  Specifically, such provision contravenes the equal protection, due process, excessive fines, and open courts provisions of the Texas and United States Constitutions.

60.     There was no concert of action between A.P. Green and any other Defendant herein.

61.     Alternatively, A.P. Green reserves the right to a set-off, percentage or pro rata reduction of its liability, if any, or to a credit for the amount of any settlement paid by each settling Defendant pursuant to Chapters 32 and 33, TEX. CIV. PRAC. & REM. CODE, if A.P. Green is found to have any liability to Plaintiffs.

62.     Alternatively, A.P. Green is entitled to indemnity and/or contribution from the manufacturers

of any asbestos-containing product sold, distributed, or applied by A.P. Green which results in any liability to A.P. Green.

63.     Plaintiffs did not sustain any injury as a result of contact with or use of any product manufactured by A.P. Green.

64.     A.P. Green denies liability for the sale, distribution, or manufacture of asbestos-containing products, if any, by any former or current subsidiary or predecessor.

65.     The products to which Plaintiffs were allegedly exposed were formulated and manufactured in accordance with specifications and/or regulations of the United States Government and A.P. Green invokes the "Government Contractor Defense." *Yearsly v. W.A. Ross Construction Co.*, 309 U.S. 18, 60 S. Ct. 413, 84 L. Ed. 554 (1940); *In Re: Agent Orange Liability Litigation*, 534 F. Supp. 1046 (E.D. N.Y. 1982).

66.     Plaintiffs' claims were the result of an unavoidable accident.

67.     Alternatively, any alleged defects in A.P. Green products were beyond the scientific and medical knowledge available at the time of manufacturing.  The state of the art at such time precluded knowledge of the alleged defect.  Defendant further says that the state of knowledge of the medical and scientific communities prior to recent years as it related to exposure of the asbestos insulation worker or other worker in a similar work environment was such that the medical and scientific communities were of the opinion that the exposures to which such workers were subject was below the Threshold Limit Values recommended by the American Conference of Government Hygienists for dust-containing asbestos particles and such occupation was reasonably safe.  Therefore, the manufacturer of asbestos insulation materials was charged with no greater knowledge than that of the medical and scientific communities and such manufacturers has no reason to foresee or warn of any injury to such workers from the application of or exposure to insulation products that contained some asbestos.

68.     The products were at all times reasonably fit and suitable for the purposes for which they

were sold, and A.P. Green denies that such products were in any way defective for the use for which they were sold. The alleged injuries, if any, to Plaintiffs did not result from any defect in any product manufactured, sold, or distributed by A.P. Green. If the products at issue were altered after they left A.P. Green's control, such changes were the legal causes of damages, if any.

69.     A.P. Green also reserves the right to adopt affirmative defenses pled by other Defendants.

70.     Upon completion of discovery, A.P. Green will likely desire to amend its pleadings if appropriate to do so and specifically reserves the right to add additional defenses.

71.     A.P. Green reserves its right to amend and adopt all defenses applicable under the laws of any other state once Plaintiffs' worksites involved in this action have been identified.

## ANSWER TO ALL CROSS-ACTIONS

72.     In answer to any and all cross-actions for indemnity and/or contribution filed or to be filed in the future by any other Defendants herein, A.P. Green denies that such Defendants are entitled to indemnity and/or contribution from A.P. Green.

## REQUEST FOR BIFURCATED TRIAL

73.     A.P. Green requests that the trial of issues regarding punitive/exemplary damages and/or gross negligence/malice be bifurcated and that a separate trial be had upon said issues.

## REQUEST FOR TRIAL BY JURY

74.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, A.P. Green hereby makes application for a jury trial of this matter and requests that this matter be set on the Court's jury docket. In support of this application, A.P. Green would show that the appropriate jury fee will be paid to the clerk of the Court more than thirty (30) days in advance of the trial setting.

WHEREFORE, PREMISES CONSIDERED, Defendant A.P. Green Industries Inc. respectfully prays

DEFENDANT A.P. GREEN INDUSTRIES INC.'S ORIGINAL ANSWER AND ANSWER TO CROSS-ACTIONS                                                                                              Page 13

as follows:

(1)    Plaintiffs take nothing by this suit;

(2)    A.P. Green recover costs of suit; and

(3)    A.P. Green recover such other and further relief, both at law and in equity, to which A.P. Green is justly entitled.

Respectfully submitted,

CORDRAY, GOODRICH & MILTENBERGER, PLLC
One Century Plaza, Suite 500
108 W. 8th Street
Fort Worth, Texas 76102
(817) 820-0343
(817) 820-0373 - Fax

By:    _Lewis C. Miltenberger (KW_

LEWIS C. MILTENBERGER
State Bar No. 14171220

ATTORNEYS FOR DEFENDANT
A.P. GREEN INDUSTRIES INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Original Answer has been forwarded to counsel for Plaintiffs via certified mail, and all other counsel of record have been notified of this filing on this the _16_ day of _Aug_____, 2000.

_KfW  Thew_

OF COUNSEL

DEFENDANT A.P. GREEN INDUSTRIES INC.'S ORIGINAL ANSWER AND ANSWER TO CROSS-ACTIONS                                                                                     Page 14