

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |
| ARCHIE KOWALIK and | § | |
| MARTHA KOWALIK | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | C.A. B-01-180 |
| | § | |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| DEFENDANTS | | |

## REPLY OF GARLOCK INC
## TO PLAINTIFFS' MOTION TO SEVER ALL CLAIMS
## AGAINST BANKRUPT (SIC) DEFENDANTS
### (Filed to Correct Clerical Error)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Garlock Inc (Removing Defendant) files this Response to the Plaintiffs' pending Motion to Sever All Claims Against Bankrupt (sic) Defendants ("Motion to Sever") as follows:

### I.
### PRELIMINARY STATEMENT

1.  Removing Defendant opposes Plaintiffs' Motion to Sever. Removing Defendant incorporates herein by reference the matter set out in (including the factual allegations, arguments and authorities, attachments and exhibits) Removing Defendant's

Page 1

Motion to Transfer Pursuant to 28 U.S.C. § 157(b)(5) ("Transfer Motion"); Reply to Response of Plaintiffs to Transfer Motion; Response to Plaintiffs' Motion to Remand and Abstain For Lack of Subject Matter Jurisdiction ("Remand Response"). These pleadings establish, without question, that this Court has jurisdiction to hear this matter, and that this matter should be transferred to the district court in which the debtors' bankruptcy is pending prior to any consideration of the Plaintiffs' motions.

    2.    **Request to Abate Motion to Sever:** Consideration of the Motion to Sever (being a determination of the "venue" of this case) is not yet ripe or appropriate for consideration by this District Court. Removing Defendant's Transfer Motion is based solely on a statue that reserves to a specific District Court the determination of the venue for any trial of this Removed Case.

> The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending*. 28 U.S.C. § 157(b)(5)(Emphasis added).

***Baumgart v. Fairchild Aircraft Corp.***, 981 F.2d 824, (5th Cir.(Tex.) 1993) addresses the issue and application of 28 U.S.C. § 157(b)(5) and notes the "supremecy" of this venue determination exclusively in the "Home" District Court:

> "The Fourth Circuit had "no difficulty" in finding that the district court in which the bankruptcy was pending had authority under §157(b)(5) to fix venue of personal injury tort actions against the debtor regardless of the district in which the controversy was pending. In reconciling §1412 with §157(b)(5) the Court wrote that as to a special group of cases, "to wit, personal injury tort claims against a debtor in Chapter 11 proceedings wherever pending," §157(b)(5) is "supreme." *Id.* at 832.

***Fairchild*** dealt with the "Home" District Court's decision to abstain or dismiss an action, which it found appropriate, but only after holding that it was "only" the home District Court that could make such a decision. Removing Defendant does not suggest that the

"Home" District Court should not consider remand, abstention, severance, *etc.* in making the statutorily mandated venue decision, but respectfully suggests that it is not proper for this Honorable District Court to usurp the "Home" District Court's reserved venue jurisdiction, particularly where the suggestion is to remand the Removed Case to State Court (clearly a "venue" determination) which may in fact destroy jurisdiction of the "Home" District to make such 28 U.S.C. § 157(b)(5) determinations. (*See Browning vs. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984).[1]

3. Removing Defendant respectfully requests this Court abate, without prejudice, the Motion to Sever and transfer this matter to the "Home" District Court for consideration of the Motion in light of the mandatory determinations reserved under 28 U.S.C. § 157(b)(5).

4. Removing Defendant requests a hearing on this Motion at a time when all parties may respond and appear and be heard.

## II.

---

[1]
  As recognized in *Browning v. Navarro*:
  It is axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case. *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946) (applying 28 U.S.C. 71); *Robertson v. Ball*, 534 F.2d 63, 66 n. 5 (5th Cir.1976) ("[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.");    14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 3739 (1976 & Supp.1983); . . .   Even a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered. *In re La Providencia Development Corp.*, 406 F.2d 251 (1st Cir.1969).   743 F.2d 1069, 1083 (5th Cir. 1984).

Plaintiffs' maneuvers in this case are only to deprive Removing Defendants a hearing before the "Home" District Court on the implementation of § 157(b)(5) and application of the policy considerations surrounding its enactment (*i.e.*, to assure that a reorganization is "centralized," "speedy," and "efficient") by obtaining from this District Court a remand order, right or wrong, so that jurisdiction by the Home District Court is averted. Clearly severance and remand without input from the Home District Court is a decentralizing of the Chapter 11 process of competing claims against the Debtor and the Debtor's ability to deal with these competing claims, determinations of which are expressly reserved to the Home District Court.

# SEVERANCE WOULD IMPERMISSIBLY SPLIT
# THE PARTIES' CAUSES OF ACTION

5. **Plaintiffs' Motion Is Facially Incomplete and Should be Denied:** On October 19, 2001 Removing Defendant removed a number of pending asbestos litigation cases, including this Removed Case, to this District Court.[2] The Plaintiffs now ask this Honorable Court to sever "all claims against the debtor from those claims between non-debtors and proceed only with those claims against the debtor. The claims between non-debtors should be remanded to state court where (sic)." Plaintiffs' Motion to Sever, un-numbered para, part IV, page 3. This sentence makes no sense. Plaintiffs fail to state which "claims" it intends to keep alive in federal court, involving which parties; and which "claims" should be remanded. No suggestion is made as to what should be done with those cases that remain in this Court. Ostensibly, it appears the Plaintiffs want only *their* causes of action against the Debtors (in this instance Gasket Holding, Inc., Individually and as Successor in Interest to Flexitallic, Inc. ["Gasket Holding"], and T&N LTD (f/k/a T&N plc and Turner & Newall plc) ["T&N LTD"]) to remain in Federal court, with the remaining claims by the Plaintiffs against all other ("nondebtor") defendants remanded to state court.

6. Plaintiffs fail to give consideration to the existence of either specifically-filed or deemed cross-actions between non-debtor defendants and the Debtors. For instance, as is indicated in the papers filed in the initial removal of this matter, Removing Defendant has filed a cross-action against *all* defendants, including the Debtors. The Plaintiffs' motion wholly omits reference to these otherwise valid and enforceable claims which, of course, have been stayed (along with the Plaintiffs' claims) pursuant to the bankruptcy stay. 11 U.S.C. § 362.

---

[2] Removing Defendant denies that it only removed cases in which Waters and Kraus represented the Plaintiffs.

Page 4

7. **The Federal Courts Can Consider *All* Pending Claims in the Removed Case:** Plaintiffs argue the removal by Garlock "placed before this court claims that federal courts cannot consider." *See* Plaintiffs' Motion to Sever, un-numbered paragraph, part IV at p. 3. Nothing could be further from the truth. As indicated above, 28 U.S.C. § 157(b)(5) specifically contemplates that federal courts will consider, indeed hear, the personal injury actions attendant to the Debtors' bankruptcy. Further, case law makes it abundantly clear that federal courts can, and indeed should, "consider" such matters. [*See, i.e.,* Garlock's Response to Plaintiffs' Motion to Remand]

8. For example, it has been held that the automatic stay precludes severance of consolidated personal injury actions against an IUD manufacturers where severance could result in nondebtor manufacturer contending that debtor manufacturer was solely liable. *See Korn v. G.D. Searle & Co.*, 81 B.R. 1 (D.N.H. 1987). Plaintiffs allege and admit that each co-defendant can make this argument and submit such proof at trial -- obviously damaging the debtor's rights to participate in the liquidation of contribution claims which is prohibited by the automatic stay. *See, also In re Pacor, Inc.*, 74 B.R. 20, 23 (E.D.Pa., Mar 17, 1987) (acknowledging the stay but finding the issue "moot").

9. **Severance of Contribution Claims is Improper:** Plaintiffs ask this Court to split the causes of action of the parties in order to suit their desire to avoid the affect of the bankruptcy on the parties' claims. This strategy is designed to concurrently give the plaintiffs two bites at the same apple - violating the one-satisfaction rule - and also deprive the Removing Defendant and those similarly situated from pursuing valid, enforceable claims for contribution. Severance as requested would likewise promote multiplication of litigation and increase the potential for inconsistent results (as between the requested remanded cases and the personal injury actions bound for determination in the bankruptcy proceeding).

10. The rule in Texas has long been that a personal injury plaintiff may not split his cause of action. *See, e.g., Cormier v. Highway Trucking Company*, 312 S.W.2d 406

(Tex. Civ. App. - San Antonio 1958, no writ)(plaintiff could not bring separate actions for personal injury and property damages arising out of same automobile accident). Under Texas law, in suits alleging negligence as a basis for recovery, the defendants' contribution claims must be brought in the primary suit. *See* ***Ryland Group, Inc. v. White***, 723 S.W.2d 160, 162 (Tex. App. - Houston [1st Dist.] 1986, original mandamus proceeding). An order of severance removing claims for contribution between defendants from the primary action violates the defendants' rights to have liability determined in the primary suit. *Id.* at 163. *See also, e.g.,* ***Texas Cities Gas Co. v. Dickens***, 133 S.W.2d 810, 812-13 (Tex. Civ. App. - Waco 1939, no writ)(in personal injury case, trial court impermissibly severed contribution claims, including cross-action for contribution, from primary suit).

11. The Fifth Circuit recognizes that a personal injury action can not be split. In ***Gideon v. Johns-Mansville Sales Corp.***, 761 F.2d 1129 (5th Cir. 1985), the court held that the plaintiff could not split his cause of action arising from exposure to asbestos by recovering for exposure and later bringing a second suit to damages caused by a second pulmonary disease should it occur. Specifically, the court concluded:

> [O]nce injury results there is but a single tort and not a series of separate torts, one for each resultant harm. The cause of action thus created is for all the damage caused by the single legal wrong, and a plaintiff may not split this cause of action by seeking damages for some of his injuries in one suit and for later-developing injuries in another. The cause of action 'inheres in the causative aspects of a breach of a legal duty, the wrongful act itself, and not in the various forms of harm which result therefrom...' [The plaintiff] does not have a discreet cause of action for each harm.

*Id.* at 1136-37. *See also* ***Graffagnino v. Fibreboard Corp***, 776 F.2d 1307, 1308 (5th Cir. 1985).

12. The Supreme Court of Texas, reaching an opposite result as to the issue of recovery for a later-acquired pulmonary disease arising from the same asbestos exposure,

upheld the fundamental principle that a cause of action for injuries caused by exposure to asbestos may not be split in ***Pustejovsky v. Rapid-American Corporation***, 35 S.W.3d 643 (Tex. 2000). In ***Pustejovsky***, the Court found that claims for asbestosis could be separately asserted apart from claims for later-occurring cancer - thus creating two separate causes of action based upon injuries arising from the same operative facts. While finding two separate limitations for separate disease processes, the Court reaffirmed the specific policy purposes of res judicata which support the rule against splitting causes of action, noting that one policy reason behind the rule "is the need to protect defendants from vexatious, piecemeal litigatoin and [to] provide judicial economy." *Id.* at 653. *See also* ***Barr v. Resolution Trust Corp.***, 837 S.W.2d 627, 630-31 (Tex. 1992)(Holding that any claim that arising out of the same operative facts should be litigated in the same lawsuit.).

13. Plaintiffs generally cite to Rule 21, Fed. R. Civ. P., for the proposition that this Court "has the authority" to sever as requested, yet they cite no authority supporting severance under these facts. Although the primary significance of Rule 21 is in the context of joinder of parties, it does have an effect on the joinder of claims and severance. ***Levine v. FDIC***, 136 F.R.D. 544, 550 (D.C.Conn.1991). The final sentence of the rule explicitly provides that "any claim may be severed and proceeded with separately." However, this provision must be read in conjunction with Rule 18, (which provides the parties with great freedom in the joinder of claims), Rules 19(b) and Rule 42(b), Fed. R. Civ. Proc. (which authorize the separate trial of any claim, cross-claim, counterclaim, or third-party claim, as well as any of the issues therein, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy,") and finally, Rule 42(a), which permits actions involving a common question of law or fact to be consolidated for trial.

14. Rules 42(b) as well as 19(b) Fed. R. Civ. Proc. are likewise applicable to Rule 21 considerations, and suggest four "interests" that must be examined in each case to

Page 7

determine whether in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled:

> "First, the plaintiff has an interest in having a forum. Before the trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists.
>
> . . . . .
>
> ***Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another.***
>
> . . . . .
>
> Third, there is an interest of the outsider whom it would have been desirable to join. Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered. This means, however, only that a judgement is not res judicata as to, or legally enforceable against, a nonparty. It obviously does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that (to the contrary) a court may always proceed without considering the potential effect on nonparties simply because they are not "bound" in the technical sense. ***Instead, as Rule 19(a) expresses it, the court must consider the extent to which the judgment may "as a practical matter impair or impede his ability to protect" his interest in the subject matter.***
>
> . . . . .
>
> ***Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.*** We read the Rule's third criterion, whether the judgment issued in the absence of the nonjoined person will be "adequate," to refer to this public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them...."

***123 S. Broad Street Corp. v. Cushman & Wakefield***, 121 F.R.D. 42, 45 (E.D.Pa.1988) (citing ***Provident Bank v. Patterson***, 390 U.S. 102, 106-07, 116-17 n. 12, 88 S.Ct. 733, 736-37, 741-42 n. 12, 19 L.Ed.2d 936 (1968)).

15.     This test is consistent with the determinations required under 28 U.S.C. § 157(b)(5) and requires an evidentiary hearing and consideration. The "Home" District Court is already mandated to determine where this Removed Case is to be tried, and it would effectively pre-empt that authority and responsibility to sever out the Debtor where a separate judgment may have preclusive or res judicata impact on the Debtor, without first allowing the "Home" District Court to review this matter. ). *See, Federal Life Insurance Company v. First Financial Group of Texas, Inc.*, 3 B.R. 375, 376 (S.D.Texas 1980) (motion to sever bankrupt defendant denied when "plaintiff's allegations [of fraud and misrepresentation] against [defendants] are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding").  In this case, the Plaintiffs' attorneys admit that the Plaintiffs' injuries are so "indivisible" as among all manufacturers of asbestos, including all co-defendants and the Debtor, so as to overcome the *Havner* requirement that Plaintiffs must exclude other reasonable alternative damage causation or disease causing exposures.  Plaintiffs claim that they cannot exclude other co-defendants, including the Debtor.

16.     Likewise, there is no practical "alternate forum" as that term references Rule 19 which will permit liquidation of these cross-claims or even the Plaintiffs' claims if a severance occurs. Cross-claim liquidation in multiple forums on the same facts but dividing such accomplishment into multiple forums is not equal to an alternate forum:

> Here, plaintiff does not have an alternate forum in which to pursue its claims against the non-bankrupt defendants. *See Royal Truck & Trailer,* 10 B.R. at 492 ("particularly important here, is that the plaintiff has an interest in having a forum"); *Klaff v. Wieboldt Stores, Inc.*, 1988 WL 142163, 5 (N.D.Ill. Dec. 23, 1988) ("[P]laintiffs should not thus be denied a forum in which to pursue their claims against those defendants who remain unshielded by the bankruptcy laws"). [FN3] *Id.*

17.     Severance of these claims, prior to an initial determination under the mandates of 28 U.S.C. § 157(b)(5) is both premature and improper.  Further, severance at

this juncture would serve only to prejudice the rights of the Removing Defendant as well as the other nondebtor defendants (and concurrently those of the Debtor as against the nondebtor defendants), lead to a multiplicity of litigation, unduly strain the judicial system and create a serious potential for inconsistent results.

## III.
## CONCLUSION

18.   Garlock's removal of this case to this District Court, consistent with the requirements of removal to the District Court in which the removed case was pending, and its immediate Motion to Transfer, is motivated by deliberate and honorable desire to find a solution other than Plaintiffs' road-map to Garlock's own bankruptcy, assuring that pending and future asbestos claimants that may have legitimate claims and legitimate needs will get nothing for their injury, just as Garlock's employees and suppliers will lose the source of income. Garlock seeks only to preserve this case for the purposes of the review by the "Home" District Court pursuant to 28 U.S.C. § 157(b)(5), preserving thereby the "Home" District Court's decision to remand, abstain, sever, or keep for trial, this case. Severance, thereby depriving the Removing Defendant of that right (especially in an emergency fashion where no emergency has been shown), is not justified under any review of the facts of this case.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays that Plaintiffs' Motion to Sever be denied or, alternatively, abated, and that this Court exercise jurisdiction in this case for the purposes of 28 U.S.C. § 157(B)(5) and transfer this pending case to the Home District Court, and that Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Page 10

Respectfully submitted,

*[signature]* (w/permission)

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

*[signature]*

Mitchell C. Chaney
SB# 04107500
Fed. ID # 1918
Eduardo Roberto Rodriguez
SB# 17144000
Fed. ID # 1944
Teri L. Danish
SB# 05375320
Fed. ID # 12862
RODRIGUEZ, COLVIN & CHANEY, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

Page 11

## **CERTIFICATE OF SERVICE**

I, Teri L. Danish, hereby certify that a true and correct copy of foregoing document was served by First Class Mail, on all counsel of record as listed on the attached service list this 9th day of November, 2001:

_____
Teri L. Danish